UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

FEDERAL TRADE COMMISSION,  )
                           )
         Plaintiff,        )
                           )
         v.                )
                           )
DIGITAL INCOME SYSTEM, INC., )
   a Florida corporation,  )
                           )
DEREK JONES FOLEY, aka Derek )
   Jones, individually and as an owner,)
   officer, and/or manager of )
   Digital Income System, Inc., )
                           )
WILLIAM FOLEY, individually and )
   as an owner, officer, and/or )
   manager of Digital Income )
   System, Inc.            )
                           )
CHRISTOPHER BRANDON FRYE,  )
   Individually,           )
                           )
JENNIFER HEDRICK,          )
   Individually, and       )
                           )
KAITLYN SCOTT,             )
   Individually,           )
                           )
         Defendants.       )
                           )

# EXHIBITS – VOLUME III

## STATUTE, RULE, AND SAMPLE TRO ORDERS

## VOLUME III: TABLE OF CONTENTS

**EXHIBIT 36: TEXT OF SECTIONS 5(a), 13(b), AND 19 OF THE FTC ACT (15 U.S.C. §§ 45(a), 53(b), 57b)**

**EXHIBIT 37: TEXT OF THE FTC's BUSINESS OPPORTUNITY RULE (16 C.F.R. Part 437)**

**EXHIBIT 38: SAMPLE TROs**

1.  *FTC v. Simple Health Plans, LLC*, No. 0:18-cv-62593-DPG, Doc. 15 (S.D. Fla. Oct. 31, 2018) (*ex parte* and temporarily sealed TRO with, *inter alia*, immediate access, temporary receiver, and asset freeze).

2.  *FTC v. Pointbreak Media, LLC*, No. 0:18-cbv-61017-CMA, Doc. 12 (May 8, 2018) (same).

3.  *FTC v. Student Debt Doctor, LLC*, No. 17-cv-61937 WPD, Doc. 4 (S.D. Fla. Oct. 2, 2017) (same).

4.  *FTC v. Am. Student Loan Consolidators*, No. 0:17-cv-61862-DPG, Doc. 9 (S.D. Fla. Sept. 26, 2017) (same).

5.  *FTC v. Strategic Student Sols., LLC*, No. 9:17-cv-80619-DIMITROULEAS, Doc. 10 (S.D. Fla. May 15, 2017) (same).

6.  *FTC v. World Patent Mktg., Inc.*, No. 17-cv-208448-GAYLES, Doc. No. 11 (S.D. Fla. Mar. 8, 2017) (same).

7.  *FTC v. Mail Tree, Inc.*, No. 15-cv-61034-COHN, Doc. No. 16 (S.D. Fla. May 19, 2015) (same)

8.  *FTC v. InboundCall Experts*, No. 14-81395-CIV-MARRA, Doc. No. 12 (S.D. Fla. Nov. 14, 2014) (same).

9.  *FTC v. Boost Software, Inc.*, No. 14-81397-CIV-MARRA, Doc. No. 13 (S.D. Fla. Nov. 12, 2014) (same).

10. *FTC v. Centro Natural Corp.*, No. 14-23879-CIV-ALTONAGA, Doc. No. 10 (S.D. Fla. Oct. 20, 2014) (same).

11. *FTC v. Partners in Healthcare Assoc., Inc.*, No. 14-cv-23109-SCOLA, Doc. No. 9 (S.D. Fla. Aug. 25, 2014) (same).

12. *FTC v. FMC Counseling Servs., Inc.*, No. 14-61545-CIV-ZLOCH, Doc. No. 15 (S.D. Fla. Jul. 7, 2014) (same).

PLAINTIFF'S EXHIBIT 36

United States Code Annotated
    Title 15. Commerce and Trade
        Chapter 2. Federal Trade Commission; Promotion of Export Trade and Prevention of Unfair Methods of
        Competition
            Subchapter I. Federal Trade Commission (Refs & Annos)

15 U.S.C.A. § 45

## § 45. Unfair methods of competition unlawful; prevention by Commission

Effective: December 22, 2006
Currentness

**(a) Declaration of unlawfulness; power to prohibit unfair practices; inapplicability to foreign trade**

**(1)** Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful.

**(2)** The Commission is hereby empowered and directed to prevent persons, partnerships, or corporations, except banks, savings and loan institutions described in section 57a(f)(3) of this title, Federal credit unions described in section 57a(f)(4) of this title, common carriers subject to the Acts to regulate commerce, air carriers and foreign air carriers subject to part A of subtitle VII of Title 49, and persons, partnerships, or corporations insofar as they are subject to the Packers and Stockyards Act, 1921, as amended, except as provided in section 406(b) of said Act, from using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce.

**(3)** This subsection shall not apply to unfair methods of competition involving commerce with foreign nations (other than import commerce) unless--

    **(A)** such methods of competition have a direct, substantial, and reasonably foreseeable effect--

        **(i)** on commerce which is not commerce with foreign nations, or on import commerce with foreign nations; or

        **(ii)** on export commerce with foreign nations, of a person engaged in such commerce in the United States; and

    **(B)** such effect gives rise to a claim under the provisions of this subsection, other than this paragraph.

If this subsection applies to such methods of competition only because of the operation of subparagraph (A)(ii), this subsection shall apply to such conduct only for injury to export business in the United States.

**(4)(A)** For purposes of subsection (a), the term "unfair or deceptive acts or practices" includes such acts or practices involving foreign commerce that--

United States Code Annotated
  Title 15. Commerce and Trade
    Chapter 2. Federal Trade Commission; Promotion of Export Trade and Prevention of Unfair Methods of
    Competition
      Subchapter I. Federal Trade Commission (Refs & Annos)

15 U.S.C.A. § 53

## § 53. False advertisements; injunctions and restraining orders

Currentness

**(a) Power of Commission; jurisdiction of courts**

Whenever the Commission has reason to believe--

**(1)** that any person, partnership, or corporation is engaged in, or is about to engage in, the dissemination or the causing of the dissemination of any advertisement in violation of section 52 of this title, and

**(2)** that the enjoining thereof pending the issuance of a complaint by the Commission under section 45 of this title, and until such complaint is dismissed by the Commission or set aside by the court on review, or the order of the Commission to cease and desist made thereon has become final within the meaning of section 45 of this title, would be to the interest of the public,

the Commission by any of its attorneys designated by it for such purpose may bring suit in a district court of the United States or in the United States court of any Territory, to enjoin the dissemination or the causing of the dissemination of such advertisement. Upon proper showing a temporary injunction or restraining order shall be granted without bond. Any suit may be brought where such person, partnership, or corporation resides or transacts business, or wherever venue is proper under section 1391 of Title 28. In addition, the court may, if the court determines that the interests of justice require that any other person, partnership, or corporation should be a party in such suit, cause such other person, partnership, or corporation to be added as a party without regard to whether venue is otherwise proper in the district in which the suit is brought. In any suit under this section, process may be served on any person, partnership, or corporation wherever it may be found.

**(b) Temporary restraining orders; preliminary injunctions**

Whenever the Commission has reason to believe--

**(1)** that any person, partnership, or corporation is violating, or is about to violate, any provision of law enforced by the Federal Trade Commission, and

**(2)** that the enjoining thereof pending the issuance of a complaint by the Commission and until such complaint is dismissed by the Commission or set aside by the court on review, or until the order of the Commission made thereon has become final, would be in the interest of the public--

the Commission by any of its attorneys designated by it for such purpose may bring suit in a district court of the United States to enjoin any such act or practice. Upon a proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success, such action would be in the public interest, and after notice to the defendant, a temporary restraining order or a preliminary injunction may be granted without bond: *Provided, however*, That if a complaint is not filed within such period (not exceeding 20 days) as may be specified by the court after issuance of the temporary restraining order or preliminary injunction, the order or injunction shall be dissolved by the court and be of no further force and effect: *Provided further*, That in proper cases the Commission may seek, and after proper proof, the court may issue, a permanent injunction. Any suit may be brought where such person, partnership, or corporation resides or transacts business, or wherever venue is proper under section 1391 of Title 28. In addition, the court may, if the court determines that the interests of justice require that any other person, partnership, or corporation should be a party in such suit, cause such other person, partnership, or corporation to be added as a party without regard to whether venue is otherwise proper in the district in which the suit is brought. In any suit under this section, process may be served on any person, partnership, or corporation wherever it may be found.

**(c) Service of process; proof of service**

Any process of the Commission under this section may be served by any person duly authorized by the Commission--

(1) by delivering a copy of such process to the person to be served, to a member of the partnership to be served, or to the president, secretary, or other executive officer or a director of the corporation to be served;

(2) by leaving a copy of such process at the residence or the principal office or place of business of such person, partnership, or corporation; or

(3) by mailing a copy of such process by registered mail or certified mail addressed to such person, partnership, or corporation at his, or her, or its residence, principal office, or principal place or business.

The verified return by the person serving such process setting forth the manner of such service shall be proof of the same.

**(d) Exception of periodical publications**

Whenever it appears to the satisfaction of the court in the case of a newspaper, magazine, periodical, or other publication, published at regular intervals--

(1) that restraining the dissemination of a false advertisement in any particular issue of such publication would delay the delivery of such issue after the regular time therefor, and

(2) that such delay would be due to the method by which the manufacture and distribution of such publication is customarily conducted by the publisher in accordance with sound business practice, and not to any method or device adopted for the evasion of this section or to prevent or delay the issuance of an injunction or restraining order with respect to such false advertisement or any other advertisement,

the court shall exclude such issue from the operation of the restraining order or injunction.

§ 53. False advertisements; injunctions and restraining orders, 15 USCA § 53

## CREDIT(S)

(Sept. 26, 1914, c. 311, § 13, as added Mar. 21, 1938, c. 49, § 4, 52 Stat. 114; amended Pub.L. 93-153, Title IV, § 408(f), Nov. 16, 1973, 87 Stat. 592; Pub.L. 103-312, § 10, Aug. 26, 1994, 108 Stat. 1695.)

15 U.S.C.A. § 53, 15 USCA § 53
Current through P.L. 116-188. Some statute sections may be more current, see credits for details.

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
  Title 15. Commerce and Trade
    Chapter 2. Federal Trade Commission; Promotion of Export Trade and Prevention of Unfair Methods of
    Competition
      Subchapter I. Federal Trade Commission (Refs & Annos)

15 U.S.C.A. § 57b

# § 57b. Civil actions for violations of rules and cease and desist orders respecting unfair or deceptive acts or practices

Currentness

**(a) Suits by Commission against persons, partnerships, or corporations; jurisdiction; relief for dishonest or fraudulent acts**

**(1)** If any person, partnership, or corporation violates any rule under this subchapter respecting unfair or deceptive acts or practices (other than an interpretive rule, or a rule violation of which the Commission has provided is not an unfair or deceptive act or practice in violation of section 45(a) of this title), then the Commission may commence a civil action against such person, partnership, or corporation for relief under subsection (b) in a United States district court or in any court of competent jurisdiction of a State.

**(2)** If any person, partnership, or corporation engages in any unfair or deceptive act or practice (within the meaning of section 45(a)(1) of this title) with respect to which the Commission has issued a final cease and desist order which is applicable to such person, partnership, or corporation, then the Commission may commence a civil action against such person, partnership, or corporation in a United States district court or in any court of competent jurisdiction of a State. If the Commission satisfies the court that the act or practice to which the cease and desist order relates is one which a reasonable man would have known under the circumstances was dishonest or fraudulent, the court may grant relief under subsection (b).

**(b) Nature of relief available**

The court in an action under subsection (a) shall have jurisdiction to grant such relief as the court finds necessary to redress injury to consumers or other persons, partnerships, and corporations resulting from the rule violation or the unfair or deceptive act or practice, as the case may be. Such relief may include, but shall not be limited to, rescission or reformation of contracts, the refund of money or return of property, the payment of damages, and public notification respecting the rule violation or the unfair or deceptive act or practice, as the case may be; except that nothing in this subsection is intended to authorize the imposition of any exemplary or punitive damages.

**(c) Conclusiveness of findings of Commission in cease and desist proceedings; notice of judicial proceedings to injured persons, etc.**

**(1)** If (A) a cease and desist order issued under section 45(b) of this title has become final under section 45(g) of this title with respect to any person's, partnership's, or corporation's rule violation or unfair or deceptive act or practice, and (B) an action

under this section is brought with respect to such person's, partnership's, or corporation's rule violation or act or practice, then the findings of the Commission as to the material facts in the proceeding under section 45(b) of this title with respect to such person's, partnership's, or corporation's rule violation or act or practice, shall be conclusive unless (i) the terms of such cease and desist order expressly provide that the Commission's findings shall not be conclusive, or (ii) the order became final by reason of section 45(g)(1) of this title, in which case such finding shall be conclusive if supported by evidence.

**(2)** The court shall cause notice of an action under this section to be given in a manner which is reasonably calculated, under all of the circumstances, to apprise the persons, partnerships, and corporations allegedly injured by the defendant's rule violation or act or practice of the pendency of such action. Such notice may, in the discretion of the court, be given by publication.

**(d) Time for bringing of actions**

No action may be brought by the Commission under this section more than 3 years after the rule violation to which an action under subsection (a)(1) relates, or the unfair or deceptive act or practice to which an action under subsection (a)(2) relates; except that if a cease and desist order with respect to any person's, partnership's, or corporation's rule violation or unfair or deceptive act or practice has become final and such order was issued in a proceeding under section 45(b) of this title which was commenced not later than 3 years after the rule violation or act or practice occurred, a civil action may be commenced under this section against such person, partnership, or corporation at any time before the expiration of one year after such order becomes final.

**(e) Availability of additional Federal or State remedies; other authority of Commission unaffected**

Remedies provided in this section are in addition to, and not in lieu of, any other remedy or right of action provided by State or Federal law. Nothing in this section shall be construed to affect any authority of the Commission under any other provision of law.

## CREDIT(S)

(Sept. 26, 1914, c. 311, § 19, as added Pub.L. 93-637, Title II, § 206(a), Jan. 4, 1975, 88 Stat. 2201.)

15 U.S.C.A. § 57b, 15 USCA § 57b
Current through P.L. 116-188. Some statute sections may be more current, see credits for details.

---

 © 2020 Thomson Reuters. No claim to original U.S. Government Works.

PLAINTIFF'S EXHIBIT 37

Code of Federal Regulations
  Title 16. Commercial Practices
    Chapter I. Federal Trade Commission
      Subchapter D. Trade Regulation Rules
        Part 437. Business Opportunity Rule (Refs & Annos)

16 C.F.R. § 437.1

## § 437.1 Definitions.

Effective: March 1, 2012
Currentness

The following definitions shall apply throughout this part:

(a) Action means a criminal information, indictment, or proceeding; a civil complaint, cross claim, counterclaim, or third party complaint in a judicial action or proceeding; arbitration; or any governmental administrative proceeding, including, but not limited to, an action to obtain or issue a cease and desist order, an assurance of voluntary compliance, and an assurance of discontinuance.

(b) Affiliate means an entity controlled by, controlling, or under common control with a business opportunity seller.

(c) Business opportunity means a commercial arrangement in which:

  (1) A seller solicits a prospective purchaser to enter into a new business; and

  (2) The prospective purchaser makes a required payment; and

  (3) The seller, expressly or by implication, orally or in writing, represents that the seller or one or more designated persons will:

  (i) Provide locations for the use or operation of equipment, displays, vending machines, or similar devices, owned, leased, controlled, or paid for by the purchaser; or

  (ii) Provide outlets, accounts, or customers, including, but not limited to, Internet outlets, accounts, or customers, for the purchaser's goods or services; or

  (iii) Buy back any or all of the goods or services that the purchaser makes, produces, fabricates, grows, breeds, modifies, or provides, including but not limited to providing payment for such services as, for example, stuffing envelopes from the purchaser's home.

(d) Designated person means any person, other than the seller, whose goods or services the seller suggests, recommends, or requires that the purchaser use in establishing or operating a new business.

(e) Disclose or state means to give information in writing that is clear and conspicuous, accurate, concise, and legible.

(f) Earnings claim means any oral, written, or visual representation to a prospective purchaser that conveys, expressly or by implication, a specific level or range of actual or potential sales, or gross or net income or profits. Earnings claims include, but are not limited to:

  (1) Any chart, table, or mathematical calculation that demonstrates possible results based upon a combination of variables; and

  (2) Any statements from which a prospective purchaser can reasonably infer that he or she will earn a minimum level of income (e.g., "earn enough to buy a Porsche," "earn a six-figure income," or "earn your investment back within one year").

(g) Exclusive territory means a specified geographic or other actual or implied marketing area in which the seller promises not to locate additional purchasers or offer the same or similar goods or services as the purchaser through alternative channels of distribution.

(h) General media means any instrumentality through which a person may communicate with the public, including, but not limited to, television, radio, print, Internet, billboard, Web site, commercial bulk email, and mobile communications.

(i) Material means likely to affect a person's choice of, or conduct regarding, goods or services.

(j) New business means a business in which the prospective purchaser is not currently engaged, or a new line or type of business.

(k) Person means an individual, group, association, limited or general partnership, corporation, or any other business entity.

(l) Prior business means:

  (1) A business from which the seller acquired, directly or indirectly, the major portion of the business' assets; or

  (2) Any business previously owned or operated by the seller, in whole or in part.

(m) Providing locations, outlets, accounts, or customers means furnishing the prospective purchaser with existing or potential locations, outlets, accounts, or customers; requiring, recommending, or suggesting one or more locators or lead generating companies; providing a list of locator or lead generating companies; collecting a fee on behalf of one or more locators or lead generating companies; offering to furnish a list of locations; or otherwise assisting the prospective purchaser in obtaining his

or her own locations, outlets, accounts, or customers, provided, however, that advertising and general advice about business development and training shall not be considered as "providing locations, outlets, accounts, or customers."

(n) Purchaser means a person who buys a business opportunity.

(o) Quarterly means as of January 1, April 1, July 1, and October 1.

(p) Required payment means all consideration that the purchaser must pay to the seller or an affiliate, either by contract or by practical necessity, as a condition of obtaining or commencing operation of the business opportunity. Such payment may be made directly or indirectly through a third party. A required payment does not include payments for the purchase of reasonable amounts of inventory at bona fide wholesale prices for resale or lease.

(q) Seller means a person who offers for sale or sells a business opportunity.

(r) Signature or signed means a person's affirmative steps to authenticate his or her identity.

It includes a person's handwritten signature, as well as an electronic or digital form of signature to the extent that such signature is recognized as a valid signature under applicable federal law or state contract law.

(s) Written or in writing means any document or information in printed form or in any form capable of being downloaded, printed, or otherwise preserved in tangible form and read. It includes: type-set, word processed, or handwritten documents; information on computer disk or CD–ROM; information sent via email; or information posted on the Internet. It does not include mere oral statements.

SOURCE: 76 FR 76860, Dec. 8, 2011, unless otherwise noted.

AUTHORITY: 15 U.S.C. 41–58.

Current through November 5, 2020; 85 FR 70948.

---

**End of Document**
© 2020 Thomson Reuters. No claim to original U.S. Government Works.

Code of Federal Regulations
    Title 16. Commercial Practices
        Chapter I. Federal Trade Commission
            Subchapter D. Trade Regulation Rules
                Part 437. Business Opportunity Rule (Refs & Annos)

16 C.F.R. § 437.2

## § 437.2 The obligation to furnish written documents.

Effective: March 1, 2012
Currentness

In connection with the offer for sale, sale, or promotion of a business opportunity, it is a violation of this Rule and an unfair or deceptive act or practice in violation of Section 5 of the Federal Trade Commission Act ("FTC Act") for any seller to fail to furnish a prospective purchaser with the material information required by §§ 437.3(a) and 437.4(a) of this part in writing at least seven calendar days before the earlier of the time that the prospective purchaser:

(a) Signs any contract in connection with the business opportunity sale; or

(b) Makes a payment or provides other consideration to the seller, directly or indirectly through a third party.

SOURCE: 76 FR 76860, Dec. 8, 2011, unless otherwise noted.

AUTHORITY: 15 U.S.C. 41–58.

Current through November 5, 2020; 85 FR 70948.

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.

 © 2020 Thomson Reuters. No claim to original U.S. Government Works.

Case 1:20-cv-24721-UU   Document 1-5   Entered on FLSD Docket 11/17/2020   Page 15 of 446

Code of Federal Regulations
 Title 16. Commercial Practices
  Chapter I. Federal Trade Commission
   Subchapter D. Trade Regulation Rules
    Part 437. Business Opportunity Rule (Refs & Annos)

16 C.F.R. § 437.3

## § 437.3 The disclosure document.

Effective: March 1, 2012
Currentness

In connection with the offer for sale, sale, or promotion of a business opportunity, it is a violation of this Rule and an unfair or deceptive act or practice in violation of Section 5 of the FTC Act, for any seller to:

(a) Fail to disclose to a prospective purchaser the following material information in a single written document in the form and using the language set forth in appendix A to this part; or if the offer for sale, sale, or promotion of a business opportunity is conducted in Spanish, in the form and using the language set forth in appendix B to this part; or if the offer for sale, sale, or promotion of a business opportunity is conducted in a language other than English or Spanish, using the form and an accurate translation of the language set forth in appendix A to this part:

(1) Identifying information. State the name, business address, and telephone number of the seller, the name of the salesperson offering the opportunity, and the date when the disclosure document is furnished to the prospective purchaser.

(2) Earnings claims. If the seller makes an earnings claim, check the "yes" box and attach the earnings statement required by § 437.4. If not, check the "no" box.

(3) Legal actions.

(i) If any of the following persons has been the subject of any civil or criminal action for misrepresentation, fraud, securities law violations, or unfair or deceptive practices, including violations of any FTC Rule, within the 10 years immediately preceding the date that the business opportunity is offered, check the "yes" box:

(A) The seller;

(B) Any affiliate or prior business of the seller; or

(C) Any of the seller's officers, directors, sales managers, or any individual who occupies a position or performs a function similar to an officer, director, or sales manager of the seller.

(ii) If the "yes" box is checked, disclose all such actions in an attachment to the disclosure document. State the full caption of each action (names of the principal parties, case number, full name of court, and filing date). For each action, the seller may also provide a brief accurate statement not to exceed 100 words that describes the action.

(iii) If there are no actions to disclose, check the "no" box.

(4) Cancellation or refund policy. If the seller offers a refund or the right to cancel the purchase, check the "yes" box. If so, state all material terms and conditions of the refund or cancellation policy in an attachment to the disclosure document. If no refund or cancellation is offered, check the "no" box.

(5) References.

(i) State the name, state, and telephone number of all purchasers who purchased the business opportunity within the last three years. If more than 10 purchasers purchased the business opportunity within the last three years, the seller may limit the disclosure by stating the name, state, and telephone number of at least the 10 purchasers within the past three years who are located nearest to the prospective purchaser's location. Alternatively, a seller may furnish a prospective buyer with a list disclosing all purchasers nationwide within the last three years. If choosing this option, insert the words "See Attached List" without removing the list headings or the numbers 1 through 10, and attach a list of the references to the disclosure document.

(ii) Clearly and conspicuously, and in immediate conjunction with the list of references, state the following: "If you buy a business opportunity from the seller, your contact information can be disclosed in the future to other buyers."

(6) Receipt. Attach a duplicate copy of the disclosure document to be signed and dated by the purchaser. The seller may inform the prospective purchaser how to return the signed receipt (for example, by sending to a street address, email address, or facsimile telephone number).

(b) Fail to update the disclosures required by paragraph (a) of this section at least quarterly to reflect any changes in the required information, including, but not limited to, any changes in the seller's refund or cancellation policy, or the list of references; provided, however, that until a seller has 10 purchasers, the list of references must be updated monthly.

SOURCE: 76 FR 76860, Dec. 8, 2011, unless otherwise noted.

AUTHORITY: 15 U.S.C. 41–58.

Current through November 5, 2020; 85 FR 70948.

---

**End of Document**                                          © 2020 Thomson Reuters. No claim to original U.S. Government Works.

Code of Federal Regulations
 Title 16. Commercial Practices
  Chapter I. Federal Trade Commission
   Subchapter D. Trade Regulation Rules
    Part 437. Business Opportunity Rule (Refs & Annos)

16 C.F.R. § 437.4

## § 437.4 Earnings claims.

Effective: March 1, 2012
Currentness

In connection with the offer for sale, sale, or promotion of a business opportunity, it is a violation of this Rule and an unfair or deceptive act or practice in violation of Section 5 of the FTC Act, for the seller to:

(a) Make any earnings claim to a prospective purchaser, unless the seller:

(1) Has a reasonable basis for its claim at the time the claim is made;

(2) Has in its possession written materials that substantiate its claim at the time the claim is made;

(3) Makes the written substantiation available upon request to the prospective purchaser and to the Commission; and

(4) Furnishes to the prospective purchaser an earnings claim statement. The earnings claim statement shall be a single written document and shall state the following information:

(i) The title "EARNINGS CLAIM STATEMENT REQUIRED BY LAW" in capital, bold type letters;

(ii) The name of the person making the earnings claim and the date of the earnings claim;

(iii) The earnings claim;

(iv) The beginning and ending dates when the represented earnings were achieved;

(v) The number and percentage of all persons who purchased the business opportunity prior to the ending date in paragraph (a)(4)(iv) of this section who achieved at least the stated level of earnings;

(vi) Any characteristics of the purchasers who achieved at least the represented level of earnings, such as their location, that may differ materially from the characteristics of the prospective purchasers being offered the business opportunity; and

(vii) A statement that written substantiation for the earnings claim will be made available to the prospective purchaser upon request.

(b) Make any earnings claim in the general media, unless the seller:

(1) Has a reasonable basis for its claim at the time the claim is made;

(2) Has in its possession written material that substantiates its claim at the time the claim is made;

(3) States in immediate conjunction with the claim:

(i) The beginning and ending dates when the represented earnings were achieved; and

(ii) The number and percentage of all persons who purchased the business opportunity prior to the ending date in paragraph (b)(3)(i) of this section who achieved at least the stated level of earnings.

(c) Disseminate industry financial, earnings, or performance information unless the seller has written substantiation demonstrating that the information reflects, or does not exceed, the typical or ordinary financial, earnings, or performance experience of purchasers of the business opportunity being offered for sale.

(d) Fail to notify any prospective purchaser in writing of any material changes affecting the relevance or reliability of the information contained in an earnings claim statement before the prospective purchaser signs any contract or makes a payment or provides other consideration to the seller, directly or indirectly, through a third party.

SOURCE: 76 FR 76860, Dec. 8, 2011, unless otherwise noted.

AUTHORITY: 15 U.S.C. 41–58.

Current through November 5, 2020; 85 FR 70948.

---

**End of Document**                                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.

Code of Federal Regulations
  Title 16. Commercial Practices
    Chapter I. Federal Trade Commission
      Subchapter D. Trade Regulation Rules
        Part 437. Business Opportunity Rule (Refs & Annos)

16 C.F.R. § 437.5

## § 437.5 Sales conducted in Spanish or other languages besides English.

Effective: March 1, 2012
Currentness

(a) If the seller conducts the offer for sale, sale, or promotion of a business opportunity in Spanish, the seller must provide the disclosure document required by § 437.3(a) in the form and language set forth in appendix B to this part, and the disclosures required by §§ 437.3(a) and 437.4 must be made in Spanish.

(b) If the seller conducts the offer for sale, sale, or promotion of a business opportunity in a language other than English or Spanish, the seller must provide the disclosure document required by § 437.3(a) using the form and an accurate translation of the language set forth in appendix A to this part, and the disclosures required by §§ 437.3(a) and 437.4 must be made in that language.

SOURCE: 76 FR 76860, Dec. 8, 2011, unless otherwise noted.

AUTHORITY: 15 U.S.C. 41–58.

Current through November 5, 2020; 85 FR 70948.

---

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.

Code of Federal Regulations
  Title 16. Commercial Practices
    Chapter I. Federal Trade Commission
      Subchapter D. Trade Regulation Rules
        Part 437. Business Opportunity Rule (Refs & Annos)

16 C.F.R. § 437.6

## § 437.6 Other prohibited practices.

Effective: March 1, 2012
Currentness

In connection with the offer for sale, sale, or promotion of a business opportunity, it is a violation of this part and an unfair or deceptive act or practice in violation of Section 5 of the FTC Act for any seller, directly or indirectly through a third party, to:

(a) Disclaim, or require a prospective purchaser to waive reliance on, any statement made in any document or attachment that is required or permitted to be disclosed under this Rule;

(b) Make any claim or representation, orally, visually, or in writing, that is inconsistent with or contradicts the information required to be disclosed by §§ 437.3 (basic disclosure document) and 437.4 (earnings claims document) of this Rule;

(c) Include in any disclosure document or earnings claim statement any materials or information other than what is explicitly required or permitted by this Rule. For the sole purpose of enhancing the prospective purchaser's ability to maneuver through an electronic version of a disclosure document or earnings statement, the seller may include scroll bars and internal links. All other features (e.g., multimedia tools such as audio, video, animation, or pop-up screens) are prohibited;

(d) Misrepresent the amount of sales, or gross or net income or profits a prospective purchaser may earn or that prior purchasers have earned;

(e) Misrepresent that any governmental entity, law, or regulation prohibits a seller from:

    (1) Furnishing earnings information to a prospective purchaser; or

    (2) Disclosing to prospective purchasers the identity of other purchasers of the business opportunity;

(f) Fail to make available to prospective purchasers, and to the Commission upon request, written substantiation for the seller's earnings claims;

(g) Misrepresent how or when commissions, bonuses, incentives, premiums, or other payments from the seller to the purchaser will be calculated or distributed;

(h) Misrepresent the cost, or the performance, efficacy, nature, or central characteristics of the business opportunity or the goods or services offered to a prospective purchaser;

(i) Misrepresent any material aspect of any assistance offered to a prospective purchaser;

(j) Misrepresent the likelihood that a seller, locator, or lead generator will find locations, outlets, accounts, or customers for the purchaser;

(k) Misrepresent any term or condition of the seller's refund or cancellation policies;

(l) Fail to provide a refund or cancellation when the purchaser has satisfied the terms and conditions disclosed pursuant to § 437.3(a)(4);

(m) Misrepresent a business opportunity as an employment opportunity;

(n) Misrepresent the terms of any territorial exclusivity or territorial protection offered to a prospective purchaser;

(o) Assign to any purchaser a purported exclusive territory that, in fact, encompasses the same or overlapping areas already assigned to another purchaser;

(p) Misrepresent that any person, trademark or service mark holder, or governmental entity, directly or indirectly benefits from, sponsors, participates in, endorses, approves, authorizes, or is otherwise associated with the sale of the business opportunity or the goods or services sold through the business opportunity;

(q) Misrepresent that any person:

(1) Has purchased a business opportunity from the seller or has operated a business opportunity of the type offered by the seller; or

(2) Can provide an independent or reliable report about the business opportunity or the experiences of any current or former purchaser.

(r) Fail to disclose, with respect to any person identified as a purchaser or operator of a business opportunity offered by the seller:

(1) Any consideration promised or paid to such person. Consideration includes, but is not limited to, any payment, forgiveness of debt, or provision of equipment, services, or discounts to the person or to a third party on the person's behalf; or

(2) Any personal relationship or any past or present business relationship other than as the purchaser or operator of the business opportunity being offered by the seller.

SOURCE: 76 FR 76860, Dec. 8, 2011, unless otherwise noted.

AUTHORITY: 15 U.S.C. 41–58.

Current through November 5, 2020; 85 FR 70948.

---

**End of Document**                                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.

Code of Federal Regulations
  Title 16. Commercial Practices
    Chapter I. Federal Trade Commission
      Subchapter D. Trade Regulation Rules
        Part 437. Business Opportunity Rule (Refs & Annos)

16 C.F.R. § 437.7

## § 437.7 Record retention.

Effective: March 1, 2012
Currentness

To prevent the unfair and deceptive acts or practices specified in this Rule, business opportunity sellers and their principals must prepare, retain, and make available for inspection by Commission officials copies of the following documents for a period of three years:

(a) Each materially different version of all documents required by this Rule;

(b) Each purchaser's disclosure receipt;

(c) Each executed written contract with a purchaser; and

(d) All substantiation upon which the seller relies for each earnings claim from the time each such claim is made.

SOURCE: 76 FR 76860, Dec. 8, 2011, unless otherwise noted.

AUTHORITY: 15 U.S.C. 41–58.

Current through November 5, 2020; 85 FR 70948.

---

**End of Document**                                        © 2020 Thomson Reuters. No claim to original U.S. Government Works.

Code of Federal Regulations
  Title 16. Commercial Practices
    Chapter I. Federal Trade Commission
      Subchapter D. Trade Regulation Rules
        Part 437. Business Opportunity Rule (Refs & Annos)

16 C.F.R. § 437.8

## § 437.8 Franchise exemption.

Effective: March 1, 2012
Currentness

The provisions of this Rule shall not apply to any business opportunity that constitutes a "franchise," as defined in the Franchise Rule, 16 CFR part 436; provided, however, that the provisions of this Rule shall apply to any such franchise if it is exempted from the provisions of part 436 because, either:

(a) Under § 436.8(a)(1), the total of the required payments or commitments to make a required payment, to the franchisor or an affiliate that are made any time from before to within six months after commencing operation of the franchisee's business is less than $500, or

(b) Under § 436.8(a)(7), there is no written document describing any material term or aspect of the relationship or arrangement.

SOURCE: 76 FR 76860, Dec. 8, 2011, unless otherwise noted.

AUTHORITY: 15 U.S.C. 41–58.

Current through November 5, 2020; 85 FR 70948.

---

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.

Code of Federal Regulations
   Title 16. Commercial Practices
      Chapter I. Federal Trade Commission
         Subchapter D. Trade Regulation Rules
            Part 437. Business Opportunity Rule (Refs & Annos)

16 C.F.R. § 437.9

## § 437.9 Outstanding orders; preemption.

Effective: March 1, 2012
Currentness

(a) A business opportunity required by prior FTC or court order to follow the Franchise Rule, 16 CFR part 436, may petition the Commission to amend the order or to stipulate to an amendment of the court order so that the business opportunity may follow the provisions of this part.

(b) The FTC does not intend to preempt the business opportunity sales practices laws of any state or local government, except to the extent of any conflict with this part. A law is not in conflict with this Rule if it affords prospective purchasers equal or greater protection, such as registration of disclosure documents or more extensive disclosures. All such disclosures, however, must be made in a separate state disclosure document.

SOURCE: 76 FR 76860, Dec. 8, 2011, unless otherwise noted.

AUTHORITY: 15 U.S.C. 41–58.

Current through November 5, 2020; 85 FR 70948.

---

**End of Document**
© 2020 Thomson Reuters. No claim to original U.S. Government Works.

Code of Federal Regulations
  Title 16. Commercial Practices
    Chapter I. Federal Trade Commission
      Subchapter D. Trade Regulation Rules
        Part 437. Business Opportunity Rule (Refs & Annos)

16 C.F.R. § 437.10

§ 437.10 Severability.

Effective: March 1, 2012
Currentness

The provisions of this part are separate and severable from one another. If any provision is stayed or determined to be invalid, the remaining provisions shall continue in effect.

SOURCE: 76 FR 76860, Dec. 8, 2011, unless otherwise noted.

AUTHORITY: 15 U.S.C. 41–58.

Current through November 5, 2020; 85 FR 70948.

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.

Code of Federal Regulations
  Title 16. Commercial Practices
    Chapter I. Federal Trade Commission
      Subchapter D. Trade Regulation Rules
        Part 437. Business Opportunity Rule (Refs & Annos)

16 C.F.R. Pt. 437, App. A

## APPENDIX A TO PART 437 DISCLOSURE OF IMPORTANT INFORMATION ABOUT BUSINESS OPPORTUNITY

Effective: March 1, 2012
Currentness

**APPENDIX A to PART 437**

**DISCLOSURE OF IMPORTANT INFORMATION ABOUT BUSINESS OPPORTUNITY**
Required by the Federal Trade Commission, Rule 16 C.F.R. Part 437

Name of Seller:                     Address:

Phone:                   Salesperson:                   Date:

[Name of Seller] has completed this form, which provides important information about the business opportunity it is offering you. The Federal Trade Commission, an agency of the federal government, requires that [Name of Seller] complete this form and give it to you. However, the Federal Trade Commission has not seen this completed form or checked that the information is true. **Make sure that this information is the same as what the salesperson told you about this opportunity.**

**LEGAL ACTIONS:** Has [Name of Seller] or any of its key personnel been the subject of a civil or criminal action involving misrepresentation, fraud, securities law violation, or unfair or deceptive practices, including violations of any FTC Rule, within the past 10 years?

☐ YES → *If the answer is yes, [Name of Seller] must attach a list of all such legal actions to this form.*
☐ NO

**CANCELLATION OR REFUND POLICY:** Does [Name of Seller] offer a cancellation or refund policy?

☐ YES → *If the answer is yes, [Name of Seller] must attach a statement describing this policy to this form.*
☐ NO

**EARNINGS:** Has [Name of Seller] or its salesperson discussed how much money purchasers of this business opportunity can earn or have earned? In other words, have they stated or implied that purchasers can earn a specific level of sales, income, or profit?

☐ YES → *If the answer is yes, [Name of Seller] must attach an Earnings Claims Statement to this form.
Read this statement carefully. You may wish to show this information to an advisor or accountant.*
☐ NO

**REFERENCES:** In the section below, [Name of Seller] must provide you with contact information for at least 10 people who have purchased a business opportunity from them. If fewer than 10 are listed, this is the total list of all purchasers. **You may wish to contact the people below to compare their experiences with what [Name of Seller] told you about the business opportunity.**

Note: If you purchase a business opportunity from [Name of Seller], your contact information can be disclosed in the future to other potential buyers.

| Name | State | Telephone Number | Name | State | Telephone Number |
|---|---|---|---|---|---|
| 1. | | | 6. | | |
| 2. | | | 7. | | |
| 3. | | | 8. | | |
| 4. | | | 9. | | |
| 5. | | | 10. | | |

Signature: _____          Date: _____

By signing above, you are acknowledging that you have received this form. This is not a purchase contract. To give you enough time to research this opportunity, the Federal Trade Commission requires that after you receive this form, [Name of Seller] must wait at least seven calendar days before asking you to sign a purchase contract or make any payments.

**For more information about business opportunities in general:** Visit the FTC's website at www.ftc.gov/bizopps or call 1-877-FTC-HELP (877-382-4357). You can also contact your state's Attorney General.

SOURCE: 76 FR 76860, Dec. 8, 2011, unless otherwise noted.

AUTHORITY: 15 U.S.C. 41–58.

Current through November 5, 2020; 85 FR 70948.

---

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.

Code of Federal Regulations
  Title 16. Commercial Practices
    Chapter I. Federal Trade Commission
      Subchapter D. Trade Regulation Rules
        Part 437. Business Opportunity Rule (Refs & Annos)

16 C.F.R. Pt. 437, App. B

## APPENDIX B TO PART 437 DISCLOSURE OF IMPORTANT INFORMATION ABOUT BUSINESS OPPORTUNITY (SPANISH–LANGUAGE VERSION)

Effective: March 1, 2012

Currentness

---

**APPENDIX B to PART 437**

**DIVULGACIÓN DE INFORMACIÓN IMPORTANTE SOBRE OPORTUNIDAD DE NEGOCIO**
Formulario requerido por la Comisión Federal de Comercio (FTC)
Regla 16 de la Parte 437 del Código de Regulaciones Federales

Nombre del Vendedor:                          Domicilio:
Teléfono:              Representante de Ventas:                Fecha:

[Nombre del Vendedor] completó el presente formulario y en el mismo le suministra información importante sobre la oportunidad de negocio que le está ofreciendo. La Comisión Federal de Comercio (*Federal Trade Commission*, FTC), una agencia del gobierno federal, le requiere a la compañía [Nombre del Vendedor] que complete el presente formulario y que se lo entregue a usted. Pero la FTC no ha visto este formulario completado por la compañía ni ha verificado que la información indicada sea veraz. Asegúrese de que la información contenida en el presente formulario coincida con lo que le dijo el representante de ventas respecto de esta oportunidad.

**ACCIONES LEGALES:** ¿La compañía [Nombre del Vendedor] o alguno de los principales miembros de su personal ha sido sujeto de una acción civil o penal, que involucre falsedad, fraude, infracción de las leyes de títulos y valores, o prácticas desleales o engañosas, incluyendo infracciones de las Reglas o Normas de la FTC, dentro de los 10 últimos años?

☐ SI → *Si la respuesta es afirmativa, [Nombre del Vendedor] debe adjuntar al formulario una lista completa de dichas acciones legales.*
☐ NO

**POLÍTICA DE CANCELACIÓN O REINTEGRO:** ¿Ofrece [Nombre del Vendedor] una política de cancelación o reintegro?

☐ SI → *Si la respuesta es afirmativa, [Nombre del Vendedor] debe adjuntar al formulario una declaración con la descripción de dicha política.*
☐ NO

**INGRESOS:** ¿La compañía [Nombre del Vendedor] o alguno de sus representantes de ventas ha manifestado la cantidad de dinero que pueden ganar o que han ganado los compradores de esta oportunidad de negocio? ¿Dicho en otras palabras, han expresado de manera explícita o implícita que los compradores pueden alcanzar un nivel específico de ventas, o ganar un nivel específico de ingresos?

☐ SI → *Si la respuesta es afirmativa, [Nombre del Vendedor] debe adjuntar a este formulario una Declaración de los Ingresos Proclamados. Lea esta declaración atentamente. Puede que desee analizar esta información con un asesor o contador.*
☐ NO

**REFERENCIAS:** En esta sección del formulario, [Nombre del Vendedor] debe listar la información de contacto de por lo menos 10 personas que le hayan comprado una oportunidad de negocio. Si le suministran los datos de menos de 10 personas, es porque ésa es la lista completa de todos los compradores. **Puede que desee comunicarse con las personas listadas a continuación para comparar sus respectivas experiencias con la que le dijo [Nombre del Vendedor] sobre la oportunidad de negocio que le está ofreciendo.**

Nota: Si usted compra una oportunidad de negocio de [Nombre del Vendedor], podrá divulgar su información de contacto a otros posibles compradores.

| Nombre | Estado | Número de Teléfono | | Nombre | Estado | Número de Teléfono |
|---|---|---|---|---|---|---|
| 1. | | | 6. | | | |
| 2. | | | 7. | | | |
| 3. | | | 8. | | | |
| 4. | | | 9. | | | |
| 5. | | | 10. | | | |

Firma: _____          Fecha: _____

Por medio de su firma, usted acusa recibo del presente formulario. Esto no es un contrato de compra. La Comisión Federal de Comercio (FTC) establece que con el fin de concederle el tiempo necesario para que usted investigue esta oportunidad, [Nombre del Vendedor] debe esperar un mínimo de siete días naturales o corridos a partir de la fecha en que le entregue este formulario antes de pedirle que firme un contrato de compra o que efectúe un pago.

Para más información sobre oportunidades de negocio en general: Visite el sitio Web de la FTC www.ftc.gov/bizopps o llame al 1-877-FTC-HELP (877-382-4357). Usted también puede establecer contacto con el Fiscal General de su estado de residencia.

SOURCE: 76 FR 76860, Dec. 8, 2011, unless otherwise noted.

Case 1:20-cv-24721-UU Document 1-5 Entered on FLSD Docket 11/17/2020 Page 30 of 446

AUTHORITY: 15 U.S.C. 41–58.

Current through November 5, 2020; 85 FR 70948.

**End of Document**  © 2020 Thomson Reuters. No claim to original U.S. Government Works.

# PLAINTIFF'S EXHIBIT 38 – 1

*FTC v. Simple Health Plans, LLC*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SIMPLE HEALTH PLANS LLC, a Florida limited liability company, et al.,<br><br>Defendants. | **Case No. 18-cv-62593**<br><br>[FILED UNDER SEAL]<br><br>**EX PARTE TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, APPOINTMENT OF A TEMPORARY RECEIVER, AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

Plaintiff, the Federal Trade Commission, has filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and in violation of the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, as amended, and has moved, pursuant to Fed. R. Civ. P. 65(b), for a temporary restraining order, asset freeze, other equitable relief, and an order to show cause why a preliminary injunction should not issue against Defendants.

**FINDINGS OF FACT**

The Court, having considered the Complaint, the ex parte Motion for a Temporary Restraining Order, declarations, exhibits, and the memorandum of law filed in support thereof, and being otherwise advised, finds that:

A.      This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

B.      There is good cause to believe that, in numerous instances, Defendants have sold limited benefit plans and medical discount memberships to consumers by misrepresenting that

1

such products are comprehensive health insurance, or the equivalent of such insurance, or are qualified health insurance plans under the Patient Protection and Affordable Care Act ("ACA" or "Affordable Care Act"), 42 U.S.C. § 18001 *et seq.* There is also good cause to believe that Defendants have, in numerous instances, falsely represented that they are experts on, or providers of, government-sponsored health insurance policies, such as those offered pursuant to the ACA, and are affiliated with the Blue Cross Blue Shield Association or AARP.

C.     There is good cause to believe that Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule, 16 C.F.R. Part 310, and that Plaintiff is therefore likely to prevail on the merits of this action. As demonstrated by the consumer complaints and declarations, expert witness testimony, records of undercover purchases, corporate banking and payment processing records, as well as testimony from former employees, the FTC has established a likelihood of success in showing that Defendants have made false and misleading statements in connection with the advertising, marketing, promoting, offering for sale, or sale of their limited benefit plans and medical discount memberships.

D.     There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act and the TSR unless Defendants are restrained and enjoined by order of this Court.

E.     There is good cause to believe that, unless Defendants are immediately restrained and enjoined by order of this Court, immediate and irreparable damage to the Court's ability to grant effective final relief for consumers—including monetary restitution, rescission, disgorgement or refunds—will occur from the sale, transfer, destruction or other disposition or concealment by Defendants of their assets or records; and that, in accordance with Fed. R. Civ.

2

P. 65(b) and Local Rule 7.1(d), the interests of justice require that this Order be granted without prior notice to Defendants.  Thus, there is good cause for relieving Plaintiff of the duty to provide Defendants with prior notice of its Motion for a Temporary Restraining Order.

     F.     Good cause exists for issuing this Order, appointing a temporary receiver over the Receivership Entities, freezing Defendants' assets, permitting Plaintiff and the Receiver immediate access to Defendants' business premises, and permitting Plaintiff and the Receiver to take expedited discovery.

     G.     Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze, the appointment of a temporary receiver, immediate access to business premises, expedited discovery, and other equitable relief is in the public interest.

     H.     This Court has authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Fed. R. Civ. P. 65; and the All Writs Act, 28 U.S.C. § 1651.

     I.     Plaintiff is an independent agency of the United States.  No security is required of any agency of the United States for issuance of a temporary restraining order.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

     A.     "**Asset**" includes any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held, and all proceeds, product, offspring, rents, or profit of or from that property.

     B.     "**Corporate Defendant(s)**" means **Simple Health Plans LLC**; **Health Benefits One LLC**, also doing business as Health Benefits Center, Simple Health, Simple Health Plans,

3

Simple Insurance, Simple Insurance Plans, Simple Auto, Simple Home, Simple Home Plans, Simple Care, Simple Life, and National Dental Savings; **Health Center Management LLC**; **Innovative Customer Care LLC**; **Simple Insurance Leads LLC**, also doing business as Health Insurance Services; and **Senior Benefits One LLC**, and each of their subsidiaries, affiliates, successors, and assigns.

  C.  **"Defendant(s)"** means Corporate Defendant(s) and Individual Defendant(s), individually, collectively, or in any combination.

  D.  **"Document"** is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including email and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

  E.  **"Electronic Data Host"** means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

  F.  **"Individual Defendant"** means Steven J. Dorfman.

4

G.     **"Receiver"** means the temporary receiver appointed in Section XI of this Order and any deputy receivers that shall be named by the temporary receiver.

H.     **"Receivership Entities"** means Corporate Defendant(s) as well as any other entity that has conducted any business related to Defendants' advertising, marketing, promoting, offering for sale, or sale of limited benefit plans and medical discount memberships, including by transferring, commingling, or receiving Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

## ORDER

### I.     PROHIBITED MISREPRESENTATIONS

**IT IS THEREFORE ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are temporarily restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including:

A.     That Defendants' limited benefit plans and medical discount memberships are comprehensive health insurance, or the equivalent of such insurance;

B.     Defendants' limited benefit plans and medical discount memberships are qualified health insurance plans under the Affordable Care Act;

C.     Defendants are experts on, or providers of, government-sponsored health insurance policies, such as those offered pursuant to Medicare and the Affordable Care Act;

D.     Defendants are affiliated with AARP or the Blue Cross Blue Shield Association; or

5

E.      Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## II.    PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are temporarily restrained and enjoined from:

A.      Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; or

B.      Benefiting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

Provided, however, that Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

## III.    ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who

receive actual notice of this Order, whether acting directly or indirectly, are temporarily restrained and enjoined from:

    A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

           1.    owned or controlled, directly or indirectly, by any Defendant;

           2.    held, in part or in whole, for the benefit of any Defendant;

           3.    in the actual or constructive possession of any Defendant; or

           4.    owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant;

    B.    Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant or subject to access by any Defendant, except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order, and after providing Plaintiff prior notice and an opportunity to inspect the contents to determine that they contain no Assets covered by this Section;

    C.    Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager. This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor; or

7

D.      Depositing or cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

The Assets affected by this Section shall include:  (1) all Assets of Defendants as of the time this Order is entered; and (2) Assets obtained by Defendants after this Order is entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order.  This Section does not prohibit any transfers of Assets to the Receiver or agreed to in writing by Plaintiff, or repatriation of foreign Assets specifically required by this Order.

## IV.   DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or otherwise) and that (a) holds, controls, or maintains custody of, through an account or otherwise, any Document on behalf of any Defendant or any Asset that is:  owned or controlled, directly or indirectly, by any Defendant; held, in part or in whole, for the benefit of any Defendant; in the actual or constructive possession of any Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; (b) holds, controls, or maintains custody of any Document or Asset associated with credits, debits or charges made on behalf of any Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

8

or (c) has held, controlled, or maintained custody of any such Document, Asset, or account at any time since the date of entry of this Order shall:

     A.    Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets, except by further order of this Court;

     B.    Deny any Person, except the Receiver, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Defendant, either individually or jointly, or otherwise subject to access by any Defendant;

     C.    Provide Plaintiff's counsel and the Receiver, within three business days of receiving a copy of this Order, a sworn statement setting forth, for each Asset or account covered by this Section:

          1.    The identification number of each such account or Asset;

          2.    The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

          3.    The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant; and

9

D.      Provide Plaintiff's counsel and the Receiver, within five business days of a request from Plaintiff's counsel or the Receiver, with copies of all records or other Documents pertaining to such account or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

Provided, however, that this Section does not prohibit any transfers to the Receiver or agreed to in writing by Plaintiff, or repatriation of foreign Assets specifically required by this order.

## V.      FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that each Defendant, within five days of service of this Order upon them, shall prepare and deliver to Plaintiff's counsel:

A.      completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for each Individual Defendant, and **Attachment B** (Financial Statement of Corporate Defendant) for each Corporate Defendant; and

B.      completed **Attachment C** (IRS Form 4506, Request for Copy of a Tax Return) for each Individual and Corporate Defendant.

## VI.     FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within five days following the service of this Order, each Defendant shall:

A.      Provide Plaintiff's counsel and the Receiver with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of the United States which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of any

10

corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant;

B.      Take all steps necessary to provide Plaintiff's counsel and Receiver access to all Documents and records that may be held by third parties located outside of the territorial United States, including signing the Consent to Release of Financial Records appended to this Order as **Attachment D**;

C.      Transfer to the territory of the United States any and all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant; and

D.      The same business day as any repatriation, (1) notify the Receiver and counsel for Plaintiff of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## VII.   NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including:

11

A.      Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' Assets have been fully repatriated pursuant to this Order; or

B.      Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Defendants' Assets have been fully repatriated pursuant to this Order.

## VIII.  CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## IX.   PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are temporarily restrained and enjoined from:

A.      Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to:  (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; or

12

B.      Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

## X.      REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel and the Receiver with a written statement disclosing: (1) the name of the business entity; (2) any fictitious business names associated with the entity; (3) the address and telephone number of the business entity; (4) the state of incorporation or organization of the business entity; (5) the Employee Identification Number or Federal Employer Identification Number of the business entity; (6) the names of the business entity's officers, directors, principals, managers, and employees; and (7) a detailed description of the business entity's intended activities.

## XI.      TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Michael Goldberg is appointed as temporary receiver ("Receiver") of the Receivership Entities with full powers of an equity receiver. The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.

## XII.      DUTIES AND AUTHORITY OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

13

A.  Assume full control of Receivership Entities by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any Receivership Entity from control of, management of, or participation in, the affairs of the Receivership Entity;

B.  Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Receivership Entity, wherever situated, including Assets the Receiver has a reasonable basis to believe were purchased using funds from any Receivership Entity's corporate accounts, including, but not limited to:

    1.  Items purchased with the following wire transfers from a Receivership Entity's bank accounts to Aminoff and Co LLC:

        a)  June 1, 2015 transfer of $24,500;

        b)  April 20, 2016 transfer of $43,500;

        c)  January 26, 2017 transfer of $500,000;

        d)  January 27, 2017 transfer of $160,000;

        e)  January 27, 2017 transfer of $7,500;

        f)  December 7, 2017 transfer of $63,000;

        g)  February 22, 2018 transfer of $155,000; and

        h)  March 15, 2018 transfer of $95,000.

    2.  Items purchased with a Receivership Entity's American Express card in the following transactions:

        a)  March 20, 2016,  $6,813.45 at Cartier;

        b)  December 19, 2016, $15,789.90 at Cartier;

        c)  December 19, 2016, $3,428.36 at T-Bird Jewels;

        d)      September 15, 2017, $45,948 at Cartier;

        e)      December 21, 2017, $23,582 at Cartier;

        f)       January 29, 2018, $3,959 at Harry Winston; and

        g)      March 17, 2018, $1,440 at Tiffany.

3.     Any vehicle purchased with funds from a Receivership Entity or titled to a Receivership Entity, including, without limitation, the following vehicles:

        a)      2012 Lamborghini Aventador, VIN # ZHWUC1ZD7CLA00451;

        b)      2013 Land Rover Range Rover, VIN # SALGV2EF1DA100321; and

        c)      2015 Rolls-Royce Wraith, VIN # SCA665C54FUX85225.

C.     Conserve, hold, manage, and prevent the loss of all Assets of the Receivership Entities, and perform all acts necessary or advisable to preserve the value of those Assets. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Entities. The Receiver shall have full power to sue for, collect, and receive all Assets of the Receivership Entities and of other persons or entities whose interests are now under the direction, possession, custody, or control of, the Receivership Entities. Provided, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

D.     Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Receivership Entities, and perform all acts necessary or advisable to preserve such Documents. The Receiver shall:  divert mail; preserve all Documents of the Receivership Entities that are

15

accessible via electronic means (such as online access to financial accounts and access to electronic documents held onsite or by Electronic Data Hosts, by changing usernames, passwords or other log-in credentials); take possession of all electronic Documents of the Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of obtaining electronic documents stored onsite or remotely;

E.     Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

F.     Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Receiver.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Entities prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Entities, such as rental payments;

G.     Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Entities operate their businesses.  Such steps may include, as the Receiver deems necessary or advisable:  (1) securing the location by changing the locks and alarm codes and disconnecting any internet access or other means of access to the computers, servers, internal networks, or other records maintained at that location; and (2) requiring any persons present at the location to leave the premises, to provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Receiver that such persons are not

removing from the premises Documents or Assets of the Receivership Entities.   Law enforcement personnel, including police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security.  If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

H.   Take all steps necessary to prevent the modification, destruction, or erasure of any web page or website registered to and operated, in whole or in part, by any Defendants, and to provide access to all such web page or websites to Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives;

I.   Enter into and cancel contracts and purchase insurance as advisable or necessary;

J.   Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Entities;

K.   Make an accounting, as soon as practicable, of the Assets and financial condition of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

L.   Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Entities, or to carry out the Receiver's mandate under this Order, including actions challenging fraudulent or voidable transfers and including any claims the Receivership Entities may have in law or equity against any third party;

M.   Issue subpoenas to obtain Documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining other discovery as set forth in this Order;

17

N.      Open one or more bank accounts at designated depositories for funds of the Receivership Entities.  The Receiver shall deposit all funds of the Receivership Entities in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts.  The Receiver shall serve copies of monthly account statements on all parties;

O.      Maintain accurate records of all receipts and expenditures incurred as Receiver;

P.      Allow Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives, reasonable access to the premises of the Receivership Entities, or any other premises where the Receivership Entities conduct business.  The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Receivership Entities or their agents.  The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access;

Q.      Allow Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives reasonable access to all Documents in the possession, custody, or control of the Receivership Entities;

R.      Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

S.      Suspend business operations of the Receivership Entities if in the judgment of the Receiver such operations cannot be continued legally and profitably;

T.      If the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court.  Provided, however, that the Receiver may delay

18

providing such notice until the Receiver has established control of the nonparty entity and its assets and records, if the Receiver determines that notice to the entity or the parties before the Receiver establishes control over the entity may result in the destruction of records, dissipation of assets, or any other obstruction of the Receiver's control of the entity;

U.  If in the Receiver's judgment the business operations cannot be continued legally and profitably, take all steps necessary to ensure that any of the Receivership Entities' web pages or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or are modified for consumer education and/or informational purposes, and take all steps necessary to ensure that any telephone numbers associated with the Receivership Entities cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations; and

V.  File with the Court, on or before the date set in Section XXV of this Order for the hearing to show cause, a report outlining (1) the steps taken by the Receiver to implement the terms of the Order; (2) the value of all assets and sum of all liabilities of the Receivership Entities; (3) the steps the Receiver intends to take in the future to protect receivership assets, recover receivership assets from third parties, and adjust receivership liabilities; (4) the Receiver's opinion on whether any portion of the business of any of the Receivership Entities can continue to operate legally and profitably; and (5) any other matters that the Receiver believes should be brought to the Court's attention.

## XIII.  TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants and any other person with possession, custody or control of property of, or records relating to, the Receivership Entities shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the

Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A.    All Assets held by or for the benefit of the Receivership Entities;

B.    All Documents of or pertaining to the Receivership Entities;

C.    All computers, mobile devices, tablets, and other electronic storage devices or machines used to conduct the business of the Receivership Entities;

D.    All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities; and

E.    All keys, codes, user names and passwords necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file, *ex parte*, an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation. Upon the filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, Document, or other thing and to deliver it to the Receiver.

## XIV.   PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants shall immediately provide to the Receiver:

A.     A list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any person or entity other than a Receivership Entity;

B.     A list of all agents, employees, officers, attorneys, servants and those persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

C.     A description of any Documents covered by attorney-client privilege or attorney work product, including files where such Documents are likely to be located, authors or recipients of such Documents, and search terms likely to identify such electronic Documents.

## XV.   COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, and attorneys, all other persons in active concert or participation with any of them, and any other person with possession, custody, or control of property of or records relating to the Receivership entities who receive actual notice of this Order shall fully cooperate with and assist the Receiver.  This cooperation and assistance shall include providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names and passwords required to access, and allowing the Receiver to inspect, any computers, mobile devices, tablets and other electronic storage devices and machines (on site or remotely) and any cloud account (including specific method to access account) or electronic file in any medium; advising all persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

21

## XVI.   NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and any other person served with a copy of this Order, are restrained and enjoined from directly or indirectly:

A.     Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B.     Transacting any of the business of the Receivership Entities;

C.     Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

D.     Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XVII. STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the receivership ordered herein, Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including:

22

       A.     Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Receivership Entities;

       B.     Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations; or

       C.     Filing or enforcing any lien on any asset of the Receivership Entities, taking or attempting to take possession, custody, or control of any Asset of the Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise.

Provided, however, that this Order does not stay: (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XVIII. COMPENSATION OF RECEIVER

       **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable

compensation, with the first such request filed no more than sixty days after the date of entry of this Order.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XIX.   RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a bond in the sum of $50,000 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs. 28 U.S.C. § 754.

## XX.   IMMEDIATE ACCESS TO BUSINESS PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that:

A.      To allow Plaintiff and the Receiver to preserve Assets and evidence relevant to this action and to expedite discovery, Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, shall have immediate access to any business premises and storage facilities owned, controlled, or used by the Receivership Entities.  Such locations include: (1) 2 Oakwood Plaza, Suite 100, Hollywood, Florida 33021; (2) 8400 Doral Boulevard, Suite 260, Doral, Florida 33166; (3) 5720 Lyndon B. Johnson Freeway, Suite 610, Dallas, Texas 75240; (4) 1769 Blount Road, Unit 109, Pompano Beach, Florida 33069, and any offsite location or commercial mailbox used by the Receivership Entities, including, without limitation, 3389 Sheridan Street #632, Hollywood, Florida 33021, 1722 Sheridan Street, Ste. 628, Hollywood, Florida 33020, and 401 East Las Olas 130-627, Fort Lauderdale, Florida 33301.  The Receiver may exclude Defendants, Receivership Entities, and their employees from the business premises during the immediate access;

B.      Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to obtain the assistance of federal, state and local law enforcement

officers as they deem necessary to effect service and to implement peacefully the provisions of this Section;

C.     Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to remove Documents from the Receivership Entities' premises in order that they may be inspected, inventoried, and copied.  Plaintiff shall return any removed materials to the Receiver within five business days of completing inventorying and copying, or such time as is agreed upon by Plaintiff and the Receiver;

D.     Plaintiff's access to the Receivership Entities' Documents pursuant to this Section shall not provide grounds for any Defendant to object to any subsequent request for Documents served by Plaintiff;

E.     If any Documents, computers, mobile devices, tablets, or other electronic storage devices containing information related to the business practices or finances of the Receivership Entities are at a location other than those listed herein, including personal residence(s) of any Defendant, then, immediately upon receiving notice of this order, Defendants and Receivership Entities shall produce to the Receiver all such Documents, computers, mobile devices, tablets, and other electronic storage devices, along with any codes or passwords needed for access; and

F.     If any communications or records of any Receivership Entity are stored with an Electronic Data Host, such Entity shall, immediately upon receiving notice of this order, provide the Receiver with the username, passwords, and any other login credential needed to access the communications and records, and shall not attempt to access, or cause a third party to attempt to access, the communications or records.

## XXI.  DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer,

director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten days from the date of entry of this Order, provide Plaintiff's counsel and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXII. EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of the Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 34, and 45, Plaintiff and the Receiver are granted leave, at any time after service of this Order, to conduct limited expedited discovery for the purpose of discovering: (1) the nature, location, status, and extent of Defendants' Assets; (2) the nature, location, and extent of Defendants' business transactions and operations; (3) Documents reflecting Defendants' business transactions and operations; or (4) compliance with this Order. The limited expedited discovery set forth in this Section shall proceed as follows:

A.      Plaintiff and the Receiver may take the deposition of parties and non-parties. Forty-eight hours of notice shall be sufficient notice for such depositions. The limitations and conditions set forth in Fed R. Civ. P. 30(a)(2)(B) and 31(a)(2)(B) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit

set forth in Fed R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means.

B.      Plaintiff and the Receiver may serve upon parties requests for production of Documents or inspection that require production or inspection within five days of service, provided, however, that three days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format.

C.      Plaintiff and the Receiver may serve upon parties interrogatories that require response within five days of service.

D.      Plaintiff and the Receiver may serve subpoenas upon non-parties that direct production or inspection within five days of service.

E.      Service of discovery upon a party to this action, taken pursuant to this Section, shall be sufficient if made by facsimile, email, or by overnight delivery.

F.      Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.  The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Fed R. Civ. P. 26(d) and (f).

G.      The parties are exempted from making initial disclosures under Fed. R. Civ. P. 26(a)(1) until further order of this Court.

**XXIII. SERVICE OF THIS ORDER**

**IT IS FURTHER ORDERED** that copies of this Order as well as the Motion for Temporary Restraining Order and all other pleadings, Documents, and exhibits filed contemporaneously with that Motion (other than the Complaint and summons), may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any

27

law enforcement agency, or by private process server, upon any Defendant or any person (including any financial institution) that may have possession, custody or control of any Asset or Document of any Defendant, or that may be subject to any provision of this Order pursuant to Fed. R. Civ. P. 65(d)(2). For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

## XXIV. CORRESPONDENCE AND SERVICE ON PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

> Elizabeth Scott
> James Davis
> 230 South Dearborn, Suite 3030
> Chicago, Illinois 60604
> 312-960-5634 (phone)
> 312-960-5600 (fax)
> escott@ftc.gov
> jdavis@ftc.gov

## XXV.  PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 65(b), Defendants shall appear before this Court on the 14th day of November, 2018, at 11:00am, to show cause, if there is any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendants, enjoining the violations of the law alleged in the Complaint, continuing the freeze of their Assets, continuing the receivership, and imposing such additional relief as may be appropriate.

## XXVI. BRIEFS AND AFFIDAVITS CONCERNING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that:

A.     Defendants shall file with the Court and serve on Plaintiff's counsel any answering pleadings, affidavits, motions, expert reports or declarations, or legal memoranda no

later than five business days prior to the order to show cause hearing scheduled pursuant to this Order. Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than one business day prior to the order to show cause hearing. Provided that such affidavits, pleadings, motions, expert reports, declarations, legal memoranda or oppositions must be served by personal or overnight delivery, facsimile or email, and be received by the other party or parties no later than 5:00 p.m. (Central Time) on the appropriate dates set forth in this Section.

B.     An evidentiary hearing on Plaintiff's request for a preliminary injunction is not necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that raises a genuine and material factual issue. The question of whether this Court should enter a preliminary injunction shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties. Live testimony shall be heard only on further order of this Court. Any motion to permit such testimony shall be filed with the Court and served on counsel for the other parties at least five days prior to the preliminary injunction hearing in this matter. Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court. Any papers opposing a timely motion to present live testimony or to present live testimony in response to another party's timely motion to present live testimony shall be filed with this Court and served on the other parties at least three days prior to the order to show cause hearing.

Provided, however, that service shall be performed by personal or overnight delivery, facsimile or email, and Documents shall be delivered so that they shall be received by the other parties no later than 5:00 p.m. (Central Time) on the appropriate dates provided in this Section.

**XXVII.    DURATION OF THE ORDER**

**IT IS FURTHER ORDERED** that this Order shall expire fourteen days from the date of entry noted below, unless, within such time, the Order is extended for an additional period pursuant to Fed. R. Civ. P. 65(b)(2).

**XXVIII.    RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of October, 2018, at 10:00 a.m.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

30

# PLAINTIFF'S EXHIBIT 38 – 2

*FTC v. Pointbreak Media, LLC*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

**FEDERAL TRADE COMMISSION**,

     Plaintiff,

v.

**POINTBREAK MEDIA, LLC**, *et al.*,

     Defendants.

_____/

### SEALED ORDER

**THIS CAUSE** came before the Court upon the Government's *Ex Parte* for Temporary Restraining Order and Memorandum in Support Thereof [ECF No. 5], filed May 7, 2018. The Government ("Plaintiff" or "the FTC") has filed its Complaint for Permanent Injunction and Other Equitable Relief [ECF No. 1], pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and has moved, pursuant to Federal Rule of Civil Procedure 65(b), for a temporary restraining order, asset freeze, other equitable relief, and an order to show cause why a preliminary injunction should not issue against Defendants, Dustin Pillonato; Justin Ramsey; Aaron Michael Jones; Ricardo Diaz; Michael Pocker; Steffan Molina; Pointbreak Media, LLC; DCP Marketing, LLC; Modern Spotlight LLC; Modern Spotlight Group LLC; Modern Internet Marketing LLC; Modern Source Media, LLC; and Perfect Image Online LLC.

### FINDINGS OF FACT

The Court, having considered the Complaint, the *ex parte* Motion for a Temporary Restraining Order, declarations, exhibits, and the memorandum filed in support thereof, finds:

A.     The Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over all parties and venue in this District is proper.

B.      In numerous instances, Defendants falsely claimed an affiliation with Google, threatened businesses with removal from Google's search engine, promised small businesses unique keywords for which they would appear prominently in search results, and guaranteed first-place or first-page placement in Google search results.

C.      There is good cause to believe Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and Plaintiff is therefore likely to prevail on the merits of this action.   As demonstrated by declarations from a Google employee; consumer declarations; transcripts of calls; records of undercover calls and an undercover purchase; a call script from an informant; corporate, banking, and payment processing records; and the additional documentation filed by the FTC, the FTC has established a likelihood of success in showing Defendants (1) used false claims of affiliation with Google, false threats of removal from Google, and false promises of prominent placement in search results to sell Google listing and search engine optimization services; and (2) without authorization, took money from consumers' bank accounts.

D.      There is good cause to believe immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act unless Defendants are restrained and enjoined by order of the Court.

E.      There is good cause to believe immediate and irreparable damage to the Court's ability to grant effective final relief for consumers — including monetary restitution, rescission, disgorgement, or refunds — will occur from the sale, transfer, destruction, or other disposition or concealment by Defendants of their assets or records, unless Defendants are immediately restrained and enjoined by order of this Court; and that, in accordance with Federal Rule of Civil Procedure 65(b), the interests of justice require that this Order be granted without prior notice to

2

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

Defendants. Thus, there is good cause for relieving Plaintiff of the duty to provide Defendants with prior notice of its Motion for a Temporary Restraining Order.

F.      Good cause exists for appointing a temporary receiver over the Receivership Entities, freezing Defendants' assets, permitting Plaintiff and the Receiver immediate access to the Defendants' business premises, and permitting Plaintiff and the Receiver to take expedited discovery.

G.      Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze, the appointment of a temporary receiver, immediate access to business premises, expedited discovery, and other equitable relief is in the public interest.

H.      The Court has authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Federal Rule of Civil Procedure 65; and the All Writs Act, 28 U.S.C. § 1651.

I.      No security is required of any agency of the United States for issuance of a temporary restraining order. *See* Fed. R. Civ. P. 65(c).

Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 5]** is **GRANTED**.   A Temporary Restraining Order shall be entered, as described below:

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.      "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

3

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

B.    "**Corporate Defendants**" means Pointbreak Media, LLC; DCP Marketing, LLC; Modern Spotlight LLC; Modern Spotlight Group LLC; Modern Internet Marketing LLC; Modern Source Media, LLC; Perfect Image Online LLC; and each of their subsidiaries, affiliates, successors, and assigns.

C.    "**Defendant(s)**" means Corporate Defendants, Dustin Pillonato, Justin Ramsey, Aaron Michael Jones, Ricardo Diaz, Michael Pocker, and Steffan Molina, individually, collectively, or in any combination.

D.    "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, File Transfer Protocol Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

E.    "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

F.    "**Individual Defendant(s)**" means Dustin Pillonato, Justin Ramsey, Aaron Michael Jones, Ricardo Diaz, Michael Pocker, and Steffan Molina.  Individual Defendant(s) refers to these people individually, collectively, or in any combination.

G.    "**Receiver**" means the temporary receiver appointed in Section XI of this Order and any deputy receivers that shall be named by the temporary receiver.

H.    "**Receivership Entities**" means Corporate Defendants, as well as any other entity that the Receiver determines is controlled or owned by any Defendant and has (a) conducted any business related to Defendants' marketing of  Google listing and search engine optimization services, (b) commingled or pooled assets with any defendant, or (c) otherwise participated in the transfer or receipt of Assets derived from any activity that is the subject of the Complaint in this matter.

## I.    PROHIBITED BUSINESS ACTIVITIES

**IT IS ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are temporarily restrained and enjoined from:

A.    Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

> 1.    That Defendants are authorized by, or affiliated with, Google or another third party;
>
> 2.    That consumers' businesses are in imminent danger of being marked permanently closed by Google or any other third party, or removed from

5

Case 1:20-cv-24721-UU   Document 1-5   Entered on FLSD Docket 11/17/2020   Page 68 of 446
Case 0:18-cv-61017-CMA   Document 12   Entered on FLSD Docket 05/08/2018   Page 6 of 29

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

Google search results or any other internet search results, because consumers have not "claimed and verified" those businesses;

3.      That Defendants, as part of claiming and verifying the consumers' businesses, can assign certain keywords to those businesses that will result in the prominent display of the businesses' websites or listings;

4.      That Defendants can guarantee prominent, first-place, or first-page placement in Google search results or any other internet search results; and

5.      Any other fact material to consumers concerning any good or service, including but not limited to: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

B.      Debiting or causing consumers' bank or financial accounts to be debited, or assessing any fee or charge against consumers or their bank or financial accounts, without first obtaining the consumers' express informed consent for the purchase of the good or service and for the debit, charge or fee.

## II.      PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from: disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a

6

Case 1:20-cv-24721-UU   Document 1-5   Entered on FLSD Docket 11/17/2020   Page 69 of 446
Case 0:18-cv-61017-CMA   Document 12   Entered on FLSD Docket 05/08/2018   Page 7 of 29
CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with any activity that pertains to the subject matter of this Order.

Provided, however, that Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

### III.    ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

      1.    owned or controlled, directly or indirectly, by any Defendant;

      2.    held, in part or in whole, for the benefit of any Defendant;

      3.    in the actual or constructive possession of any Defendant; or

      4.    owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant;

B.    Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant or subject to access by any Defendant,

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order;

      C.      Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager.  This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor; or

      D.      Cashing any checks or depositing any money orders or cash that is received from, or that draws on a bank or financial account belonging to, consumers, clients, or customers of any Defendant.

      The Assets affected by this Section shall include:  (1) all Assets of Defendants as of the time this Order is entered; and (2) Assets obtained by Defendants after this Order is entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order.  This Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this order.

### IV.    DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

      **IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or otherwise) that:

      (a) has held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of any Defendant or any Asset that has been: owned or controlled, directly or indirectly, by any Defendant; held, in part or in whole, for the benefit of any Defendant; in the

8

Case 1:20-cv-24721-UU   Document 1-5   Entered on FLSD Docket 11/17/2020   Page 71 of 446
Case 0:18-cv-61017-CMA   Document 12   Entered on FLSD Docket 05/08/2018   Page 9 of 29
CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

actual or constructive possession of any Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant;

(b) has held, controlled, or maintained custody, through an account or otherwise, of any Document or Asset associated with credits, debits, or charges made on behalf of any Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

(c) has extended credit to any Defendant, including through a credit card account, shall:

A.      Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets, except by further order of this Court; provided, however, that this provision does not prohibit an Individual Defendant from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit;

B.      Deny any person, except the Receiver, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Defendant, either individually or jointly, or otherwise subject to access by any Defendant;

C.      Provide Plaintiff's counsel and the Receiver, within three (3) days of receiving a copy of this Order, a sworn statement setting forth, for each Asset or account covered by this Section:

1.      The identification number of each such account or Asset;

9

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

      2.     The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

      3.     The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant; and

D.     Upon the request of Plaintiff's counsel or the Receiver, promptly provide Plaintiff's counsel and the Receiver with copies of all records or other Documents pertaining to each account covered by this Section or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

Provided, however, that this Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this order.

## V.    FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that each Defendant, within five (5) days of service of this Order upon them, shall prepare and deliver to Plaintiff's counsel and the Receiver:

A.     completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for each Individual Defendant, and **Attachment B** (Financial Statement of Corporate Defendant) for each Corporate Defendant and for each

10

Case 1:20-cv-24721-UU   Document 1-5   Entered on FLSD Docket 11/17/2020   Page 73 of 446
Case 0:18-cv-61017-CMA   Document 12   Entered on FLSD Docket 05/08/2018   Page 11 of 29

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

business entity under which an Individual Defendant conducts business, controls, or which they are an officer, director, member, or manager; and

B.       completed **Attachment C** (IRS Form 4506, Request for Copy of a Tax Return) for each Individual and Corporate Defendant.

## VI.       FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within five (5) days following the service of this Order, each Defendant shall:

A.       Provide Plaintiff's counsel and the Receiver with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of the United States which are:  (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant;

B.       Take all steps necessary to provide Plaintiff's counsel and Receiver access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to Release of Financial Records appended to this Order as **Attachment D**.

C.       Transfer to the territory of the United States and all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant; and

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

D.      The same business day as any repatriation, (1) notify the Receiver and counsel for Plaintiff of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## VII.    NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A.      Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' Assets have been fully repatriated pursuant to this Order; or

B.      Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Defendants' Assets have been fully repatriated pursuant to this Order.

## VIII.    CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

12

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

## IX.    PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.    Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to:  (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

B.    Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

## X.    REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel and the Receiver with a written statement disclosing:  (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business

13

Case 1:20-cv-24721-UU   Document 1-5   Entered on FLSD Docket 11/17/2020   Page 76 of 446
Case 0:18-cv-61017-CMA   Document 12   Entered on FLSD Docket 05/08/2018   Page 14 of 29
CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XI.    TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Jonathan E. Perlman, Esq. is appointed as temporary receiver of the Receivership Entities with full powers of an equity receiver.  The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.

## XII.    DUTIES AND AUTHORITY OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.    Assume full control of Receivership Entities by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, member, or agent of any Receivership Entity from control of, management of, or participation in, the affairs of the Receivership Entity;

B.    Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

C.    Conserve, hold, manage, and prevent the loss of all Assets of the Receivership Entities, and perform all acts necessary or advisable to preserve the value of those Assets.  The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Entities.  The Receiver shall have full power to sue for, collect, and receive, all Assets of the Receivership Entities and of other persons or entities whose interests are now under the direction, possession, custody, or control of, the Receivership Entities.  Provided, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted

14

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

D.    Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Receivership Entities, and perform all acts necessary or advisable to preserve such Documents. The Receiver shall:  divert mail; preserve all Documents of the Receivership Entities that are accessible via electronic means (such as online access to financial accounts and access to electronic documents held onsite or by Electronic Data Hosts, by changing usernames, passwords or other log-in credentials); take possession of all electronic Documents of the Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of obtaining electronic documents stored onsite or remotely.

E.    Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

F.    Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Receiver.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Entities prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Entities, such as rental payments;

G.    Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Entities operate their businesses.  Such steps may include, but are

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

not limited to, any of the following, as the Receiver deems necessary or advisable: (1) securing the location by changing the locks and alarm codes and disconnecting any internet access or other means of access to the computers, servers, internal networks, or other records maintained at that location; and (2) requiring any persons present at the location to leave the premises, to provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Entities. Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security. If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

H.     Take all steps necessary to prevent the modification, destruction, or erasure of any web page or website registered to and operated, in whole or in part, by any Defendants, and to provide access to all such web page or websites to Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives;

I.     Enter into and cancel contracts and purchase insurance as advisable or necessary;

J.     Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Entities;

K.     Make an accounting, as soon as practicable, of the Assets and financial condition of the receivership estate and file the accounting with the Court and deliver copies thereof to all parties;

L.     Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal or foreign courts or arbitration

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Entities, or to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

M.      Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining other discovery as set forth in this Order;

N.      Open one or more bank accounts at designated depositories for funds of the Receivership Entities. The Receiver shall deposit all funds of the Receivership Entities in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts. The Receiver shall serve copies of monthly account statements on all parties;

O.      Maintain accurate records of all receipts and expenditures incurred as Receiver;

P.      Allow the Plaintiff's representatives, agents, and assistants, as well as Defendants' representatives and Defendants themselves, reasonable access to the premises of the Receivership Entities, or any other premises where the Receivership Entities conduct business. The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Receivership Entities or their agents. The Receiver shall have the sole discretion to determine the time, manner, and reasonable conditions of such access;

Q.      Allow the Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives reasonable access to all Documents in the possession, custody, or control of the Receivership Entities;

17

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

R.      Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

S.      Suspend business operations of the Receivership Entities if in the judgment of the Receiver such operations cannot be continued legally and profitably;

T.      If the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court.  Provided, however, that the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its assets and records, if the Receiver determines that notice to the entity or the parties before the Receiver establishes control over the entity may result in the destruction of records, dissipation of assets, or any other obstruction of the Receiver's control of the entity; and

U.      If in the Receiver's judgment the business operations cannot be continued legally and profitably, take all steps necessary to ensure that any of the Receivership Entities' web pages or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or are modified for consumer education and/or informational purposes, and take all steps necessary to ensure that any telephone numbers associated with the Receivership Entities cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations.

## XIII.   TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants and any other person, with possession, custody or control of property of, or records relating to, the Receivership Entities shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the

Case 1:20-cv-24721-UU   Document 1-5   Entered on FLSD Docket 11/17/2020   Page 81 of 446
Case 0:18-cv-61017-CMA   Document 12   Entered on FLSD Docket 05/08/2018   Page 19 of 29
CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A.      All Assets held by or for the benefit of the Receivership Entities;

B.      All Documents of or pertaining to the Receivership Entities;

C.      All computers, electronic devices, mobile devices and machines used to conduct the business of the Receivership Entities;

D.      All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities; and

E.      All keys, codes, user names and passwords necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

## XIV.   PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants shall immediately provide to the Receiver:

A.      A list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any person or entity other than a Receivership Entity;

Case 1:20-cv-24721-UU   Document 1-5   Entered on FLSD Docket 11/17/2020   Page 82 of 446
Case 0:18-cv-61017-CMA   Document 12   Entered on FLSD Docket 05/08/2018   Page 20 of 29
CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

B.      A list of all agents, employees, officers, attorneys, servants and those persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

C.      A description of any documents covered by attorney-client privilege or attorney work product, including files where such documents are likely to be located, authors or recipients of such documents, and search terms likely to identify such electronic documents.

## XV.   COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, and attorneys, all other persons in active concert or participation with any of them, and any other person with possession, custody, or control of Assets of or records relating to the Receivership entities who receive actual notice of this Order shall fully cooperate with and assist the Receiver.  This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names and passwords required to access any computers, electronic devices, mobile devices, and machines (onsite or remotely) and any cloud account (including specific method to access account) or electronic file in any medium; advising all persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

## XVI.  NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and any other

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

person served with a copy of this Order, are hereby restrained and enjoined from directly or indirectly:

A.      Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B.      Transacting any of the business of the Receivership Entities;

C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

D.      Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XVII.  STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the receivership ordered herein, Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, companies, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including, but not limited to:

A.      Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Receivership Entities;

Case 1:20-cv-24721-UU   Document 1-5   Entered on FLSD Docket 11/17/2020   Page 84 of 446
Case 0:18-cv-61017-CMA   Document 12   Entered on FLSD Docket 05/08/2018   Page 22 of 29
CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

B.      Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

C.      Filing or enforcing any lien on any asset of the Receivership Entities, taking or attempting to take possession, custody, or control of any Asset of the Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or Provided, however, that this Order does not stay:  (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XVIII. COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

## XIX.   RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver is not required to file with the Clerk of this Court a bond until further order of the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## XX.   IMMEDIATE ACCESS TO BUSINESS PREMISES AND RECORDS
**IT IS FURTHER ORDERED** that:

A.      In order to allow Plaintiff and the Receiver to preserve Assets and evidence relevant to this action and to expedite discovery, Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, shall have immediate access to the business premises and storage facilities, owned, controlled, or used by the Receivership Entities.  Such locations include, but are not limited to: 550 Fairway Drive, Suite 104, Deerfield Beach, Florida 33441; 4730 NW 2nd Avenue, Suite 200, Boca Raton, Florida 33431; 951 Broken Sound Parkway, Suite 188, Boca Raton, Florida 33487; and any offsite location or commercial mailbox used by the Receivership Entities.  The Receiver may exclude Defendants, Receivership Entities, and their employees from the business premises during the immediate access.

B.      Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to remove Documents from the Receivership Entities' premises in order that they may be inspected, inventoried, and copied.  Plaintiff shall return any removed materials to the Receiver within five (5) business days of completing inventorying and copying, or such time as is agreed upon by Plaintiff and the Receiver;

C.      Plaintiff's access to the Receivership Entities' documents pursuant to this Section shall not provide grounds for any Defendant to object to any subsequent request for documents served by Plaintiff.

Case 1:20-cv-24721-UU   Document 1-5   Entered on FLSD Docket 11/17/2020   Page 86 of 446
Case 0:18-cv-61017-CMA   Document 12   Entered on FLSD Docket 05/08/2018   Page 24 of 29

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

D.      Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to obtain the assistance of federal, state and local law enforcement officers as they deem necessary to effect service and to implement peacefully the provisions of this Order;

E.      If any Documents, computers, or electronic storage devices containing information related to the business practices or finances of the Receivership Entities are at a location other than those listed herein, including personal residence(s) of any Defendant, then, immediately upon receiving notice of this order, Defendants and Receivership Entities shall produce to the Receiver all such Documents, computers, and electronic storage devices, along with any codes or passwords needed for access.  In order to prevent the destruction of computer data, upon service of this Order, any such computers or electronic storage devices shall be powered down in the normal course of the operating system used on such devices and shall not be powered up or used until produced for copying and inspection; and

F.      If any communications or records of any Receivership Entity are stored with an Electronic Data Host, such Receivership Entity shall, immediately upon receiving notice of this order, provide the Receiver with the username, passwords, and any other login credential needed to access the communications and records, and shall not attempt to access, or cause a third-party to attempt to access, the communications or records.

## XXI.   DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, and provide Plaintiff and the Receiver with a sworn statement that this provision of the

24

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

Order has been satisfied, which statement shall include the name(s), physical address(es), phone number(s), and email address(es) for each such person or entity who received a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXII. EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Federal Rules of Civil Procedure 30(a), 34, and 45, Plaintiff and the Receiver are granted leave, at any time after service of this Order, to conduct limited expedited discovery for the purpose of discovering: (1) the nature, location, status, and extent of Defendants' Assets; (2) the nature, location, and extent of Defendants' business transactions and operations; (3) Documents reflecting Defendants' business transactions and operations; or (4) compliance with this Order. The limited expedited discovery set forth in this Section shall proceed as follows:

A.     Plaintiff and the Receiver may take the deposition of parties and non-parties. Forty-eight (48) hours' notice shall be sufficient notice for such depositions. The limitations and conditions set forth in Rules 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) of the Federal Rules of Civil Procedure regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means;

B.     Plaintiff and the Receiver may serve upon parties requests for production of Documents or inspection that require production or inspection within five (5) days of service,

Case 1:20-cv-24721-UU   Document 1-5   Entered on FLSD Docket 11/17/2020   Page 88 of 446
Case 0:18-cv-61017-CMA   Document 12   Entered on FLSD Docket 05/08/2018   Page 26 of 29

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

provided, however, that three (3) days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format.

C.      Plaintiff and the Receiver may serve upon parties interrogatories that require response within five (5) days after Plaintiff serves such interrogatories;

D.      The Plaintiff and the Receiver may serve subpoenas upon non-parties that direct production or inspection within five (5) days of service.

E.      Service of discovery upon a party to this action, taken pursuant to this Section, shall be sufficient if made by facsimile, email, or by overnight delivery.

F.      Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.  The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Rules 26(d) & (f) of the Federal Rules of Civil Procedure.

G.      The Parties are exempt from making initial disclosures under Federal Rule of Civil Procedure 26(a)(1) until further order of this Court.

## XXIII. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order as well as the Motion for Temporary Restraining Order and all other pleadings, Documents, and exhibits filed contemporaneously with that Motion (other than the complaint and summons), may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server, upon any Defendant or any person (including any financial institution) that may have possession, custody or control of any Asset or Document of any Defendant, or that may be subject to any provision of this Order pursuant to

Case 1:20-cv-24721-UU Document 1-5 Entered on FLSD Docket 11/17/2020 Page 89 of 446
Case 0:18-cv-61017-CMA Document 12 Entered on FLSD Docket 05/08/2018 Page 27 of 29
CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

Rule 65(d)(2) of the Federal Rules of Civil Procedure. For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

## XXIV. CORRESPONDENCE AND SERVICE ON PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

> Evan Mendelson
> Christopher Erickson
> Brian Welke
> 600 Pennsylvania Avenue, NW
> Mailstop CC-9528
> Washington, DC 20580
> Phone: (202) 326-3320
> Fax : (202) 326-3197
> emendelson@ftc.gov
> cerickson@ftc.gov
> bwelke@ftc.gov

## XXV. PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(b), Defendants shall appear before this Court on the **23rd day of May, 2018, at 9:30 a.m.**, to show cause, if there is any, why the Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendants, enjoining the violations of the law alleged in the Complaint, continuing the freeze of their Assets, continuing the receivership, and imposing such additional relief as may be appropriate.

## XXVI. BRIEFS AND AFFIDAVITS CONCERNING PRELIMINARY INJUNCTION

### IT IS FURTHER ORDERED that:

A.       Defendants shall file with the Court and serve on Plaintiff's counsel any answering pleadings, affidavits, motions, expert reports or declarations, or legal memoranda no later than four (4) days prior to the order to show cause hearing scheduled pursuant to this Order. Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

the Court and serve the same on counsel for Defendants no later than one (1) day prior to the order to show cause hearing. Provided that such affidavits, pleadings, motions, expert reports, declarations, legal memoranda or oppositions must be served by personal or overnight delivery, facsimile or email, and be received by the other party or parties no later than 5:00 P.M. Eastern Time on the appropriate dates set forth in this Section.

B.       An evidentiary hearing on Plaintiff's request for a preliminary injunction is not necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that raises a genuine and material factual issue. The question of whether this Court should enter a preliminary injunction shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties. Live testimony shall be heard only on further order of this Court. Any motion to permit live testimony shall be filed with the Court and served on counsel for the other parties at least five (5) days prior to the preliminary injunction hearing in this matter. Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court. Any papers opposing a timely motion to present live testimony or to present live testimony in response to another party's timely motion to present live testimony shall be filed with this Court and served on the other parties at least three (3) days prior to the order to show cause hearing.

Provided, however, that service shall be performed by personal or overnight delivery, facsimile or email, and Documents shall be delivered so that they shall be received by the other parties no later than 5:00 P.M. Eastern Time on the appropriate dates provided in this Section.

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

### XXVII.      DURATION OF THE ORDER

**IT IS FURTHER ORDERED** that this Order shall expire on **May 23, 2018 at 9:30**

**a.m.**, unless before such time the Order is extended for an additional period pursuant to Federal

Rule of Civil Procedure 65(b)(2).

### XXVIII.      RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that the Court retains jurisdiction of this matter for all

purposes.

**DONE AND ORDERED** in Miami, Florida, this 8th day of May, 2018.

_____

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

29

# PLAINTIFF'S EXHIBIT 38 – 3

*FTC v. Student Debt Doctor, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**FEDERAL TRADE COMMISSION, and**

     **Plaintiff,**

     v.

**STUDENT DEBT DOCTOR LLC,** a
Florida limited liability company,

and

**GARY BRENT WHITE, JR.**, individually
and as an officer of Defendant Student Debt
Doctor LLC,

     **Defendants.**

**SEALED**

17-CV-61937 WPD_____

### *Ex Parte* TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, APPOINTMENT OF A RECEIVER, AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Plaintiff, the Federal Trade Commission ("FTC"), having filed its Complaint for

Permanent Injunction and Other Equitable Relief ("Complaint"), pursuant to Section 13(b) of the

Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) and the Telemarketing and

Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108,

now moves, pursuant to Federal Rule of Civil Procedure 65(b), for an *ex parte* Temporary

Restraining Order with Asset Freeze, Appointment of a Receiver, and Other Equitable Relief,

and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("Order") against

Defendants Gary Brent White, Jr. and Student Debt Doctor LLC.

The Court, having considered the Complaint, the *ex parte* motion and memorandum for a

temporary restraining order, and all declarations, exhibits, and points and authorities attached in

support, and being otherwise advised, **GRANTS** Plaintiff's motion for a temporary restraining

order and **FINDS** and **ORDERS** as follows:

## I.    FINDINGS OF FACT

A.    This Court has jurisdiction over the subject matter of this case, and there is good

cause to believe it will have jurisdiction over all parties hereto;

B.    Venue in this district is proper;

C.    There is good cause to believe that Defendants have engaged in and are likely to

engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) and the

FTC's Trade Regulation Rule entitled the "Telemarketing Sales Rule" ("TSR"), 16 C.F.R. Part

310;

D.    There is good cause to believe that immediate and irreparable harm will result

from Defendants' ongoing violations of the FTC Act and the TSR, unless Defendants are

restrained and enjoined by Order of this Court;

E.    There is good cause to believe that immediate and irreparable damage to this

Court's ability to grant effective final relief for consumers (including monetary restitution,

rescission, disgorgement, or refunds) will occur from the sale, transfer, destruction, or other

disposition or concealment by Defendants of assets, Documents, records, or other evidence if

Defendants are provided with Plaintiff's application, assets of the Defendants are not frozen, and

the Corporate Defendant is not placed into receivership. Therefore, there is good cause for the

Court to: (1) issue this Order without prior notice to Defendants pursuant to Federal Rule of

Procedure 65(b); (2) freeze the assets of Defendants; (3) appoint a Receiver over the

Receivership Entities; (4) grant Plaintiff and the Receiver immediate access to the Corporate

Defendant's business premises; and (5) order the ancillary relief described below;

F.      Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, it is in the public interest that the Court enter this *ex parte* Order that temporarily: (1) enjoins Defendants from making misrepresentations and violating the TSR; (2) freezes the assets of the Defendants; (3) appoints a Receiver over the Receivership Entities; (4) requires the Defendants to fully disclose all their assets; (5) grants permission to Plaintiff and the Receiver to immediately access the business premises of the Corporate Defendant and the records of the Corporate Defendant; (6) orders Defendants to show cause why a preliminary injunction should not issue; and (7) provides other equitable relief; and

G.      No security is required of any agency of the United States for issuance of a temporary restraining order. Fed. R. Civ. P. 65(c).

## II.    DEFINITIONS

For purposes of this Order, the following definitions shall apply:

A.      "**Assisting others**" includes, but is not limited to: (a) providing administrative services, including, but not limited to, filing business registrations with federal, state, or local government entities, establishing bank or merchant accounts, and/or handling banking transactions; (b) acting as an officer, director, or registered agent of a business entity; (c) establishing mail accounts or mail receiving boxes, and/or providing mailing or printing services; (d) performing customer service functions, including, but not limited to, forwarding mail received from consumers and/or receiving or responding to consumer complaints; (e) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (f) providing names of, or assisting in the generation of, potential customers; and (g) performing or providing marketing or billing services of any kind, including, but not limited to, performing or providing telemarketing services.

B.    **"Corporate Defendant"** means Student Debt Doctor LLC and its divisions, subsidiaries, affiliates, successors, assigns, and any fictitious business entities or business names created or used by these entities, or any of them.

C.    **"Defendant(s)"** means Corporate Defendant and Gary Brent White, Jr., individually, collectively, or in any combination.

D.    **"Debt relief product or service"** means any product, service, plan, or program represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of a debt or obligation between a person and one or more creditors or debt collectors, including a reduction in the balance, interest rate, or fees owed by a person to a creditor or debt collector.

E.    **"Document"** or **"Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

F.    **"Electronic Data Host"** means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

G.    **"Financial institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

H.     "**Individual Defendant**" means Gary Brent White, Jr.

I.     "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

J.     "**Receivership Entity(ies)**" means Corporate Defendant as well as any other entity that the Receiver determines is controlled or owned by any Defendant and (1) conducted any business related to Defendants' marketing of debt relief services, (2) commingled or pooled assets with any Defendant, or (3) otherwise participated in the transfer or receipt of assets stemming from any business activity that is the subject of the Complaint in this matter.

K.     "**Telemarketer**" means any Person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor.

L.     "**Telemarketing**" means any plan, program, or campaign that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

### III.    PROHIBITION ON DECEPTIVE REPRESENTATIONS

IT IS HEREBY ORDERED that Defendants, together with their officers, agents, directors, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any good or service, including any debt relief product or service, are hereby temporarily restrained and enjoined from misrepresenting, or assisting others in misrepresenting, directly or indirectly, expressly or by implication, any material fact, including, but not limited to, that consumers who

purchase Defendants' debt-relief services generally will have their monthly payments eliminated or reduced or their loan balances forgiven in whole or in part, often in five years or less.

## IV.    RESTRICTIONS ON ADVANCE FEES FOR DEBT RELIEF AND CREDIT REPAIR SERVICES

IT IS HEREBY ORDERED that Defendants, together with their officers, agents, directors, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any good or service, including any debt relief product or service, are hereby temporarily restrained and enjoined from:

A.    Providing, offering to provide, or arranging for others to provide any debt relief service and requesting or receiving payment of any fees or consideration for any debt relief service until and unless:

1.    The seller or telemarketer has renegotiated, settled, reduced, or otherwise altered the terms of at least one debt pursuant to a settlement agreement, debt management plan, or other such valid contractual agreement executed by the customer;

2.    The customer has made at least one payment pursuant to that settlement agreement, debt management plan, or other valid contractual agreement between the customer and the creditor or debt collector; and

3.    To the extent that debts enrolled in a service are renegotiated, settled, reduced, or otherwise altered individually, the fee or consideration either:

a.      Bears the same proportional relationship to the total fee for renegotiating, settling, reducing, or altering the terms of the entire debt balance as the individual debt amount bears to the entire debt amount. The individual debt amount and the entire debt amount are those owed at the time the debt was enrolled in the service; or

b.      Is a percentage of the amount saved as a result of the renegotiation, settlement, reduction, or alteration. The percentage charged cannot change from one individual debt to another. The amount saved is the difference between the amount owed at the time the debt was enrolled in the service and the amount actually paid to satisfy the debt; and

## V.    ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants, together with their officers, agents, directors, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, except as provided herein, are hereby temporarily restrained and enjoined from, directly or indirectly:

A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, or any interest therein, wherever located, including outside the territorial United States, that are:

1.      Owned, controlled, or held, in whole or in part, by any Defendant;

2. Held, in whole or in part, for the direct or indirect benefit of any Defendant;

3. In the actual or constructive possession of any Defendant;

4. Held by an agent, including an attorney, of any Defendant as a retainer for the agent's provision of services to any Defendant; or

5. Owned or controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Defendant, or of which any Defendant is an officer, director, manager or member. This includes, but is not limited to, any assets held by, for, or subject to access by any Defendant at any bank, credit union, or savings and loan institution, or at or with any broker-dealer, retirement fund custodian, money market or mutual fund, trustee, escrow agent, storage company, title company, insurance company, commodity trading company, precious metal dealer, payment processor, credit card processor, acquiring bank, merchant bank, independent sales organization, third party processor, payment gateway, automated clearing house processor, network transaction processor, bank debit processing agent, customer service agent, commercial mail receiving agency, mail holding or forwarding company, or other financial institution or depository of any kind, either within or outside the United States; or

6. Held in any account for which any Defendant is, or was on the date that this Order was signed, an authorized signer;

B. Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant, subject to access by any Defendant, or

under any Defendant 's control, or private mail boxes titled in the name of, subject to access by, or under the control of the Corporate Defendant;

      C.     Cashing any checks or depositing or processing any payments from consumers, customers, or clients of Defendants;

      D.     Incurring charges or cash advances on any credit or bank card issued in the name, individually or jointly, of any Defendant  or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member or manager. This includes any corporate bank card or corporate credit card account for which any Defendant is or was on the date that this Order was signed, an authorized signor; or

      E.     Incurring liens or other encumbrances on real property, personal property, or other assets in the name, individually or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant.

      F.     The assets affected by this Section shall include:  (1) all assets of Defendants as of the time this Order is entered; and (2) assets obtained by Defendants after this Order is entered if those assets are derived from any activity that is the subject of the Complaint in this matter.  This Section does not prohibit any transfers to the Receiver of repatriation of foreign assets specifically required by this Order.

## VI.    DUTIES OF HOLDERS OF ASSETS OF DEFENDANTS

      **IT IS FURTHER ORDERED** that any Person, including but not limited to, any financial or brokerage institution, automated clearing house processor, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party

processor, payment gateway, insurance company, or business entity that: (a) is served with a copy of this Order or otherwise has actual or constructive knowledge of this Order, and (b) holds, controls, or maintains custody of, or has held, controlled, or maintained custody of at any time since January 2014, any account or asset (including reserve funds held by any automated clearing house processor, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, or other entity) of any Defendant or of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant or of which any Defendant is or was an officer, director, manager, or member shall:

      A.      Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, liquidation, or other disposal of any such account or other assets, as well as all Documents or other property related to such accounts or other assets;

      B.      Deny any Person, except the Receiver, access to any safe deposit box or storage facility that is titled in the name of any Defendant either individually or jointly, or otherwise subject to access by any Defendant;

      C.      Provide Plaintiff's counsel and the Receiver, within three (3) days of receiving a copy of this Order, a sworn statement setting forth:

           1.      The identification number of each account or asset;

           2.      The balance of each such account, or a description of the nature and value of each such asset as of the close of business on the day on which a copy of this Order was provided and, if the account or asset has been closed or removed, the date closed or

removed, the total funds removed in order to close the account, and the name of the

Person or entity to whom such account or asset was remitted; and

        3.      The identification and location of any safe deposit box or storage facility

that is either titled in the name, individually or jointly, of any Defendant , or is otherwise

subject to access or control by any Defendant; and

     D.      Within three (3) days of a request from a Plaintiff's counsel or the Receiver,

provide Plaintiff and the Receiver with copies of all records or other Documents pertaining to

each such account or asset, including, but not limited to, originals or copies of account

applications, account statements, corporate resolutions, signature cards, checks, drafts, deposit

tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions,

all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all

logs and records pertaining to such safe deposit boxes and storage facilities;

     E.      Plaintiff may properly serve this Order on any financial or brokerage institution,

business entity or Person that holds, controls or maintains custody of any account or other asset

of any Defendant or has held, controlled or maintained custody of any account or other asset of

any Defendant at any time, by facsimile transmission, hand delivery, or overnight carrier; and

     F.      This Section shall apply to existing accounts and other assets, assets deposited or

accounts opened after the effective date of this Order, and any accounts or other assets

maintained, held, or controlled since January 2014. This Section shall not prohibit transfers in

accordance with any provision of this Order, any further order of the Court, or by written

agreement of the parties.

**VII.    FINANCIAL REPORTS**

**IT IS FURTHER ORDERED** that each Defendant, within three (3) days of service of this Order, shall prepare and deliver to counsel for Plaintiff and the Receiver:

A.      Completed financial statements on the forms served on the Defendants with this Order as Attachment A (Financial Statement of Individual Defendant) for themselves individually, and Attachment B (Financial Statement of Corporate Defendant) for each business entity under which they conduct business or of which they are an officer, director, member, or manager, and for each trust for which any Defendant is a trustee. The financial statement shall be accurate as of the date of entry of this Order and signed under penalty of perjury. Each Defendant shall include in the financial statements all information requested in the statements, including a full listing, verified under oath, of all accounts, funds, and other assets, whether located within or outside the territory of the United States. Defendants shall attach to these completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements;

B.      The name, address, and telephone number of each attorney, accountant, financial planner, investment advisor, stock broker or other individual, corporation, or partnership whom any of them have used for financial, business, trust, or tax advice or services since January 1, 2014; and

C.      A completed IRS Form 4506, served on the Defendants with this Order as Attachment C, requesting tax returns for the past four years (2013-2016) and delivered to counsel for the FTC at the following address:

Michael Liggins
Federal Trade Commission
225 Peachtree Street, NE, Suite 1500
Atlanta, Georgia 30303

## VIII. PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby temporarily restrained and enjoined from:

A.     Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursements ledgers and source Documents, Documents indicating title to real or personal property, and any other Documents or data which, in reasonable detail, accurately, fairly and completely reflect the Defendants' incomes, disbursements, transactions, dispositions, and use of Defendants' assets; and

B.     Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents, including electronically stored materials, that relate in any way to: (1) the business, business practices, assets, or business or personal finances of any Defendant or any entity directly or indirectly under the control of any Defendant; (2) any webpage or website operated, in whole or in part, on any Defendant's behalf; and (3) any electronic communication sent to or received by Defendants.

## IX. REPORT NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly

or through any trust, corporation, subsidiary, division, or other device, are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any company, limited liability company, partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff with a written statement disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and website address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## X.      PROHIBITION ON RELEASE OF CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby temporarily restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing, using, or benefitting from the name, address, birth date, telephone number, e-mail address, Social Security number, Social Insurance number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in Plaintiff's Complaint;

***Provided,*** that Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or court order.

## XI.    TEMPORARY RECEIVER

### A.    APPOINTMENT OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Robert Carey is appointed Temporary Receiver

("Receiver") for the Receivership Entities with the full power of an equity receiver. The

Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver

under this Order. The Receiver shall be accountable directly to this Court. The Receiver shall

comply with all Local Rules of this Court governing receivers.

### B.    RECEIVERSHIP DUTIES

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to

accomplish the following:

1.    Assume full control of the Receivership Entities by removing, as the

Receiver deems necessary or advisable, any director, officer, employee, independent

contractor, or agent of the Receivership Entities, including any Individual Defendant,

from control of, management of, or participation in, the affairs of the Receivership Entity;

2.    Conserve, hold, manage, and prevent the loss of all assets of the

Receivership Entities, and perform all acts necessary or advisable to preserve the value of

those assets, including, but not limited to, obtaining an accounting of the assets and

preventing transfer, withdrawal, or misapplication of assets, and including the authority

to liquidate or close out any open securities or commodity futures positions of the

Receivership Entities. The Receiver shall have full power to sue for, collect, and receive,

all assets of the Receivership Entities and other persons or entities whose interests are

now held by or under the direction, possession, custody, or control of the Receivership

Entities.

***Provided, however***, that the Receiver shall not attempt to collect any amount from a consumer or to allow the Receivership Entities to continue to debit or otherwise charge a consumer's account, if the Receiver believes the consumer was a victim of the deceptive acts or practices alleged in the Complaint in this matter;

3.      Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Receivership Entities, and perform all acts necessary or advisable to preserve such Documents. The Receiver shall:  divert mail; preserve all Documents of the Recievership Entities that are accessible via electronic means (such as online access to financial accounts and access to electronic Documents held onsite or by Electronic Data Hosts), by changing usernames, passwords or other log-in credentials; and take possession of all electronic Documents of the Receivership Entities stored onsite or remotely.

4.      Use any means necessary to secure and take exclusive custody of each location from which the Receivership Entities operate their businesses. Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable: (a) serving this Order; (b) completing a written inventory of all receivership assets; (c) obtaining pertinent information from all employees and other agents of the Receivership Entities, including, but not limited to, the name, home address, Social Security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (d) videotaping all portions of the locations; (e) securing the locations by changing the locks  and alarm codes and disconnecting any internet access or other means of access to the computers, servers, internal networks, or other records maintained at the locations; (f) requiring any persons present on the premises at the time this Order is served to leave the premises, to

provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or assets of the Receivership Entities; and (g) employ the assistance of law enforcement officers as the Receiver deems necessary to keep the peace and maintain security.

5.     Enter into contracts and purchase insurance as advisable or necessary;

6.     Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Entities;

7.     Manage and administer the business of the Receivership Entities until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

8.     Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

9.     Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Entities prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Entities, such as rental payments;

10.     Determine and implement the manner in which the Receivership Entities will comply with, and prevent violations of, this Order and all other applicable laws;

11.     Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Entities or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

12.     Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his or her role as Receiver, or against the Receivership Entities that the Receiver deems necessary and advisable to preserve the assets of the Receivership Entities or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

13.     Issue subpoenas to obtain Documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

14.     Take all steps necessary to prevent the modification, destruction, or erasure of any web page, website, or mobile app registered to and operated, in whole or in part, by any Receivership Entity, and to provide access to all such web pages, websites, or mobile apps to Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives;

15.     Open one or more bank accounts as designated depositories for funds of the Receivership Entities. The Receiver shall deposit all funds of the Receivership Entities in such a designated account and shall make all payments and disbursements from the receivership estate from such an account;

16.     Open all mail directed to or received by or at the premises, or post office or private or commercial mail boxes of the Receivership Entities, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.  In connection therewith, the Receiver is authorized to instruct the United States Postmaster and anyone in possession or control of a private or commercial mailbox to hold and/or reroute mail directed to any of the Receivership Entities. The Receivership Entities are directed not to open a new mailbox or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the United States mail, a private or commercial mail depository, or courier service;

17.     Maintain accurate records of all receipts and expenditures that he or she makes as Receiver;

18.     Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency, including Plaintiff;

19.     Allow the Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives reasonable access to all Documents in the possession, custody, or control of the Receivership Entities; and

20.     File reports with the Court on a timely and reasonable basis.

**C. RECEIVER'S REPORTS**

IT IS FURTHER ORDERED that the Receiver shall report to this Court on or before the date set for the hearing to Show Cause regarding the Preliminary Injunction, regarding: (1) the steps taken by the Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated assets of the Receivership Entities; (3) the sum of all the liabilities of the

Receivership Entities; (4) the steps the Receiver intends to take in the future to: (a) prevent any diminution in the value of assets of the Receivership Entities, (b) pursue receivership assets from third parties, and (c) adjust the liabilities of the Receivership Entities, if appropriate; (5) whether the business of the Receivership Entities can be operated lawfully and profitably; and (6) any other matters which the Receiver believes should be brought to the Court's attention.

*Provided, however,* if any of the required information would hinder the Receiver's ability to pursue receivership assets, the portions of the Receiver's report containing such information may be filed under seal and not served on the parties.

## D.    COOPERATION AND NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that:

1.    Defendants; Receivership entities; Defendants' or Receivership Entities' officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, and any other Person served with a copy of this Order, by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, shall fully cooperate with and assist the Receiver. Entities obligated to cooperate with the Receiver under this provision include, but are not limited to, banks, broker-dealers, savings and loans institutions, escrow agents, title companies, commodity trading companies, precious metals dealers, automated clearing house processors, credit card processors, payment processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, and other financial institutions and depositories of any kind, as well as common carriers,

telecommunication companies, and third-party billing agents. This cooperation and assistance shall include, but not be limited to:

      a.     Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order;

      b.     Providing any keys, codes, user names, and passwords required to access any computers, electronic devices, and machines (onsite or remotely) and any cloud account (including specific method to access account) or electronic file in any medium;

      c.     Advising all Persons who owe money to the Receivership Entities that all debts should be paid directly to the Receiver;

      d.     Transferring funds at the Receiver's direction and producing records related to the assets and sales of the Receivership Entities.

    2.     Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are restrained and enjoined from directly or indirectly:

      a.     Transacting any of the business of the Receivership Entities;

      b.     Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any Documents of the Receivership Entities, including, but not limited to, books, records, accounts, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data

compilations, electronically-stored records, or any other records of any kind or nature;

   c.   Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities, or the Receiver;

   d.   Excusing debts owed to the Receivership Defendants;

   e.   Failing to notify the Receiver of any asset, including accounts, of the Receivership Entities held in any name other than the name of the Receivership Entities, or by any Person or entity other than the Receivership Entities, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such assets;

   f.   Doing any act or refraining from any act whatsoever to interfere with the Receiver's taking custody, control, possession, or managing of the assets or Documents subject to this receivership; to harass or interfere with the Receiver in any way; to interfere in any manner with the exclusive jurisdiction of this Court over the assets or Documents of the Receivership Entities; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court; or

   g.   Filing, or causing to be filed, any petition on behalf of the Receivership Defendants for relief under the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, without prior permission from this Court.

3.    If the Receiver identifies a nonparty entity as a Receivership Entity, the Receiver shall promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with this Court.

***Provided, however***, that the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its assets and records, if the Receiver determines that notice to the entity or the parties before the Receiver establishes control over the entity may result in the destruction of records, dissipation of assets, or any other obstruction of the Receiver's control of the entity;

4.    If in the Receiver's judgment the business operations cannot be continued legally and profitably, the Receiver shall take all steps necessary to ensure that any of the Receivership Entities' web pages, websites, or mobile apps relating to the activities alleged in the Complaint are modified for consumer education and/or informational purposes, and take all steps necessary to ensure that any telephone numbers associated with the Receivership Entities cannot be accessed by the public, or are answered solely to provide information regarding the status of operations and consumer education, including information directing consumers to United States Department of Education websites containing information student loan repayment programs.

**E.    TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER**

**IT IS FURTHER ORDERED** that:

1.    Defendants, Relief Entities, their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, and any other Person with possession, custody or control of property or of records relating to the Receivership Entities shall: (1)

immediately notify the Receiver of; (2) fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of; and, (3) upon receiving a request from the Receiver, immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

      a.     All assets of the Receivership Entities, or those held by or for the benefit of the Receivership Entities, including assets subject to repatriation;

      b.     All Documents of or pertaining to the Receivership Entities;

      c.     All assets and Documents belonging to other Persons whose interests are under the direction, custody, possession, custody, control of the Receivership Entities;

      d.     All computers, electronic devices, machines, mobile devices, and data in whatever form used to conduct the business of the Receivership Entities; and

      e.     All available insurance information for both existing and prior insurance policies;

      f.     All keys, codes, user names, and passwords necessary to gain or to secure access to any assets or Documents of the Receivership Entities, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, mail boxes, or other property. This includes providing the necessary means to gain access to private or commercial mail boxes.

      2.     In the event any Person or entity fails to deliver or transfer any asset or document, or otherwise fails to comply with any provision of this Section, the Receiver

may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of

the affidavit, the Court may authorize, without additional process or demand, Writs of

Possession or Sequestration or other equitable writs requested by the Receiver. The writs

shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of

any county, or any other federal or state law enforcement officer, to seize the asset,

document, or other thing and to deliver it to the Receiver.

### F.     PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants shall provide to the Receiver,

immediately upon request, the following:

1.     A list of all accounts and other assets of the Receivership Entities that are

held in any name other than the name of a Receivership Entity, or by any Person other

than a Receivership Entity; and

2.     A list of all agents, employees, officers, directors, managers, members, or

those Persons in active concert and participation with any Receivership Entity, who have

been associated or done business with any Receivership Entity.

3.     A description of any Documents covered by attorney-client privilege or

attorney work product, including files where such documents are likely to be located,

authors or recipients of such documents, and search terms likely to identify such

electronic documents.

### G.  STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

1.     Except by leave of this Court, during pendency of the receivership ordered

herein, Defendants, together with their officers, agents, directors, servants, employees,

attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, and all other Persons are hereby stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Defendants, any of their subsidiaries, affiliates, partnerships, assets, Documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

      a.      Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 et seq., or of any similar insolvency proceeding on behalf of the Receivership Entities;

      b.      Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

      c.      Accelerating the due date of any obligation or claimed obligation; filing, perfecting or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise, or setoff of any debt owing to the Receivership Entities that arose before the date of this Order against any claim against the Receivership Entities; or

      d.      Using self-help or executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to,

attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not.

2. This Order does not stay: (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## H. COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, or in the possession or control of, or which may be received by the Receivership Entities. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## I. RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a bond in the sum of $25,000 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## XII.    IMMEDIATE ACCESS TO BUSINESS PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that in order to allow Plaintiff and the Receiver to

preserve assets and evidence relevant to this action and to expedite discovery:

A.    Plaintiff and the Receiver and their counsel, agents, representatives, contractors,

and assistants shall have immediate access to all business premises and storage facilities owned,

controlled, or used by the Receivership Entities. Such locations include, but are not limited to

3221 NW 10th Terrace, Suite 507/508, Oakland Park, FL 33309 and any offsite location or

commercial mailbox used by the Receivership Entities. The Receiver may exclude Defendants,

Receivership Entities, and their employees from the business premises during the immediate

access.

B.    Plaintiff and the Receiver and their counsel, agents, representatives, contractors,

and assistants shall also have immediate access to the records of the Receivership Entities, and

are authorized to remove Documents and other materials from the Receivership Entities'

premises in order that they may be inspected, inventoried, and copied for the purpose of

preserving discoverable material in connection with this action.

C.    Defendants, together with their officers, agents, directors, servants, employees,

attorneys, and all other persons in active concert or participation with any of them, who receive

actual notice of this Order by personal service or otherwise, must immediately identify to

Plaintiff's counsel and the Receiver: (1) all Defendants' and Receivership Entities' business

premises; (2) any other premises where Defendants and Receivership Entities conduct business;

(3) any premises where Documents related to the business operations of Defendants and the

Receivership Entities are maintained, including the name and location of any electronic data

hosts; (4) any premises where assets belonging to Defendants and Receivership Entities are

maintained; and (5) all access codes, keys, passwords, or any other information necessary for
Plaintiff and the Receiver to gain immediate access;

        D.      If any property, records, Documents, computers, or electronic storage devices
containing information relating to the Receivership Entities' finances or business practice are
located in a residence of any Defendant or are otherwise in the custody or control of any
Defendant, then such Defendant and Receivership Entities shall produce them to Receiver within
twenty-four (24) hours of service of this Order, along with any codes, keys any passwords, or
other information needed for access. In order to prevent the destruction of computer data, upon
service of this Order, any such computers or electronic storage devices shall be powered down in
the normal course of the operating system used on such devices and shall not be powered up or
used until produced for copying and inspection;

        E.      If any communications or records of any Receivership Entity are stored with an
Electronic Data Host, such Receivership Entity shall, immediately upon receiving notice of this
order, provide the Receiver with the username , passwords, and any other login credential needed
to access the communications and records, and shall not attempt to access, or cause a third party
to attempt to access, the communications or records;

        F.      Plaintiff's access to Receivership Entities' Documents pursuant to this Section
shall not provide grounds for any Defendant to object to any subsequent request for Documents
served by Plaintiff; and

        G.      The Receiver shall allow Defendants reasonable access to the business premises
of the Receivership Entities and the business records of the Receivership within the Receiver's
possession for the purpose of inspecting and copying materials relevant to this action, although

the Receiver shall have the discretion to determine the time, manner, and reasonable condition of

such access; and

  H.  Plaintiff and the Receiver and their counsel, agents, representatives, contractors,

and assistants are authorized to obtain the assistance of the U.S. Marshal's Office and other

federal, state, and local law enforcement officers as they deem necessary to implement

peacefully the provisions of this Order.

## XIII. REPATRIATION OF ASSETS AND DOCUMENTS

  **IT IS FURTHER ORDERED** that each Defendant shall:

  A.  Within three (3) business days following service of this Order, take such steps as

are necessary to repatriate to the territory of the United States of America all Documents and

assets that are located outside such territory and (1) are held by or for a Defendant; (2) titled in

the name, individually or jointly, of any Defendant; (3) or are under a Defendant 's direct or

indirect control, jointly, severally, or individually;

  B.  Within three (3) business days following service of this Order, provide Plaintiff

with a full accounting of all Documents and assets that are located outside of the territory of the

United States of America or that have been transferred to the territory of the United States of

America pursuant to Subsection A above and (1) are held by or for a Defendant; (2) titled in the

name, individually or jointly, of any Defendant; (3) or are under a Defendant's direct or indirect

control, jointly, severally, or individually. Each Defendant shall also include the names and

addresses of any foreign or domestic financial institution or other entity holding the Documents

and assets, along with the account numbers and balances;

  C.  Hold and retain all such Documents and assets and prevent any transfer,

disposition, or dissipation whatsoever of any such Documents or assets; and

D.      Within three (3) business days following service of this Order, provide Plaintiffs

access to Defendants' records and documents held by financial institutions or other entities,

whether located outside the territorial United States of America or otherwise, by signing and

delivering to Plaintiffs' counsel the Consent to Release of Financial Records served along with

this Order as Attachment D.

## XIV.   NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, their officers, agents, servants,

employees, attorneys, and all other persons or entities in active concert or participation with any

of them, who receive actual notice of this Order by personal service or otherwise, whether acting

directly or through any trust, corporation, subsidiary, division, or other device, are hereby

temporarily restrained and enjoined from taking any action, directly or indirectly, which may

result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation

required by the preceding Section XIII of this Order, including, but not limited to:

A.      Sending any statement, letter, facsimile, e-mail or wire transmission, or

telephoning or engaging in any other act, directly or indirectly, that results in a determination by

a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign

trust agreement, until such time that assets have been fully repatriated pursuant to the preceding

Section XIII of this Order; and

B.      Notifying any trustee, protector or other agent of any foreign trust or other related

entities of either the existence of this Order, or of the fact that repatriation is required pursuant to

a court order, until such time as assets have been fully repatriated pursuant to the preceding

Section XIII of this Order.

## XV.    CONSUMER REPORTING AGENCIES

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any

Defendant  pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. §

1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports

are requested shall provide them to Plaintiff.

## XVI. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that:

A.      Within five (5) days following service of this Order, Defendants shall provide a

copy of this Order to each of their Telemarketers, customer service agents, sales agents,

corporations, subsidiaries, affiliates, partners, divisions, sales entities, successors, assigns,

members, officers, directors, employees, independent contractors, agents, servants, attorneys,

spouses, representatives, and all other Persons in active concert or participation with Defendants

in the marketing, advertising, promotion, distribution, offer for sale, or sale of debt relief

products or services or credit product or services;

B.      Within seven (7) days following service of this Order, Defendants shall provide

Plaintiff and the Receiver a sworn statement that this Section has been satisfied and that

identifies the name, title, physical addresses, telephone numbers, and email addresses of each

such person who received a copy of the Order and the date which such Person received it; and

C.      Defendants shall not take any action that would encourage officers, agents,

members, managers, directors, employees, salespersons, independent contractors, attorneys,

subsidiaries, affiliates, successors, assigns, or other Persons or entities in active concert or

participation with Defendants to disregard this Order or believe that they are not bound by its

provisions.

## XVII. EXPIRATION DATE OF TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on **October 17, 2017, at 11:59 p.m.** (Eastern Time), unless within such time, the Order, for good cause shown, is extended, or unless, as to any Defendant, the Defendant consents that it should be extended for a longer period of time.

## XVIII. ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65, each Defendant shall appear before this Court on the **16th** day of **October, 2017**, **at 1:15 p.m.** (Eastern Time), at the United States Courthouse, United States District Court for the Southern District of Florida, Ft. Lauderdale, Florida, 33301, Courtroom 205B, to show cause, if there is any, why this Court should not enter a Preliminary Injunction, pending final ruling on the Complaint against Defendants, enjoining Defendants from further violations of the FTC Act, the TSR, and the FDUTPA, continuing the freeze of Defendants' assets, continuing the Receivership, and imposing such additional relief as may be appropriate.

## XX. BRIEFS AND AFFIDAVITS CONCERNING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that Defendants shall file with the Court and serve on Plaintiff's counsel any answering affidavits, pleadings, motions, expert reports or declarations, and/or legal memoranda no later than **October 10, 2017, at 3 p.m**.

Plaintiff may file responsive or supplemental pleadings, materials, affidavits, motions, or memoranda with the Court and serve the same on counsel for Defendants no later than **October 13, 2017 at 3 p.m**.

***Provided*** that service shall be performed by personal or overnight delivery, by electronic filing, by electronic mail, or by facsimile, and Documents shall be delivered so that they shall be received by the other parties no later than 4:00 p.m. (Eastern Time) on the appropriate dates

listed in this Section. The hearing shall be limited to argument of counsel unless the Court grants express leave to the contrary in advance of the hearing.

## XXI.   SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by United States First Class Mail, overnight delivery, facsimile, electronic mail, or personally, by agents or employees of Plaintiff, by agents or employees of the Receiver, by any law enforcement agency, or by private process server, upon any person, financial institution, or other entity that may have possession or control of any property, property right, document, or asset of any Defendant, or that may be subject to any provision of this Order. Service upon any branch or office of any financial institution or entity shall effect service upon the entire financial institution or entity.

## XXII.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED**, this 3rd day of October, 2017, at 9:40 a.m.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
All Counsel of Record

# PLAINTIFF'S EXHIBIT 38 – 4

*FTC v. Am. Student Loan Consolidators*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-CV-80619-WPD

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

STRATEGIC STUDENT SOLUTIONS LLC, a
limited liability company, STRATEGIC CREDIT
SOLUTIONS LLC, a limited liability company,
STRATEGIC DEBT SOLUTIONS LLC, a limited
liability company, STRATEGIC DOC PREP
SOLUTIONS LLC, a limited liability company,
STUDENT RELIEF CENTER LLC, a limited
liability company, CREDIT RELIEF CENTER
LLC, a limited liability company, and

DAVE GREEN, individually and as an officer of
STRATEGIC STUDENT SOLUTIONS LLC,
STRATEGIC CREDIT SOLUTIONS LLC,
STRATEGIC DEBT SOLUTIONS LLC,
STRATEGIC DOC PREP SOLUTIONS LLC,
STUDENT RELIEF CENTER LLC, and CREDIT
RELIEF CENTER LLC,

    Defendants, and

DG INVESTMENT PROPERTIES LLC,

    Relief Defendant.

**FILED UNDER SEAL**

### *EX PARTE* TEMPORARY RESTRAINING ORDER WITH
### ASSET FREEZE, APPOINTMENT OF A TEMPORARY RECEIVER,
### AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE
### WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Plaintiff, the Federal Trade Commission, has filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and Section 410(b) of the Credit Repair Organizations Act, 15 U.S.C. § 1679h(b), and has moved, pursuant to Fed. R. Civ. P. 65(b), for a temporary restraining order, asset freeze, other equitable relief, and an order to show cause why a preliminary injunction should not issue against Defendants.

The Court, having considered the Complaint, the *ex parte* Motion for a Temporary Restraining Order, declarations, exhibits, and the memorandum of points and authorities filed in support thereof, and being otherwise advised, **GRANTS** Plaintiff's motion for a temporary restraining order and **FINDS** and **ORDERS** as follows:

### FINDINGS OF FACT

A.      This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

B.      There is good cause to believe that Defendants Dave Green, Strategic Student Solutions LLC, Strategic Credit Solutions LLC, Strategic Debt Solutions LLC, Strategic Doc Prep Solutions LLC, Student Relief Center LLC, and Credit Relief Center LLC have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679-1679j, and that Plaintiff is therefore likely to prevail on the merits of this action.  As demonstrated by the consumer declarations, Department

2

of Education and loan servicer declarations, consumer complaints, website captures, corporate filings, and records from banks and other corporate service providers, the FTC has established a likelihood of success in showing that Defendants have materially misrepresented their debt relief and credit repair services and have charged illegal advance fees.

C.      There is good cause to believe that immediate and continuing harm will result from Defendants' ongoing violations of the FTC Act, the TSR, and the CROA unless Defendants are restrained and enjoined by order of this Court.

D.      There is good cause to believe that Relief Defendant DG Investment Properties LLC received funds or assets that can be traced directly to Defendants' unlawful acts or practices and has no legitimate claim to those funds.

E.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers—including monetary restitution, rescission, disgorgement or refunds—will occur from the sale, transfer, destruction or other disposition or concealment by Defendants or Relief Defendant of their assets or records, unless Defendants and Relief Defendant are immediately restrained and enjoined by order of this Court; and that, in accordance with Fed. R. Civ. P. 65(b), the interests of justice require that this Order be granted without prior notice to Defendants and Relief Defendant. Thus, there is good cause for relieving Plaintiff of the duty to provide Defendants and Relief Defendant with prior notice of its Motion for a Temporary Restraining Order.

F.      Good cause exists for appointing a temporary receiver over the Corporate Defendants and their subsidiaries; freezing Defendants' assets; permitting the Plaintiff and the Receiver immediate access to the Defendants' business premises; and permitting the Plaintiff and the Receiver to take expedited discovery.

G.      Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze, the appointment of a temporary receiver, immediate access to business premises, expedited discovery, and other equitable relief is in the public interest.

H.      This Court has authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Fed. R. Civ. P. 65; and the All Writs Act, 28 U.S.C. § 1651.

I.      No security is required of any agency of the United States for issuance of a temporary restraining order.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.      "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B.      "**Corporate Defendants**" means Strategic Student Solutions LLC, Strategic Credit Solutions LLC, Strategic Debt Solutions LLC, Strategic Doc Prep Solutions LLC, Student Relief Center LLC, Credit Relief Center LLC, and each of their subsidiaries, affiliates, successors, and assigns.

C.      "**Credit Repair Service**" means any service for the express or implied purpose of improving any consumer's credit record, credit history, or credit rating; or providing advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating.

D.      "**Debt Relief Service**" means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors or debt collectors, including, but not

4

limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector.

E.      "**Defendant(s)**" means Corporate Defendants and Dave Green, individually, collectively, or in any combination.

F.      "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

G.      "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information.  This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

H.      "**Receiver**" means the temporary receiver appointed in Section XII of this Order and any deputy receivers that shall be named by the temporary receiver.

5

I.       "**Relief Defendant**" means DG Investment Properties LLC, and each of its subsidiaries, affiliates, successors, and assigns.

## ORDER

## I.       RESTRICTIONS ON ADVANCE FEES FOR DEBT RELIEF AND CREDIT REPAIR SERVICES

**IT IS THEREFORE ORDERED** that the Defendants, and their officers, agents, employees, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

A.       providing, offering to provide, or arranging for others to provide any debt relief service and requesting or receiving payment of any fees or consideration for any debt relief service until and unless:

1.       the seller or telemarketer has renegotiated, settled, reduced, or otherwise altered the terms of at least one debt pursuant to a settlement agreement, debt management plan, or other such valid contractual agreement executed by the customer;

2.       the customer has made at least one payment pursuant to that settlement agreement, debt management plan, or other valid contractual agreement between the customer and the creditor or debt collector; and

3.       to the extent that debts enrolled in a service are renegotiated, settled, reduced, or otherwise altered individually, the fee or consideration either:

a.      bears the same proportional relationship to the total fee for renegotiating, settling, reducing, or altering the terms of the entire debt balance as the individual debt amount bears to the entire debt amount. The individual debt amount and the entire debt amount are those owed at the time the debt was enrolled in the service; or

b.      is a percentage of the amount saved as a result of the renegotiation, settlement, reduction, or alteration.  The percentage charged cannot change from one individual debt to another.  The amount saved is the difference between the amount owed at the time the debt was enrolled in the service and the amount actually paid to satisfy the debt; and

B.      providing, offering to provide, or arranging for others to provide any credit repair service and charging or receiving money or other valuable consideration for the performance of credit repair services before the services are fully performed.

## II.    PROHIBITION ON DECEPTIVE OR UNSUBSTANTIATED REPRESENTATIONS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any debt relief or credit repair service, are temporarily restrained and enjoined from:

A.      misrepresenting or assisting others in misrepresenting, expressly or by implication:

1.      that Defendants will enroll consumers in student loan forgiveness or other programs that would lower their payments or balances;

2.    that consumers' monthly payments to Defendants will be applied to pay off the consumers' loans;

3.    that consumers' student loan debt will be forgiven in three years or less after payment of initial fees;

4.    that if a consumer cancels his or her enrollment in a federal student loan forgiveness program, it is very difficult or impossible to re-enter another forgiveness program;

5.    that consumers' credit will be improved as a result of Defendants' program; and

6.    any other fact material to consumers concerning any debt relief or credit repair service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics; and

B.    making or assisting others in making, any representation, expressly or by implication, about the benefits, performance, or efficacy of any product or service, unless the representation is non-misleading and, at the time such representation is made, Defendants possess and rely upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant fields, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

### III.    PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

8

A.      Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B.      Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

*Provided, however,* that Defendants may disclose such identifying information to a law enforcement agency, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

## IV.     ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets, wherever located, including outside the United States, that are:

1.      owned or controlled, directly or indirectly, by any Defendant, including, but not limited to those for which a Defendant is a signatory on the account;

2.      held, in part or in whole, for the benefit of any Defendant;

9

3.     in the actual or constructive possession of any Defendant; or

4.     owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant.

B.     Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant or subject to access by any Defendant, except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order;

C.     Incurring charges or cash advances on any credit or bank card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager. This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor; or

D.     Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

The Assets affected by this Section shall include: (1) all Assets of Defendants as of the time this Order is entered; (2) Assets obtained by Defendants after this Order is entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order. This Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this order.

## V.    DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic

Data Host, credit card processor, payment processor, merchant bank, acquiring bank,

independent sales organization, third party processor, payment gateway, insurance company,

business entity, or person who receives actual notice of this Order (by service or otherwise) and

that (a) holds, controls, or maintains custody, through an account or otherwise, of any Document

or Asset that is:  owned or controlled, directly or indirectly, by any Defendant; held, in part or in

whole, for the benefit of any Defendant; in the actual or constructive possession of any

Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise

held for the benefit of, any corporation, partnership, asset protection trust, or other entity  that is

directly or indirectly owned, managed, or controlled by any Defendant; (b) holds, controls, or

maintains custody of any Document or Asset associated with credits, debits or charges made on

behalf of any Defendant, including reserve funds held by payment processors, credit card

processors, merchant banks, acquiring banks, independent sales organizations, third party

processors, payment gateways, insurance companies, or other entities; or (c) has held, controlled,

or maintained custody of any such Document, Asset, or account at any time since the date of

entry of this Order shall:

A.      Hold, preserve, and retain within its control and prohibit the withdrawal, removal,

alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment,

conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or

other property related to such Assets, except by further order of this Court;

B.      Deny any Person, except the Receiver, access to any safe deposit box, commercial

mail box, or storage facility that is titled in the name of any Defendant, either individually or

jointly, or otherwise subject to access by any Defendant;

11

C.      Provide Plaintiff's counsel and the Receiver, within three (3) business days of receiving a copy of this Order, a sworn statement setting forth:

1.      The identification number of each such account or Asset;

2.      The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

3.      The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant; and

D.      Upon the request of Plaintiff's counsel or the Receiver, promptly provide Plaintiff's counsel and the Receiver with copies of all records or other Documents pertaining to such account or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

## VI.    FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that each Defendant and Relief Defendant, within five (5) days of service of this Order upon them, shall prepare and deliver to Plaintiff's counsel and the Receiver (1) completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for the Individual Defendant, and **Attachment**

12

**B** (Financial Statement of Corporate Defendant) for each Corporate Defendant and Relief

Defendant and (2) a completed statement, verified under oath, of all payments, transfers or

assignments of funds, assets, or property worth $1,000 or more since May 15, 2012.  Such

statement shall include: (a) the amount transferred or assigned; (b) the name of each transferee or

assignee; (c) the date of the transfer or assignment; and (d) the type and amount of consideration

paid by the Defendant or Relief Defendant.  Each statement shall specify the name and address

of each financial institution and brokerage firm at which the Defendant or Relief Defendant has

accounts or safe deposit boxes.  Said statements shall include assets held in foreign as well as

domestic accounts.

## VII.    FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within five (5) days following the service of this

Order, each Defendant shall:

A.       Provide Plaintiff's counsel and the Receiver with a full accounting, verified under

oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of

the United States which are:  (1) titled in the name, individually or jointly, of any Defendant; (2)

held by any person or entity for the benefit of any Defendant or for the benefit of, any

corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned,

managed, or controlled by any Defendant; or (3) under the direct or indirect control, whether

jointly or singly, of any Defendant;

B.       Take all steps necessary to provide Plaintiff's counsel and Receiver access to all

Documents and records that may be held by third parties located outside of the territorial United

States of America, including signing the Consent to Release of Financial Records appended to

this Order as **Attachment C**.

13

C.     Transfer to the territory of the United States and deliver to the Receiver all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant; and

D.     The same business day as any repatriation, (1) notify the Receiver and counsel for Plaintiff of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## VIII.  NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A.     Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' Assets have been fully repatriated pursuant to this Order; or

B.     Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to

14

a court order, until such time that all Defendants' Assets have been fully repatriated pursuant to this Order.

## IX.   CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any Defendants or Relief Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## X.   PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants and Relief Defendant, and their officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.    Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to:  (1) the business, business practices, Assets, or business or personal finances of any Defendant or Relief Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant or Relief Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant or Relief Defendant; and

B.    Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants and Relief Defendant's incomes, disbursements, transactions, and use of Defendants and Relief Defendant's Assets.

## XI.    REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel and the Receiver with a written statement disclosing:  (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XII.    TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Charles H. Lichtman is appointed as temporary receiver of the Corporate Defendants with full powers of an equity receiver.  The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.

## XIII.    DUTIES AND AUTHORITY OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.    Assume full control of Corporate Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any Corporate Defendant from control of, management of, or participation in, the affairs of the Corporate Defendant;

16

B.      Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Corporate Defendant, wherever situated;

C.      Obtain, conserve, hold, manage, and prevent the loss of all Assets of the Corporate Defendants, and perform all acts necessary or advisable to preserve the value of those Assets. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Corporate Defendants. The Receiver shall have full power to sue for, collect, and receive, all Assets of the Corporate Defendants and of other persons or entities whose interests are now under the direction, possession, custody, or control of, the Corporate Defendants. *Provided, however,* that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Corporate Defendants has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

D.      Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Corporate Defendants, and perform all acts necessary or advisable to preserve such Documents. The Receiver shall:  divert mail; preserve all Documents of the Corporate Defendants that are accessible via electronic means such as online access to financial accounts and access to electronic documents held onsite or by Electronic Data Hosts, by changing usernames, passwords or other log-in credentials; take possession of all electronic Documents of the Corporate Defendants stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of obtaining electronic documents stored onsite or remotely;

17

E.      Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

F.      Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Receiver. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Corporate Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Corporate Defendants, such as rental payments;

G.      Take all steps necessary to secure and take exclusive custody of each location from which the Corporate Defendants operate their businesses. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) securing the location by changing the locks and alarm codes and disconnecting any internet access or other means of access to the computers, servers, internal networks, or other records maintained at that location; and (2) requiring any persons present at the location to leave the premises, to provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Corporate Defendants. Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security. If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

18

H.      Take all steps necessary to prevent the modification, destruction, or erasure of any web page or website registered to and operated, in whole or in part, by any Defendants, and to provide access to all such web page or websites to Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives;

I.      Enter into and cancel contracts and purchase insurance as advisable or necessary;

J.      Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Corporate Defendants;

K.      Make an accounting, as soon as practicable, of the Assets and financial condition of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

L.      Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Corporate Defendants, or to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

M.      Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate;

N.      Open one or more bank accounts at designated depositories for funds of the Corporate Defendants.  The Receiver shall deposit all funds of the Corporate Defendants in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts.  The Receiver shall serve copies of monthly account statements on all parties;

O.      Maintain accurate records of all receipts and expenditures incurred as Receiver;

P.      Allow the Plaintiff's representatives, agents, and assistants, as well as

19

Defendants' representatives and Defendants themselves, reasonable access to the premises of the Corporate Defendants, or any other premises where the Corporate Defendants conduct business. The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Corporate Defendants or their agents. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access;

Q.      Allow the Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives reasonable access to all Documents in the possession, custody, or control of the Corporate Defendants;

R.      Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

S.      Suspend business operations of the Corporate Defendants if in the judgment of the Receiver such operations cannot be continued legally and profitably;

T.      Take all steps necessary to ensure that any of the Corporate Defendants' web pages or websites relating to debt relief or credit repair services cannot be accessed by the public, or are modified for consumer education and/or informational purposes, if the Receiver deems it necessary or advisable;

U.      Take all steps necessary to ensure that any telephone numbers associated with the Corporate Defendants cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations, if the Receiver deems it necessary or advisable; and

V.      File timely reports with the Court at reasonable intervals, or as otherwise directed by the Court.

## XIV.   TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants, Relief Defendant, and any other person with possession, custody, or control of property of, or records relating to, the Corporate Defendants shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Corporate Defendants and immediately transfer or deliver to the Receiver possession, custody, and control of the following:

A.      All Assets held by or for the benefit of the Corporate Defendants;

B.      All Documents of or pertaining to the Corporate Defendants;

C.      All computers, electronic devices, mobile devices and machines used to conduct the business of the Corporate Defendants;

D.      All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Corporate Defendants; and

E.      All keys, codes, user names and passwords necessary to gain access or to secure access to any Assets or Documents of or pertaining to the Corporate Defendants, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

## XV.   PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants shall immediately provide to the Receiver:

A.      A list of all Assets and accounts of the Corporate Defendants that are held in any

name other than the name of a Corporate Defendant, or by any person or entity other than a

Corporate Defendant; and

B.      A list of all agents, employees, officers, attorneys, and servants of the Corporate

Defendants, and those persons in active concert and participation with the Corporate Defendants,

or who have been associated with or done business with the Corporate Defendants.

## XVI.   COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that the Defendants, Relief Defendant, Defendants'

officers, agents, employees, and attorneys, all other persons in active concert or participation

with any of them, and any other person with possession, custody, or control of property or of

records relating to the Corporate Defendants who receive actual notice of this Order shall fully

cooperate with and assist the Receiver.  This cooperation and assistance shall include, but is not

limited to, providing information to the Receiver that the Receiver deems necessary to exercise

the authority and discharge the responsibilities of the Receiver under this Order; providing any

keys, codes, user names and passwords required to access any computers, electronic devices,

mobile devices, or machines (onsite or remotely) or any cloud account (including the specific

method used to access the account) or electronic file in any medium; advising all persons who

owe money to any Corporate Defendant that all debts should be paid directly to the Receiver;

and transferring funds at the Receiver's direction and producing records related to the Assets and

sales of the Corporate Defendants.

## XVII.   NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that the Defendants, Relief Defendant, Defendants'

officers, agents, employees, attorneys, and all other persons in active concert or participation

with any of them, who receive actual notice of this Order, and any other person served with a copy of this Order, are hereby restrained and enjoined from directly or indirectly:

A.      Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B.      Transacting any of the business of the Corporate Defendants;

C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Corporate Defendants; or

D.      Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XVIII. STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the receivership ordered herein, Defendants, Relief Defendant, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Corporate Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Corporate Defendants, including, but not limited to:

A.      Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Corporate Defendants;

B.      Commencing, prosecuting, or continuing a judicial, administrative, or other action

or proceeding against the Corporate Defendants, including the issuance or employment of

process against the Corporate Defendants, except that such actions may be commenced if

necessary to toll any applicable statute of limitations; or

C.      Filing or enforcing any lien on any Asset of the Corporate Defendants, taking or

attempting to take possession, custody, or control of any Asset of the Corporate Defendants,

attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Corporate

Defendants, whether such acts are part of a judicial proceeding, are acts of self-help, or

otherwise.

*Provided, however,* that this Order does not stay:  (1) the commencement or continuation

of a criminal action or proceeding; (2) the commencement or continuation of an action or

proceeding by a governmental unit to enforce such governmental unit's police or regulatory

power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action

or proceeding by a governmental unit to enforce such governmental unit's police or regulatory

power.

## XIX.   COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver

as herein authorized, including counsel to the Receiver and accountants, are entitled to

reasonable compensation for the performance of duties pursuant to this Order and for the cost of

actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession

or control of, or which may be received by, the Corporate Defendants.  The Receiver shall file

with the Court and serve on the parties periodic requests for the payment of such reasonable

compensation, with the first such request filed no more than sixty (60) days after the date of

24

entry of this Order.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

**XX.    RECEIVER'S BOND**

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a bond in the sum of $10,000 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.  28 U.S.C. § 754.

**XXI.   IMMEDIATE ACCESS TO BUSINESS PREMISES AND RECORDS**

**IT IS FURTHER ORDERED** that:

A.       In order to allow Plaintiff and the Receiver to preserve Assets and evidence relevant to this action and to expedite discovery, Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, shall have immediate access to the business premises and storage facilities owned, controlled, or used by the Corporate Defendants.  Such locations include, but are not limited to, 1489 W. Palmetto Park Rd., Suite Nos. 467 and 495, Boca Raton, FL 33486, and any offsite location or commercial mailbox used by the Corporate Defendants.  The Receiver may exclude Defendants, Relief Defendant, and their employees from the business premises during the immediate access.

B.       Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, shall also have immediate access to the records of the Corporate Defendants and the Relief Defendant, and are authorized to remove Documents from the Corporate Defendants' premises in order that they may be inspected, inventoried, and copied.  Plaintiff shall return any removed materials to the Receiver within five (5) business days of completing inventorying and copying, or such time as is agreed upon by Plaintiff and the Receiver;

25

C.      Plaintiff's access to the Corporate Defendants' and Relief Defendant's documents pursuant to this Section shall not provide grounds for any Defendant or Relief Defendant to object to any subsequent request for documents served by Plaintiff.

D.      Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to obtain the assistance of federal, state, and local law enforcement officers as they deem necessary to effect service and to implement peacefully the provisions of this Order;

E.      If any Documents, computers, or electronic storage devices containing information related to the business practices or finances of the Corporate Defendants are at a location other than those listed herein, including personal residence(s) of any Defendant, then, immediately upon receiving notice of this order, Defendants and Relief Defendant shall produce to the Receiver all such Documents, computers, and electronic storage devices, along with any codes or passwords needed for access.  In order to prevent the destruction of computer data, upon service of this Order, any such computers or electronic storage devices shall be powered down in the normal course of the operating system used on such devices and shall not be powered up or used until produced for copying and inspection; and

F.      If any communications or records of any Corporate Defendant are stored with an Electronic Data Host, such Entity shall, immediately upon receiving notice of this order, provide the Receiver with the user name, passwords, and any other login credential needed to access the communications and records, and shall not attempt to access, or cause a third-party to attempt to access, the communications or records.

## XXII. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer,

director, employee, agent, independent contractor, attorney, spouse, former spouse, subsidiary, division, and representative of any Defendant and any company owned or controlled by any Defendant, and shall, by **5:00 PM on May 19, 2017** provide Plaintiff and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXIII. EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of the Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(c), and pursuant to Fed. R. Civ. P. 30(a), 34, and 45, Plaintiff and the Receiver are granted leave, at any time after service of this Order, to conduct limited expedited discovery for the purpose of discovering: (1) the nature, location, status, and extent of Defendants' and Relief Defendant's Assets; (2) the nature, location, and extent of Defendants' business transactions and operations; (3) Documents reflecting Defendants' business transactions and operations; or (4) compliance with this Order. The limited expedited discovery set forth in this Section shall proceed as follows:

A.      Plaintiff and the Receiver may take the deposition of parties and non-parties. Forty-eight (48) hours' notice shall be sufficient notice for such depositions. The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2)(B) and 31(a)(2)(B) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit

set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means;

B.      Plaintiff and the Receiver may serve upon parties requests for production of Documents or inspection that require production or inspection within five (5) days of service, *provided, however*, that three (3) days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format.

C.      Plaintiff and the Receiver may serve upon parties interrogatories that require response within five (5) days after Plaintiff serves such interrogatories;

D.      Plaintiff and the Receiver may serve subpoenas upon non-parties that direct production or inspection within five (5) days of service.

E.      Service of discovery upon a party to this action, taken pursuant to this Section, shall be sufficient if made by facsimile, email, or by overnight delivery.

F.      Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.  The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Fed. R. Civ. P. 26(d) & (f).

G.      The Parties are exempted from making initial disclosures under Fed. R. Civ. P. 26(a)(1) until further order of this Court.

## XXIV. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order as well as the Motion for Temporary Restraining Order and all other pleadings, Documents, and exhibits filed contemporaneously with that Motion (other than the complaint and summons), may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any

law enforcement agency, or by private process server, upon any Defendant or any Person

(including any financial institution) that may have possession, custody, or control of any Asset or

Document of any Defendant, or that may be subject to any provision of this Order pursuant to

Fed. R. Civ. P.  65(d)(2).  For purposes of this Section, service upon any branch, subsidiary,

affiliate or office of any entity shall effect service upon the entire entity.

## XXV.  CORRESPONDENCE AND SERVICE ON PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence

and service of pleadings on Plaintiff shall be addressed to:

> Miya Tandon
> Federal Trade Commission
> 600 Pennsylvania Ave., NW, CC-10232
> Washington, DC 20580
> Phone:  (202) 326-2351
> Fax: (202) 326-3768
> mtandon@ftc.gov

## XXVI. PRELIMINARY INJUNCTION HEARING

A **HEARING** is set before this Court in the United States Courthouse located at 299 East

Broward Boulevard, Fort Lauderdale, Florida 33301, Courtroom 205F, on **May 26, 2017**, at

**10:30 PM.**, at which time Defendants and Relief Defendant and/or any other affected persons

may challenge the appropriateness of this Order and move to dissolve the same and at which

time the Court will hear argument on Plaintiff's requested Preliminary Injunction and other

Equitable Relief;

(1)     Plaintiff shall serve copies of the Complaint; the Motion for Temporary

Restraining Order, Asset Freeze, Appointment of a Receiver, Immediate Access, and Other

Equitable Relief; and this Order; on each Defendant by **5:00 PM on May 18, 2017**.

(2)     Any response or opposition to Plaintiff's Motion for Preliminary Injunction and the continued freezing of assets and appointment of Receiver must be filed and served on Plaintiff's counsel by **May 23, 2017** by **1:00 PM**. Plaintiff shall file any Reply Memorandum on or before **May 25, 2017** by **1:00 PM**. The above dates may be revised upon stipulation by all parties and approval of this Court.

(3)     *Provided that* such affidavits, pleadings, motions, expert reports, declarations, legal memoranda, or oppositions must be served by personal or overnight delivery, facsimile, or email, and be received by the other party or parties by the date and time set forth in this Section.

H.     An evidentiary hearing on Plaintiff's request for a preliminary injunction is not necessary unless Defendants and Relief Defendant demonstrate that they have, and intend to introduce, evidence that raises a genuine and material factual issue.  The question of whether this Court should enter a preliminary injunction shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties.  Live testimony shall be heard only on further order of this Court.  Any motion to permit such testimony shall be filed with the Court and served on counsel for the other parties by **May 22, 2017 by 5:00 PM**.  Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court. Any papers opposing a timely motion to present live testimony or to present live testimony in response to another party's timely motion to present live testimony shall be filed with this Court and served on the other parties no later than **May 24, 2017 by 5:00 PM**.

*Provided, however,* that service shall be performed by personal or overnight delivery,

facsimile, or email, and Documents shall be delivered so that they shall be received by the other

parties on the appropriate dates and times provided in this Section.

## XXVII.    DURATION OF THE ORDER

**IT IS FURTHER ORDERED** that this Order shall expire fourteen (14) days from the

date of entry noted below, unless within such time, the Order is extended for an additional period

pursuant to Fed. R. Civ. P. 65(b)(2).

## XXVIII.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

appropriate  purposes.

**SO ORDERED**, this 15th day of May, 2017, at 4:00 p.m. at Fort Lauderdale, Broward

County, Florida.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
All counsel of record

31

# PLAINTIFF'S EXHIBIT 38 – 5

*FTC v. Strategic Student Sols., LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-CV-80619-WPD**

FEDERAL TRADE COMMISSION,

      Plaintiff,

      v.

STRATEGIC STUDENT SOLUTIONS LLC, a
limited liability company, STRATEGIC CREDIT
SOLUTIONS LLC, a limited liability company,
STRATEGIC DEBT SOLUTIONS LLC, a limited
liability company, STRATEGIC DOC PREP
SOLUTIONS LLC, a limited liability company,
STUDENT RELIEF CENTER LLC, a limited
liability company, CREDIT RELIEF CENTER
LLC, a limited liability company, and

DAVE GREEN, individually and as an officer of
STRATEGIC STUDENT SOLUTIONS LLC,
STRATEGIC CREDIT SOLUTIONS LLC,
STRATEGIC DEBT SOLUTIONS LLC,
STRATEGIC DOC PREP SOLUTIONS LLC,
STUDENT RELIEF CENTER LLC, and CREDIT
RELIEF CENTER LLC,

      Defendants, and

DG INVESTMENT PROPERTIES LLC,

      Relief Defendant.

**FILED UNDER SEAL**

***EX PARTE* TEMPORARY RESTRAINING ORDER WITH
ASSET FREEZE, APPOINTMENT OF A TEMPORARY RECEIVER,
AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE
WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

1

Plaintiff, the Federal Trade Commission, has filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and Section 410(b) of the Credit Repair Organizations Act, 15 U.S.C. § 1679h(b), and has moved, pursuant to Fed. R. Civ. P. 65(b), for a temporary restraining order, asset freeze, other equitable relief, and an order to show cause why a preliminary injunction should not issue against Defendants.

The Court, having considered the Complaint, the *ex parte* Motion for a Temporary Restraining Order, declarations, exhibits, and the memorandum of points and authorities filed in support thereof, and being otherwise advised, **GRANTS** Plaintiff's motion for a temporary restraining order and **FINDS** and **ORDERS** as follows:

## FINDINGS OF FACT

A.      This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

B.      There is good cause to believe that Defendants Dave Green, Strategic Student Solutions LLC, Strategic Credit Solutions LLC, Strategic Debt Solutions LLC, Strategic Doc Prep Solutions LLC, Student Relief Center LLC, and Credit Relief Center LLC have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679-1679j, and that Plaintiff is therefore likely to prevail on the merits of this action. As demonstrated by the consumer declarations, Department

2

of Education and loan servicer declarations, consumer complaints, website captures, corporate

filings, and records from banks and other corporate service providers, the FTC has established a

likelihood of success in showing that Defendants have materially misrepresented their debt relief

and credit repair services and have charged illegal advance fees.

C.       There is good cause to believe that immediate and continuing harm will result

from Defendants' ongoing violations of the FTC Act, the TSR, and the CROA unless Defendants

are restrained and enjoined by order of this Court.

D.       There is good cause to believe that Relief Defendant DG Investment Properties

LLC received funds or assets that can be traced directly to Defendants' unlawful acts or practices

and has no legitimate claim to those funds.

E.       There is good cause to believe that immediate and irreparable damage to the

Court's ability to grant effective final relief for consumers—including monetary restitution,

rescission, disgorgement or refunds—will occur from the sale, transfer, destruction or other

disposition or concealment by Defendants or Relief Defendant of their assets or records, unless

Defendants and Relief Defendant are immediately restrained and enjoined by order of this Court;

and that, in accordance with Fed. R. Civ. P. 65(b), the interests of justice require that this Order

be granted without prior notice to Defendants and Relief Defendant. Thus, there is good cause

for relieving Plaintiff of the duty to provide Defendants and Relief Defendant with prior notice

of its Motion for a Temporary Restraining Order.

F.       Good cause exists for appointing a temporary receiver over the Corporate

Defendants and their subsidiaries; freezing Defendants' assets; permitting the Plaintiff and the

Receiver immediate access to the Defendants' business premises; and permitting the Plaintiff and

the Receiver to take expedited discovery.

3

G.      Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze, the appointment of a temporary receiver, immediate access to business premises, expedited discovery, and other equitable relief is in the public interest.

H.      This Court has authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Fed. R. Civ. P. 65; and the All Writs Act, 28 U.S.C. § 1651.

I.      No security is required of any agency of the United States for issuance of a temporary restraining order.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.      "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B.      "**Corporate Defendants**" means Strategic Student Solutions LLC, Strategic Credit Solutions LLC, Strategic Debt Solutions LLC, Strategic Doc Prep Solutions LLC, Student Relief Center LLC, Credit Relief Center LLC, and each of their subsidiaries, affiliates, successors, and assigns.

C.      "**Credit Repair Service**" means any service for the express or implied purpose of improving any consumer's credit record, credit history, or credit rating; or providing advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating.

D.      "**Debt Relief Service**" means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors or debt collectors, including, but not

4

limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector.

E.    "**Defendant(s)**" means Corporate Defendants and Dave Green, individually, collectively, or in any combination.

F.    "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

G.    "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

H.    "**Receiver**" means the temporary receiver appointed in Section XII of this Order and any deputy receivers that shall be named by the temporary receiver.

5

I.    "**Relief Defendant**" means DG Investment Properties LLC, and each of its subsidiaries, affiliates, successors, and assigns.

## ORDER

## I.    RESTRICTIONS ON ADVANCE FEES FOR DEBT RELIEF AND CREDIT REPAIR SERVICES

**IT IS THEREFORE ORDERED** that the Defendants, and their officers, agents, employees, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

A.    providing, offering to provide, or arranging for others to provide any debt relief service and requesting or receiving payment of any fees or consideration for any debt relief service until and unless:

1.    the seller or telemarketer has renegotiated, settled, reduced, or otherwise altered the terms of at least one debt pursuant to a settlement agreement, debt management plan, or other such valid contractual agreement executed by the customer;

2.    the customer has made at least one payment pursuant to that settlement agreement, debt management plan, or other valid contractual agreement between the customer and the creditor or debt collector; and

3.    to the extent that debts enrolled in a service are renegotiated, settled, reduced, or otherwise altered individually, the fee or consideration either:

6

a.        bears the same proportional relationship to the total fee for

renegotiating, settling, reducing, or altering the terms of the entire debt

balance as the individual debt amount bears to the entire debt amount.

The individual debt amount and the entire debt amount are those owed at

the time the debt was enrolled in the service; or

b.        is a percentage of the amount saved as a result of the renegotiation,

settlement, reduction, or alteration. The percentage charged cannot

change from one individual debt to another. The amount saved is the

difference between the amount owed at the time the debt was enrolled in

the service and the amount actually paid to satisfy the debt; and

B.       providing, offering to provide, or arranging for others to provide any credit repair

service and charging or receiving money or other valuable consideration for the performance of

credit repair services before the services are fully performed.

## II.    PROHIBITION ON DECEPTIVE OR UNSUBSTANTIATED REPRESENTATIONS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees,

and attorneys, and all other persons in active concert or participation with them, who receive

actual notice of this Order by personal service or otherwise, whether acting directly or indirectly,

in connection with the advertising, marketing, promoting, or offering for sale of any debt relief

or credit repair service, are temporarily restrained and enjoined from:

A.       misrepresenting or assisting others in misrepresenting, expressly or by

implication:

1.        that Defendants will enroll consumers in student loan forgiveness or other

programs that would lower their payments or balances;

7

2.      that consumers' monthly payments to Defendants will be applied to pay off the consumers' loans;

3.      that consumers' student loan debt will be forgiven in three years or less after payment of initial fees;

4.      that if a consumer cancels his or her enrollment in a federal student loan forgiveness program, it is very difficult or impossible to re-enter another forgiveness program;

5.      that consumers' credit will be improved as a result of Defendants' program; and

6.      any other fact material to consumers concerning any debt relief or credit repair service, such as:  the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics; and

B.      making or assisting others in making, any representation, expressly or by implication, about the benefits, performance, or efficacy of any product or service, unless the representation is non-misleading and, at the time such representation is made, Defendants possess and rely upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant fields, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

### III.    PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.      Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B.      Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

*Provided, however,* that Defendants may disclose such identifying information to a law enforcement agency, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

## IV.    ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets, wherever located, including outside the United States, that are:

1.      owned or controlled, directly or indirectly, by any Defendant, including, but not limited to those for which a Defendant is a signatory on the account;

2.      held, in part or in whole, for the benefit of any Defendant;

9

3.      in the actual or constructive possession of any Defendant; or

4.      owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant.

B.      Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant or subject to access by any Defendant, except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order;

C.      Incurring charges or cash advances on any credit or bank card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager. This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor; or

D.      Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

The Assets affected by this Section shall include:  (1) all Assets of Defendants as of the time this Order is entered; (2) Assets obtained by Defendants after this Order is entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order.  This Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this order.

10

## V.    DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic

Data Host, credit card processor, payment processor, merchant bank, acquiring bank,

independent sales organization, third party processor, payment gateway, insurance company,

business entity, or person who receives actual notice of this Order (by service or otherwise) and

that (a) holds, controls, or maintains custody, through an account or otherwise, of any Document

or Asset that is:  owned or controlled, directly or indirectly, by any Defendant; held, in part or in

whole, for the benefit of any Defendant; in the actual or constructive possession of any

Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise

held for the benefit of, any corporation, partnership, asset protection trust, or other entity  that is

directly or indirectly owned, managed, or controlled by any Defendant; (b) holds, controls, or

maintains custody of any Document or Asset associated with credits, debits or charges made on

behalf of any Defendant, including reserve funds held by payment processors, credit card

processors, merchant banks, acquiring banks, independent sales organizations, third party

processors, payment gateways, insurance companies, or other entities; or (c) has held, controlled,

or maintained custody of any such Document, Asset, or account at any time since the date of

entry of this Order shall:

    A.    Hold, preserve, and retain within its control and prohibit the withdrawal, removal,

alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment,

conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or

other property related to such Assets, except by further order of this Court;

    B.    Deny any Person, except the Receiver, access to any safe deposit box, commercial

mail box, or storage facility that is titled in the name of any Defendant, either individually or

jointly, or otherwise subject to access by any Defendant;

C.      Provide Plaintiff's counsel and the Receiver, within three (3) business days of receiving a copy of this Order, a sworn statement setting forth:

1.      The identification number of each such account or Asset;

2.      The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

3.      The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant; and

D.      Upon the request of Plaintiff's counsel or the Receiver, promptly provide Plaintiff's counsel and the Receiver with copies of all records or other Documents pertaining to such account or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

## VI.      FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that each Defendant and Relief Defendant, within five (5) days of service of this Order upon them, shall prepare and deliver to Plaintiff's counsel and the Receiver (1) completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for the Individual Defendant, and **Attachment**

**B** (Financial Statement of Corporate Defendant) for each Corporate Defendant and Relief

Defendant and (2) a completed statement, verified under oath, of all payments, transfers or

assignments of funds, assets, or property worth $1,000 or more since May 15, 2012.  Such

statement shall include: (a) the amount transferred or assigned; (b) the name of each transferee or

assignee; (c) the date of the transfer or assignment; and (d) the type and amount of consideration

paid by the Defendant or Relief Defendant.  Each statement shall specify the name and address

of each financial institution and brokerage firm at which the Defendant or Relief Defendant has

accounts or safe deposit boxes.  Said statements shall include assets held in foreign as well as

domestic accounts.

## VII.   FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within five (5) days following the service of this

Order, each Defendant shall:

A.      Provide Plaintiff's counsel and the Receiver with a full accounting, verified under

oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of

the United States which are:  (1) titled in the name, individually or jointly, of any Defendant; (2)

held by any person or entity for the benefit of any Defendant or for the benefit of, any

corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned,

managed, or controlled by any Defendant; or (3) under the direct or indirect control, whether

jointly or singly, of any Defendant;

B.      Take all steps necessary to provide Plaintiff's counsel and Receiver access to all

Documents and records that may be held by third parties located outside of the territorial United

States of America, including signing the Consent to Release of Financial Records appended to

this Order as **Attachment C**.

13

C.     Transfer to the territory of the United States and deliver to the Receiver all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant; and

D.     The same business day as any repatriation, (1) notify the Receiver and counsel for Plaintiff of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## VIII.  NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A.     Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' Assets have been fully repatriated pursuant to this Order; or

B.     Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to

14

a court order, until such time that all Defendants' Assets have been fully repatriated pursuant to this Order.

## IX.    CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any Defendants or Relief Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## X.    PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants and Relief Defendant, and their officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

    A.    Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to:  (1) the business, business practices, Assets, or business or personal finances of any Defendant or Relief Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant or Relief Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant or Relief Defendant; and

    B.    Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants and Relief Defendant's incomes, disbursements, transactions, and use of Defendants and Relief Defendant's Assets.

## XI.    REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel and the Receiver with a written statement disclosing:  (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XII.    TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Charles H. Lichtman is appointed as temporary receiver of the Corporate Defendants with full powers of an equity receiver.  The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.

## XIII.   DUTIES AND AUTHORITY OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.     Assume full control of Corporate Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any Corporate Defendant from control of, management of, or participation in, the affairs of the Corporate Defendant;

16

B.      Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Corporate Defendant, wherever situated;

C.      Obtain, conserve, hold, manage, and prevent the loss of all Assets of the Corporate Defendants, and perform all acts necessary or advisable to preserve the value of those Assets. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Corporate Defendants. The Receiver shall have full power to sue for, collect, and receive, all Assets of the Corporate Defendants and of other persons or entities whose interests are now under the direction, possession, custody, or control of, the Corporate Defendants. *Provided, however,* that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Corporate Defendants has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

D.      Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Corporate Defendants, and perform all acts necessary or advisable to preserve such Documents. The Receiver shall:  divert mail; preserve all Documents of the Corporate Defendants that are accessible via electronic means such as online access to financial accounts and access to electronic documents held onsite or by Electronic Data Hosts, by changing usernames, passwords or other log-in credentials; take possession of all electronic Documents of the Corporate Defendants stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of obtaining electronic documents stored onsite or remotely;

17

E.     Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

F.     Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Receiver. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Corporate Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Corporate Defendants, such as rental payments;

G.     Take all steps necessary to secure and take exclusive custody of each location from which the Corporate Defendants operate their businesses. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) securing the location by changing the locks and alarm codes and disconnecting any internet access or other means of access to the computers, servers, internal networks, or other records maintained at that location; and (2) requiring any persons present at the location to leave the premises, to provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Corporate Defendants. Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security. If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

18

H.      Take all steps necessary to prevent the modification, destruction, or erasure of any web page or website registered to and operated, in whole or in part, by any Defendants, and to provide access to all such web page or websites to Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives;

I.      Enter into and cancel contracts and purchase insurance as advisable or necessary;

J.      Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Corporate Defendants;

K.      Make an accounting, as soon as practicable, of the Assets and financial condition of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

L.      Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Corporate Defendants, or to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

M.      Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate;

N.      Open one or more bank accounts at designated depositories for funds of the Corporate Defendants. The Receiver shall deposit all funds of the Corporate Defendants in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts. The Receiver shall serve copies of monthly account statements on all parties;

O.      Maintain accurate records of all receipts and expenditures incurred as Receiver;

P.      Allow the Plaintiff's representatives, agents, and assistants, as well as

19

Defendants' representatives and Defendants themselves, reasonable access to the premises of the Corporate Defendants, or any other premises where the Corporate Defendants conduct business. The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Corporate Defendants or their agents. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access;

Q. Allow the Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives reasonable access to all Documents in the possession, custody, or control of the Corporate Defendants;

R. Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

S. Suspend business operations of the Corporate Defendants if in the judgment of the Receiver such operations cannot be continued legally and profitably;

T. Take all steps necessary to ensure that any of the Corporate Defendants' web pages or websites relating to debt relief or credit repair services cannot be accessed by the public, or are modified for consumer education and/or informational purposes, if the Receiver deems it necessary or advisable;

U. Take all steps necessary to ensure that any telephone numbers associated with the Corporate Defendants cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations, if the Receiver deems it necessary or advisable; and

V. File timely reports with the Court at reasonable intervals, or as otherwise directed by the Court.

## XIV.   TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants, Relief Defendant, and any other person with possession, custody, or control of property of, or records relating to, the Corporate Defendants shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Corporate Defendants and immediately transfer or deliver to the Receiver possession, custody, and control of the following:

A.     All Assets held by or for the benefit of the Corporate Defendants;

B.     All Documents of or pertaining to the Corporate Defendants;

C.     All computers, electronic devices, mobile devices and machines used to conduct the business of the Corporate Defendants;

D.     All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Corporate Defendants; and

E.     All keys, codes, user names and passwords necessary to gain access or to secure access to any Assets or Documents of or pertaining to the Corporate Defendants, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

## XV.     PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants shall immediately provide to the Receiver:

21

A. A list of all Assets and accounts of the Corporate Defendants that are held in any name other than the name of a Corporate Defendant, or by any person or entity other than a Corporate Defendant; and

B. A list of all agents, employees, officers, attorneys, and servants of the Corporate Defendants, and those persons in active concert and participation with the Corporate Defendants, or who have been associated with or done business with the Corporate Defendants.

## XVI. COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that the Defendants, Relief Defendant, Defendants' officers, agents, employees, and attorneys, all other persons in active concert or participation with any of them, and any other person with possession, custody, or control of property or of records relating to the Corporate Defendants who receive actual notice of this Order shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names and passwords required to access any computers, electronic devices, mobile devices, or machines (onsite or remotely) or any cloud account (including the specific method used to access the account) or electronic file in any medium; advising all persons who owe money to any Corporate Defendant that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Corporate Defendants.

## XVII. NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that the Defendants, Relief Defendant, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation

22

with any of them, who receive actual notice of this Order, and any other person served with a

copy of this Order, are hereby restrained and enjoined from directly or indirectly:

     A.     Interfering with the Receiver's efforts to manage, or take custody, control, or

possession of, the Assets or Documents subject to the receivership;

     B.     Transacting any of the business of the Corporate Defendants;

     C.     Transferring, receiving, altering, selling, encumbering, pledging, assigning,

liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or

custody of, or in which an interest is held or claimed by, the Corporate Defendants; or

     D.     Refusing to cooperate with the Receiver or the Receiver's duly authorized agents

in the exercise of their duties or authority under any order of this Court.

## XVIII. STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency

of the receivership ordered herein, Defendants, Relief Defendant, Defendants' officers, agents,

employees, attorneys, and all other persons in active concert or participation with any of them,

who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or

affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking

to establish or enforce any claim, right, or interest against or on behalf of Corporate Defendants,

and all others acting for or on behalf of such persons, are hereby enjoined from taking action that

would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the

Corporate Defendants, including, but not limited to:

     A.     Filing or assisting in the filing of a petition for relief under the Bankruptcy Code,

11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Corporate

Defendants;

23

B.      Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Corporate Defendants, including the issuance or employment of process against the Corporate Defendants, except that such actions may be commenced if necessary to toll any applicable statute of limitations; or

C.      Filing or enforcing any lien on any Asset of the Corporate Defendants, taking or attempting to take possession, custody, or control of any Asset of the Corporate Defendants, attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Corporate Defendants, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise.

*Provided, however,* that this Order does not stay:  (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XIX.   COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Corporate Defendants.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of

24

entry of this Order.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

**XX.    RECEIVER'S BOND**

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a bond in the sum of $10,000 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.  28 U.S.C. § 754.

**XXI.   IMMEDIATE ACCESS TO BUSINESS PREMISES AND RECORDS**
**IT IS FURTHER ORDERED** that:

A.      In order to allow Plaintiff and the Receiver to preserve Assets and evidence relevant to this action and to expedite discovery, Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, shall have immediate access to the business premises and storage facilities owned, controlled, or used by the Corporate Defendants.  Such locations include, but are not limited to, 1489 W. Palmetto Park Rd., Suite Nos. 467 and 495, Boca Raton, FL 33486, and any offsite location or commercial mailbox used by the Corporate Defendants.  The Receiver may exclude Defendants, Relief Defendant, and their employees from the business premises during the immediate access.

B.      Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, shall also have immediate access to the records of the Corporate Defendants and the Relief Defendant, and are authorized to remove Documents from the Corporate Defendants' premises in order that they may be inspected, inventoried, and copied.  Plaintiff shall return any removed materials to the Receiver within five (5) business days of completing inventorying and copying, or such time as is agreed upon by Plaintiff and the Receiver;

25

C.     Plaintiff's access to the Corporate Defendants' and Relief Defendant's documents pursuant to this Section shall not provide grounds for any Defendant or Relief Defendant to object to any subsequent request for documents served by Plaintiff.

D.     Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to obtain the assistance of federal, state, and local law enforcement officers as they deem necessary to effect service and to implement peacefully the provisions of this Order;

E.     If any Documents, computers, or electronic storage devices containing information related to the business practices or finances of the Corporate Defendants are at a location other than those listed herein, including personal residence(s) of any Defendant, then, immediately upon receiving notice of this order, Defendants and Relief Defendant shall produce to the Receiver all such Documents, computers, and electronic storage devices, along with any codes or passwords needed for access.  In order to prevent the destruction of computer data, upon service of this Order, any such computers or electronic storage devices shall be powered down in the normal course of the operating system used on such devices and shall not be powered up or used until produced for copying and inspection; and

F.     If any communications or records of any Corporate Defendant are stored with an Electronic Data Host, such Entity shall, immediately upon receiving notice of this order, provide the Receiver with the user name, passwords, and any other login credential needed to access the communications and records, and shall not attempt to access, or cause a third-party to attempt to access, the communications or records.

## XXII.  DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer,

director, employee, agent, independent contractor, attorney, spouse, former spouse, subsidiary, division, and representative of any Defendant and any company owned or controlled by any Defendant, and shall, by **5:00 PM on May 19, 2017** provide Plaintiff and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXIII. EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of the Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(c), and pursuant to Fed. R. Civ. P. 30(a), 34, and 45, Plaintiff and the Receiver are granted leave, at any time after service of this Order, to conduct limited expedited discovery for the purpose of discovering: (1) the nature, location, status, and extent of Defendants' and Relief Defendant's Assets; (2) the nature, location, and extent of Defendants' business transactions and operations; (3) Documents reflecting Defendants' business transactions and operations; or (4) compliance with this Order. The limited expedited discovery set forth in this Section shall proceed as follows:

A.    Plaintiff and the Receiver may take the deposition of parties and non-parties. Forty-eight (48) hours' notice shall be sufficient notice for such depositions. The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2)(B) and 31(a)(2)(B) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit

27

set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means;

B.      Plaintiff and the Receiver may serve upon parties requests for production of Documents or inspection that require production or inspection within five (5) days of service, *provided, however*, that three (3) days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format.

C.      Plaintiff and the Receiver may serve upon parties interrogatories that require response within five (5) days after Plaintiff serves such interrogatories;

D.      Plaintiff and the Receiver may serve subpoenas upon non-parties that direct production or inspection within five (5) days of service.

E.      Service of discovery upon a party to this action, taken pursuant to this Section, shall be sufficient if made by facsimile, email, or by overnight delivery.

F.      Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.  The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Fed. R. Civ. P. 26(d) & (f).

G.      The Parties are exempted from making initial disclosures under Fed. R. Civ. P. 26(a)(1) until further order of this Court.

## XXIV. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order as well as the Motion for Temporary Restraining Order and all other pleadings, Documents, and exhibits filed contemporaneously with that Motion (other than the complaint and summons), may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any

law enforcement agency, or by private process server, upon any Defendant or any Person

(including any financial institution) that may have possession, custody, or control of any Asset or

Document of any Defendant, or that may be subject to any provision of this Order pursuant to

Fed. R. Civ. P. 65(d)(2). For purposes of this Section, service upon any branch, subsidiary,

affiliate or office of any entity shall effect service upon the entire entity.

## XXV. CORRESPONDENCE AND SERVICE ON PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence

and service of pleadings on Plaintiff shall be addressed to:

> Miya Tandon
> Federal Trade Commission
> 600 Pennsylvania Ave., NW, CC-10232
> Washington, DC 20580
> Phone: (202) 326-2351
> Fax: (202) 326-3768
> mtandon@ftc.gov

## XXVI. PRELIMINARY INJUNCTION HEARING

A **HEARING** is set before this Court in the United States Courthouse located at 299 East

Broward Boulevard, Fort Lauderdale, Florida 33301, Courtroom 205F, on **May 26, 2017**, at

**10:30 PM,**, at which time Defendants and Relief Defendant and/or any other affected persons

may challenge the appropriateness of this Order and move to dissolve the same and at which

time the Court will hear argument on Plaintiff's requested Preliminary Injunction and other

Equitable Relief;

(1)   Plaintiff shall serve copies of the Complaint; the Motion for Temporary

Restraining Order, Asset Freeze, Appointment of a Receiver, Immediate Access, and Other

Equitable Relief; and this Order; on each Defendant by **5:00 PM on May 18, 2017**.

(2)      Any response or opposition to Plaintiff's Motion for Preliminary Injunction and the continued freezing of assets and appointment of Receiver must be filed and served on Plaintiff's counsel by **May 23, 2017** by **1:00 PM**. Plaintiff shall file any Reply Memorandum on or before **May 25, 2017** by **1:00 PM**. The above dates may be revised upon stipulation by all parties and approval of this Court.

(3)      *Provided that* such affidavits, pleadings, motions, expert reports, declarations, legal memoranda, or oppositions must be served by personal or overnight delivery, facsimile, or email, and be received by the other party or parties by the date and time set forth in this Section.

H.      An evidentiary hearing on Plaintiff's request for a preliminary injunction is not necessary unless Defendants and Relief Defendant demonstrate that they have, and intend to introduce, evidence that raises a genuine and material factual issue.  The question of whether this Court should enter a preliminary injunction shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties.  Live testimony shall be heard only on further order of this Court.  Any motion to permit such testimony shall be filed with the Court and served on counsel for the other parties by **May 22, 2017** by **5:00 PM**.  Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court. Any papers opposing a timely motion to present live testimony or to present live testimony in response to another party's timely motion to present live testimony shall be filed with this Court and served on the other parties no later than **May 24, 2017 by 5:00 PM**.

*Provided, however,* that service shall be performed by personal or overnight delivery, facsimile, or email, and Documents shall be delivered so that they shall be received by the other parties on the appropriate dates and times provided in this Section.

## XXVII. DURATION OF THE ORDER

**IT IS FURTHER ORDERED** that this Order shall expire fourteen (14) days from the date of entry noted below, unless within such time, the Order is extended for an additional period pursuant to Fed. R. Civ. P. 65(b)(2).

## XXVIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for appropriate purposes.

**SO ORDERED**, this 15th day of May, 2017, at 4:00 p.m. at Fort Lauderdale, Broward County, Florida.


WILLIAM P. DIMITROULEAS
United States District Judge


Copies to:
All counsel of record

# Attachment A

**FEDERAL TRADE COMMISSION**

**FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT**

**Definitions and Instructions:**

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") in the first field only of any item that does not apply to you. If you cannot fully answer a question, explain why.

2. "Dependents" include your spouse, live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3. "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

4. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5. Type or print legibly.

6. Initial each page in the space provided in the lower right corner.

7. Sign and date the completed financial statement on the last page.

**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or devise a material fact; makes any materially false, fictitious or fraudulent statement or representation; or makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any ( . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

# BACKGROUND INFORMATION

## Item 1. Information About You

| Full Name | | Social Security No. | | |
|---|---|---|---|---|
| Current Address of Primary Residence | | Driver's License No. | | State Issued |
| | | Phone Numbers<br>Home: ( )<br>Fax: ( ) | Date of Birth: / /<br>(mm/dd/yyyy)<br>Place of Birth | |
| ☐Rent ☐Own From (Date): / /<br>(mm/dd/yyyy) | | E-Mail Address | | |
| Internet Home Page | | | | |

### Previous Addresses for past five years (if required, use additional pages at end of form)

| Address | From: / / (mm/dd/yyyy)   Until: / / (mm/dd/yyyy)<br><br>☐Rent ☐Own |
|---|---|
| Address | From: / /   Until: / /<br><br>☐Rent ☐Own |
| Address | From: / /   Until: / /<br><br>☐Rent ☐Own |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

## Item 2. Information About Your Spouse or Live-In Companion

| Spouse/Companion's Name | | Social Security No. | Date of Birth<br>/ /<br>(mm/dd/yyyy) |
|---|---|---|---|
| Address (if different from yours) | | Phone Number<br>( ) | Place of Birth |
| | | ☐Rent ☐Own | From (Date): / /<br>(mm/dd/yyyy) |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

| Employer's Name and Address | Job Title | |
|---|---|---|
| | Years in Present Job | Annual Gross Salary/Wages<br>$ |

## Item 3. Information About Your Previous Spouse

| Name and Address | Social Security No. |
|---|---|
| | Date of Birth<br>/ /<br>(mm/dd/yyyy) |

## Item 4. Contact Information (name and address of closest living relative other than your spouse)

| Name and Address | Phone Number<br>( ) |
|---|---|
| | |

Initials: _____

## Item 5. Information About Dependents (whether or not they reside with you)

| Name and Address | Social Security No. | Date of Birth<br>/ /<br>(mm/dd/yyyy) |
|---|---|---|
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth<br>/ /<br>(mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth<br>/ /<br>(mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth<br>/ /<br>(mm/dd/yyyy) |
| | Relationship | |

## Item 6. Employment Information/Employment Income

Provide the following information for this year-to-date and for each of the previous five full years, for each business entity of which you were a director, officer, member, partner, employee (including self-employment), agent, owner, shareholder, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, distributions, draws, consulting fees, loans, loan payments, dividends, royalties, and benefits for which you did not pay (e.g., health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
|---|---|---|---|---|
| | From (Month/Year)<br>/ | To (Month/Year)<br>/ | Year<br><br>20 | Income<br><br>$ |
| Ownership Interest? ☐ Yes ☐ No | | | | $ |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
| | From (Month/Year)<br>/ | To (Month/Year)<br>/ | Year<br><br>20 | Income<br><br>$ |
| Ownership Interest? ☐ Yes ☐ No | | | | $ |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
| | From (Month/Year)<br>/ | To (Month/Year)<br>/ | Year<br><br>20 | Income<br><br>$ |
| Ownership Interest? ☐ Yes ☐ No | | | | $ |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |

Initials: _____

## Item 7. Pending Lawsuits Filed By or Against You or Your Spouse

List all pending lawsuits that have been filed by or against you or your spouse in any court or before an administrative agency in the United States or in any foreign country or territory. *Note: At Item 12, list lawsuits that resulted in final judgments or settlements in your favor. At Item 21, list lawsuits that resulted in final judgments or settlements against you.*

| Caption of Proceeding | Court or Agency and Location | Case No. | Nature of Proceeding | Relief Requested | Status or Disposition |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## Item 8. Safe Deposit Boxes

List all safe deposit boxes, located within the United States or in any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents.

| Name of Owner(s) | Name & Address of Depository Institution | Box No. | Contents |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

Initials: _____

## FINANCIAL INFORMATION

**REMINDER:** When an item asks for information regarding your "assets" and "liabilities" include ALL assets and liabilities, located within the United States or in any foreign country or territory, or institution, whether held individually or jointly, and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. In addition, provide all documents requested in Item 24 with your completed Financial Statement.

## ASSETS

### Item 9. Cash, Bank, and Money Market Accounts

List cash on hand (as opposed to cash in bank accounts or other financial accounts) and all bank accounts, money market accounts, or other financial accounts, including but not limited to checking accounts, savings accounts, and certificates of deposit. The term "cash on hand" includes but is not limited to cash in the form of currency, uncashed checks, and money orders.

| a. Amount of Cash on Hand $ | Form of Cash on Hand | | |
|---|---|---|---|
| b. Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

### Item 10. Publicly Traded Securities

List all publicly traded securities, including but not limited to, stocks, stock options, corporate bonds, mutual funds, U.S. government securities (including but not limited to treasury bills and treasury notes), and state and municipal bonds. Also list any U.S. savings bonds.

| Owner of Security | Issuer | Type of Security | No. of Units Owned |
|---|---|---|---|
| Broker House, Address | Broker Account No. | | |
| | Current Fair Market Value $ | Loan(s) Against Security $ | |
| Owner of Security | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | Broker Account No. | | |
| | Current Fair Market Value $ | Loan(s) Against Security $ | |
| Owner of Security | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | Broker Account No. | | |
| | Current Fair Market Value $ | Loan(s) Against Security $ | |

Initials: _____

## Item 11. Non-Public Business and Financial Interests

List all non-public business and financial interests, including but not limited to any interest in a non-public corporation, subchapter-S corporation, limited liability corporation ("LLC"), general or limited partnership, joint venture, sole proprietorship, international business corporation or personal investment corporation, and oil or mineral lease.

| Entity's Name & Address | Type of Business or Financial Interest (e.g., LLC, partnership) | Owner (e.g., self, spouse) | Ownership % | If Officer, Director, Member or Partner, Exact Title |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## Item 12. Amounts Owed to You, Your Spouse, or Your Dependents

| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|---|---|---|---|
| | Current Amount Owed $ | Payment Schedule $ | |
| Debtor's Telephone | Debtor's Relationship to You | | |
| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
| | Current Amount Owed $ | Payment Schedule $ | |
| Debtor's Telephone | Debtor's Relationship to You | | |

## Item 13. Life Insurance Policies

List all life insurance policies (including endowment policies) with any cash surrender value.

| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|---|---|---|---|
| | Insured | Loans Against Policy $ | Surrender Value $ |
| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
| | Insured | Loans Against Policy $ | Surrender Value $ |

## Item 14. Deferred Income Arrangements

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, other retirement accounts, and college savings plans (e.g., 529 Plans).

| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. | |
|---|---|---|---|---|
| | Date Established / / (mm/dd/yyyy) | Type of Plan | Surrender Value before Taxes and Penalties $ | |
| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. | |
| | Date Established / / | Type of Plan | Surrender Value before Taxes and Penalties $ | |

Initials: _____

## Item 15. Pending Insurance Payments or Inheritances
List any pending insurance payments or inheritances owed to you.

| Type | Amount Expected | Date Expected (mm/dd/yyyy) |
|---|---|---|
| | $ | / / |
| | $ | / / |
| | $ | / / |

## Item 16. Vehicles
List all cars, trucks, motorcycles, boats, airplanes, and other vehicles.

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

## Item 17. Other Personal Property
List all other personal property not listed in Items 9-16 by category, whether held for personal use, investment or any other reason, including but not limited to coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

Initials: _____

## Item 18. Real Property
List all real property interests (including any land contract)

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages | |
|---|---|---|---|

| Acquisition Date (mm/dd/yyyy) | Purchase Price | Current Value | Basis of Valuation |
|---|---|---|---|
| / / | $ | $ | |

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract |
|---|---|---|
| | | $ |
| | | Monthly Payment |
| | | $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment | ☐ Rental Unit |
|---|---|---|
| | $ | |
| | Current Balance | Monthly Rent Received |
| | $ | $ |

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages | |
|---|---|---|---|

| Acquisition Date (mm/dd/yyyy) | Purchase Price | Current Value | Basis of Valuation |
|---|---|---|---|
| / / | $ | $ | |

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract |
|---|---|---|
| | | $ |
| | | Monthly Payment |
| | | $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment | ☐ Rental Unit |
|---|---|---|
| | $ | |
| | Current Balance | Monthly Rent Received |
| | $ | $ |

## LIABILITIES

## Item 19. Credit Cards
List each credit card account held by you, your spouse, or your dependents, and any other credit cards that you, your spouse, or your dependents use, whether issued by a United States or foreign financial institution.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

## Item 20. Taxes Payable
List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependents.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

Initials: _____

## Item 21. Other Amounts Owed by You, Your Spouse, or Your Dependents
List all other amounts, not listed elsewhere in this financial statement, owed by you, your spouse, or your dependents.

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
|---|---|---|---|
| | Lender/Creditor's Relationship to You | | |

| Date Liability Was Incurred / / (mm/dd/yyyy) | Original Amount Owed $ | Current Amount Owed $ | Payment Schedule |
|---|---|---|---|

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
|---|---|---|---|
| | Lender/Creditor's Relationship to You | | |

| Date Liability Was Incurred / / (mm/dd/yyyy) | Original Amount Owed $ | Current Amount Owed $ | Payment Schedule |
|---|---|---|---|

## OTHER FINANCIAL INFORMATION

## Item 22. Trusts and Escrows
List all funds and other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents. Include any legal retainers being held on your behalf by legal counsel. Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.

| Trustee or Escrow Agent's Name & Address | Date Established (mm/dd/yyyy) | Grantor | Beneficiaries | Present Market Value of Assets* |
|---|---|---|---|---|
| | / / | | | $ |
| | / / | | | $ |
| | / / | | | $ |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

## Item 23. Transfers of Assets
List each person or entity to whom you have transferred, in the aggregate, more than $5,000 in funds or other assets during the previous five years by loan, gift, sale, or other transfer (exclude ordinary and necessary living and business expenses paid to unrelated third parties). For each such person or entity, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value* | Transfer Date (mm/dd/yyyy) | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ | / / | |
| | | $ | / / | |
| | | $ | / / | |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

Initials: _____

| **Item 24. Document Requests** Provide copies of the following documents with your completed Financial Statement. | |
|---|---|
| | Federal tax returns filed during the last three years by or on behalf of you, your spouse, or your dependents. |
| | All applications for bank loans or other extensions of credit (other than credit cards) that you, your spouse, or your dependents have submitted within the last two years, including by obtaining copies from lenders if necessary. |
| Item 9 | For each bank account listed in Item 9, all account statements for the past 3 years. |
| Item 11 | For each business entity listed in Item 11, provide (including by causing to be generated from accounting records) the most recent balance sheet, tax return, annual income statement, the most recent year-to-date income statement, and all general ledger files from account records. |
| Item 17 | All appraisals that have been prepared for any property listed in Item 17, including appraisals done for insurance purposes. You may exclude any category of property where the total appraised value of all property in that category is less than $2,000. |
| Item 18 | All appraisals that have been prepared for real property listed in Item 18. |
| Item 21 | Documentation for all debts listed in Item 21. |
| Item 22 | All executed documents for any trust or escrow listed in Item 22. Also provide any appraisals, including insurance appraisals that have been done for any assets held by any such trust or in any such escrow. |

## SUMMARY FINANCIAL SCHEDULES

### Item 25.  Combined Balance Sheet for You, Your Spouse, and Your Dependents

| Assets | | Liabilities | |
|---|---|---|---|
| Cash on Hand (Item 9) | $ | Loans Against Publicly Traded Securities (Item 10) | $ |
| Funds Held in Financial Institutions (Item 9) | $ | Vehicles - Liens (Item 16) | $ |
| U.S. Government Securities (Item 10) | $ | Real Property – Encumbrances (Item 18) | $ |
| Publicly Traded Securities (Item 10) | $ | Credit Cards (Item 19) | $ |
| Non-Public Business and Financial Interests (Item 11) | $ | Taxes Payable (Item 20) | $ |
| Amounts Owed to You (Item 12) | $ | Amounts Owed by You (Item 21) | $ |
| Life Insurance Policies (Item 13) | $ | **Other Liabilities (Itemize)** | |
| Deferred Income Arrangements (Item 14) | $ | | $ |
| Vehicles (Item 16) | $ | | $ |
| Other Personal Property (Item 17) | $ | | $ |
| Real Property (Item 18) | $ | | $ |
| **Other Assets (Itemize)** | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| Total Assets | $ | Total Liabilities | $ |

### Item 26.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents
Provide the current monthly income and expenses for you, your spouse, and your dependents. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| Income (State source of each item) | | Expenses | |
|---|---|---|---|
| Salary - After Taxes Source: | $ | Mortgage or Rental Payments for Residence(s) | $ |
| Fees, Commissions, and Royalties Source: | $ | Property Taxes for Residence(s) | $ |
| Interest Source: | $ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $ |
| Dividends and Capital Gains Source: | $ | Car or Other Vehicle Lease or Loan Payments | $ |
| Gross Rental Income Source: | $ | Food Expenses | $ |
| Profits from Sole Proprietorships Source: | $ | Clothing Expenses | $ |
| Distributions from Partnerships, S-Corporations, and LLCs Source: | $ | Utilities | $ |

Initials: _____

| **Item 26.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents (cont.)** | | | | |
|---|---|---|---|---|
| Distributions from Trusts and Estates<br>Source: | $ | Medical Expenses, Including Insurance | | $ |
| Distributions from Deferred Income Arrangements<br>Source: | $ | Other Insurance Premiums | | $ |
| Social Security Payments | $ | Other Transportation Expenses | | $ |
| Alimony/Child Support Received | $ | **Other Expenses (Itemize)** | | |
| Gambling Income | $ | | | $ |
| **Other Income (Itemize)** | | | | $ |
| | $ | | | $ |
| | $ | | | $ |
| | $ | | | $ |
| **Total Income** | $ | **Total Expenses** | | $ |

# ATTACHMENTS

**Item 27.  Documents Attached to this Financial Statement**
List all documents that are being submitted with this financial statement.  For any Item 24 documents that are not attached, explain why.

| Item No. Document Relates To | Description of Document |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____
(Date)

_____
Signature

# Attachment B

# FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF CORPORATE DEFENDANT

**Instructions**:

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2. The font size within each field will adjust automatically as you type to accommodate longer responses.

3. In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

4. When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

5. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number being continued.

6. Type or print legibly.

7. An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

### Item 1.    General Information

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

### Item 2.    Legal Information

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status: Active _____ Inactive _____ Dissolved _____

If Dissolved: Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

### Item 3.    Registered Agent

Name of Registered Agent _____

Address _____ Telephone No. _____

Page 2                                                                    Initials _____

**Item 4.**     **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

| Name & Address | % Owned |
|---|---|
| | |
| | |
| | |
| | |

**Item 5.**     **Board Members**

List all members of the corporation's Board of Directors.

| Name & Address | % Owned | Term (From/Until) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

**Item 6.**     **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

| Name & Address | % Owned |
|---|---|
| | |
| | |
| | |
| | |
| | |

Initials _____

<u>Item 7.</u>        **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

<u>Name & Address</u>                                          <u>Business Activities</u>   <u>% Owned</u>

_____     _____   _____

_____     _____   _____

_____     _____   _____

State which of these businesses, if any, has ever transacted business with the corporation _____

_____

<u>Item 8.</u>        **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

<u>Individual's Name</u>           <u>Business Name & Address</u>          <u>Business Activities</u>   <u>% Owned</u>

_____  _____   _____   _____

_____  _____   _____   _____

_____  _____   _____   _____

State which of these businesses, if any, have ever transacted business with the corporation _____

_____

<u>Item 9.</u>        **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date.  A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

<u>Name and Address</u>                            <u>Relationship</u>    <u>Business Activities</u>

_____     _____   _____

_____     _____   _____

_____     _____   _____

Initials _____

**Item 10.**     **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |

**Item 11.**     **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
|                                   |                  |
|                                   |                  |
|                                   |                  |
|                                   |                  |

**Item 12.**     **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
|      |           |         |
|      |           |         |
|      |           |         |
|      |           |         |
|      |           |         |

Initials _____

**Item 13.** **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Initials _____

**Item 14.**     **Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Initials _____

**Item 15.**      **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

**Item 16.**      **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

| <u>Owner's Name</u> | <u>Name & Address of Depository Institution</u> | <u>Box No.</u> |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

## FINANCIAL INFORMATION

**REMINDER: When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

**Item 17.**      **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| <u>Federal/<br>State/Both</u> | <u>Tax Year</u> | <u>Tax Due<br>Federal</u> | <u>Tax Paid<br>Federal</u> | <u>Tax Due<br>State</u> | <u>Tax Paid<br>State</u> | <u>Preparer's Name</u> |
|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | |
| | | $ | $ | $ | $ | |
| | | $ | $ | $ | $ | |

Page 8                                         Initials _____

**Item 18.**      **Financial Statements**

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|------|---------------|-------------------------|---------------------|---------------------------|----------|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Item 19.**      **Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 18 above, provide the following summary financial information.

| | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|------|----------------------|------------|-------------|-------------|
| Gross Revenue | $ | $ | $ | $ |
| Expenses | $ | $ | $ | $ |
| Net Profit After Taxes | $ | $ | $ | $ |
| Payables | $ | | | |
| Receivables | $ | | | |

**Item 20.**      **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|-----------------------------------------|------------------------|-------------|-----------------|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

Initials _____

**Item 21.**     **Government Obligations and Publicly Traded Securities**

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation. Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

**Item 22.**     **Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____


Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Page 10                                                                       Initials _____

**Item 23.**     **Other Assets**

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**Item 24.**     **Trusts and Escrows**

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |

Initials _____

**Item 25.**      **Monetary Judgments and Settlements Owed To the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____


**Item 26.**      **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____._____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

         Initials _____

**Item 27.**     **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____   Contact Person _____

Address _____   Telephone No. _____

Agreement Date _____   Nature of Agreement _____

**Item 28.**     **Credit Cards**

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

| Name of Credit Card or Store | Names of Authorized Users and Positions Held |
|---|---|
| | |
| | |
| | |
| | |
| | |

**Item 29.**     **Compensation of Employees**

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |

Initials _____

<u>Item 30.</u>          **Compensation of Board Members and Officers**

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

<u>Item 31.</u>          **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |

Initials _____

## Item 32.     Documents Attached to the Financial Statement

List all documents that are being submitted with the financial statement.

| Item No. Document Relates To | Description of Document |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

     I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____

(Date)                 _____

                           Signature

                           _____

                           Corporate Position

                                                   Initials _____

# Attachment C

## CONSENT TO RELEASE FINANCIAL RECORDS

I, _____, of _____

_____ (City, State), do hereby direct any bank,

saving and loan association, credit union, depository institution, finance company, commercial

lending company, credit card processor, credit card processing entity, automated clearing house,

network transaction processor, bank debit processing entity, brokerage house, escrow agent,

money market or mutual fund, title company, commodity trading company, trustee, or person

that holds, controls, or maintains custody of assets, wherever located, that are owned or

controlled by me or at which there is an account of any kind upon which I am authorized to

draw, and its officers, employees, and agents, to disclose all information and deliver copies of all

documents of very nature in its possession or control which relate to the said accounts to any

attorney of the Federal Trade Commission, and to give evidence relevant thereto, in the matter of

the *Federal Trade Commission v. Strategic Student Solutions LLC, et al.*, now pending in the

United States District Court for the Southern District of Florida, and this shall be irrevocable

authority for so doing.

This direction is intended to apply to the laws of countries other than the Unites States of

America which restrict or prohibit disclosure of bank or other financial information without the

consent of the holder of the account, and shall be construed as consent with respect hereto, and

the same shall apply to any of the accounts for which I may be a relevant principal.

Dated:_____     Signature:_____

Printed Name:_____

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-20848-GAYLES

**FEDERAL TRADE COMMISSION,**
      **Plaintiff,**

v.

                                              **FILED UNDER SEAL**

**WORLD PATENT MARKETING, INC., et al.,**
      **Defendants.**
_____/

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Plaintiff, the Federal Trade Commission ("FTC"), has filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), and has moved, pursuant to Federal Rule of Civil Procedure 65(b), for a temporary restraining order and for an order to show cause why a preliminary injunction should not issue against Defendants World Patent Marketing, Inc., Desa Industries, Inc., and Scott Cooper (collectively, "Defendants").

### FINDINGS

The Court has considered the Complaint, motion for a temporary restraining order and for an order to show cause, declarations, exhibits, and memoranda filed in support of the FTC's motion and, being otherwise advised, makes the following findings of fact:

1.     This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over all parties hereto, and that venue in this district is proper.

2.     There is good cause to believe that Defendants have engaged in and are likely to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that the FTC is therefore likely to prevail on the merits of this action. As demonstrated by the

consumer declarations, consumer complaint records, Defendants' correspondence and records, records from state regulators and Better Business Bureaus, and by the other documentary evidence filed by the FTC, the FTC has established a likelihood of success in showing that Defendants have made material misrepresentations in the sale of invention patenting and promotion to numerous consumers. Through the documentary evidence it filed, the FTC has also established a likelihood of success in showing that Defendants have violated the FTC Act by engaging in deceptive and unfair marketing and sales tactics.

3.    There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act unless Defendants are restrained and enjoined by Order of this Court.

4.    There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers—including the refund of monies paid, restitution, or rescission or reformation of contracts—will occur from the sale, transfer, or other disposition or concealment by Defendants of Assets or records if Defendants are provided with advance notice of this Order, and that therefore in accordance with Fed. R. Civ. P. 65(b), the interests of justice require that this Order be granted without prior notice to Defendants. There is thus good cause for relieving the FTC of the duty to provide Defendants with prior notice of the FTC's motion.

5.    Good cause exists for: (a) the appointment of a Temporary Receiver over the Corporate Defendants; (b) freezing of Defendants' Assets; and (c) the ancillary relief ordered below.

6.    Considering Plaintiff's likelihood of ultimate success and weighing the equities, it is in the public interest that the Court enter a temporary restraining order that: (1) enjoins and restrains Defendants from making misrepresentations and from violating the FTC Act; (2) imposes a temporary freeze on Defendants' Assets; (3) appoints a Temporary Receiver over the Corporate Defendants to marshal and preserve their Assets, manage their business affairs, and ascertain whether they engage in any lawful, profitable activity; (4) grants the FTC and the

Temporary Receiver immediate access to the premises and records of the Corporate Defendants; (5) requires Defendants to fully disclose all of their Assets; (6) allows for limited expedited discovery; and (7) requires Defendants to show cause why a preliminary injunction should not issue against them.

7.      The FTC is an independent agency of the United States and no security is required of any agency of the United States for the issuance of a temporary restraining order. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purpose of this Order, the following definitions shall apply:

1.      "**Asset**" means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property of any Corporate Defendant or Individual Defendant, or held for the benefit of any Corporate Defendant or Individual Defendant, wherever located, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), cash, trusts, including, but not limited to, any trust held for the benefit of any of the Defendants, and reserve funds or any other accounts associated with payments processed by, or on behalf of, any of the Defendants, including, but not limited to, reserve funds held by payment processors or financial institutions.

2.      "**Corporate Defendants**" means World Patent Marketing, Inc. and Desa Industries, Inc., and their successors and assigns.

3.      "**Defendants**" means the Individual Defendant and the Corporate Defendants, individually, collectively, or in any combination.

4.      "**Document**" or "**Documents**" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, Web pages, Web sites, electronic correspondence, including e-mail and instant messages, contracts, accounting

data, advertisements (including advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and any other electronically stored information, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

5.     "**Individual Defendant**" means Scott Cooper.

6.     "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

7.     "**Receiver**" means the temporary receiver appointed in Section XII of this Order and any deputy receivers that shall be named by the temporary receiver.

## ORDER

### I.     Prohibition on Misrepresentations

**It is therefore ordered** that Defendants and Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any Defendant, who receive actual notice of this Order, whether acting directly or indirectly in connection with the advertising, marketing, promotion, offering for sale, or sale of any products or services, are **hereby temporarily restrained and enjoined** from making any false or unsubstantiated representations, expressly or by implication, regarding any material fact, including, but not limited to:

A.     Purchase of Defendants' invention-promotion services is likely to result in financial gain for their customers;

B.     Defendants have successfully marketed the invention ideas of many of their customers, resulting in royalties or sales of their inventions;

C. Defendants successfully marketed specific invention ideas, such as Teddie's Ballie Bumpers, Live Expert Chat, and Supreme Diva Jeans;

D. Consumers who buy one of Defendants' "global" packages will receive a globally-applicable patent;

E. Defendants have regularly negotiated licensing and manufacturing agreements that have resulted in the manufacture and sale of their customers' inventions; or

F. Consumers who buy Defendants' invention-promotion services will not have to pay any more money to receive Defendants' promised services.

## II.   Prohibition on Complaint Suppression

**It is further ordered** that Defendants and Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any Defendant, who receive actual notice of this Order, whether acting directly or indirectly, are **hereby temporarily restrained and enjoined** from making any threats or intimidating any Person concerning complaints or comments about products or services offered or sold by Defendants, including but not limited to requesting that negative comments be withdrawn or removed.

## III.   Asset Freeze

**It is further ordered** that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any Defendant, who receive actual notice of this Order, whether acting directly or indirectly, are **hereby temporarily restrained and enjoined** from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, conveying, gifting, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists, shares of stock, or other Assets, or any interest therein, wherever located, whether within the United States or within a jurisdiction outside the United States, that are:

1)      owned or controlled, directly or indirectly, by any of the Defendants, in whole or in part;

2)      held, in whole or in part, for the benefit of any Defendant;

3)      in the actual or constructive possession of any Defendant; or

4)      owned, controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant, or any entity acting under a fictitious name owned by or controlled by an Defendants, including, but not limited to, any Assets held by or for, or subject to access by any Defendant at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metals dealer, or other financial institution or depository institution of any kind;

B.      Opening or causing to be opened any safe deposit boxes titled in the name of, or subject to access by, any Defendant;

C.      Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Corporate Defendant;

D.      Obtaining a loan encumbering the Assets of any Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant;

E.      Incurring liens or other encumbrances on real property, personal property or other Assets titled in the name, singly or jointly, of any Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant; and

F.      Cashing any checks or depositing any money orders, cash, or any other payment (including credit card and debit card payments) received from consumers, clients, or customers of any Defendant.

*Provided*, that the Assets affected by this Section III shall include: (1) all Assets of any Defendant as of the date and time this Order was entered; and (2) for Assets obtained after the date and time this Order was entered, only those Assets that are derived, directly or indirectly, from Defendants' activities as alleged in the FTC's Complaint. This Section does not prohibit transfers to the Receiver, as specifically required in Section XIV (Transfer of Receivership Property to the Receiver), nor does it prohibit the repatriation of foreign Assets, as specifically required in Section V (Repatriation of Assets and Documents).

## IV.      Duties of Asset Holders

**It is further ordered** that any financial or brokerage institution, credit card processing company, payment processor, merchant bank, acquiring bank, independent sales organization, business entity, or Person served with a copy of this Order, or who otherwise has actual knowledge of this Order, that (a) holds, controls or maintains custody of any account, safe deposit box, post office box, or other Asset of any Defendant, (b) holds, controls, or maintains custody of any Asset associated with credits, debits, or charges made on behalf of any Defendant, including, but not limited to, reserve funds held by payment processors or other entities, or (c) has held, controlled, or maintained any such account, safe deposit box, or other Asset shall:

A.      Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such Asset, except by further order of the Court;

B.      Deny any person, except the Receiver acting pursuant to Section XIII of this Order (Receiver's Duties and Authority), access to any safe deposit box that is titled in the name of, individually or jointly, or otherwise subject to access by, any Defendant;

C.      Provide FTC counsel and the Receiver, within five (5) business days of receiving a copy of this Order, a sworn statement setting forth:

1)      The identification number of each such account or Asset titled in the name, individually or jointly, of any Defendant, or held on behalf of or for the benefit of any Defendant;

2)      The balance of each such account, or a description of the nature and value of such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the Person or entity to whom such account or other Asset was remitted; and

3)      The identification of any safe deposit box that is titled in the name of, individually or jointly, or otherwise subject to access by any Defendants; and

D.      Upon request by the FTC or the Receiver, promptly provide the FTC and the Receiver with copies of all records or other documentation pertaining to each such account or Asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## V.      Financial Disclosures

**It is further ordered** that within five (5) calendar days of service of this Order, each Defendant shall prepare, fill in all required information, and deliver, completed and executed, to counsel for the FTC and to the Receiver, completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for each Defendant individually and **Attachment B** (Financial Statement of Corporate Defendant) for each business entity under which any Defendant conducts business or of which any Defendant is an officer, and for each trust for which any Defendant is a trustee. The financial statements shall be accurate as of the date of entry of this Order.  Each Defendant shall include in the financial statements a full accounting of all funds and Assets, whether located inside or outside of the United States, that are:  (1) titled in the name of such Defendant, jointly, severally, or individually; (2) held by any Person or entity for the benefit of such Defendant; or (3) under the direct or indirect control of

such Defendant.  Defendants shall attach to these completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements.

**VI.     Repatriation of Assets and Documents**

**It is further ordered** that within five (5) days following the service of this Order, each Defendant shall:

A.     Provide the FTC and the Receiver with a full accounting of all funds, Documents, and Assets outside of the United States which are:  (1) titled in the name, individually or jointly, of any Defendant; or (2) held by any Person or entity for the benefit of any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant;

B.     Transfer to the territory of the United States and deliver to the Receiver all funds, Documents, and Assets located in foreign countries which are:  (1) titled in the name individually or jointly of any Defendant; or (2) held by any Person or entity, for the benefit of any Defendant; or (3) under the direct or indirect control of any Defendant, whether jointly or singly;

C.     Provide the FTC and the Receiver access to all records of accounts or Assets of any Defendant held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records appended to this Order as **Attachment C**.

**VII.    Non-Interference with Repatriation**

**It is further ordered** that Defendants and Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any Defendant, who receive actual notice of this Order, whether acting directly or indirectly, are **hereby temporarily restrained and enjoined** from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by Section V (Repatriation of Assets and Documents) of this Order, including, but not limited to:

A.     Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust

agreement until such time that all Assets have been fully repatriated pursuant to Section VI of this Order; or

B.      Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Assets have been fully repatriated pursuant to Section VI of this Order.

**VIII.    Consumer Credit Reports**

**It is further ordered** that pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency served with this Order shall promptly furnish consumer credit reports as requested concerning any Defendant and any spouse of a Defendant to the FTC.  The Commission may also directly access any Defendant's consumer credit report.

**IX.     Preservation of Records**

**It is further ordered** that Defendants and Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any Defendant, who receive actual notice of this Order, are **hereby temporarily restrained and enjoined** from:

A.      Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances of any of the Defendants, (2) the business practices or finances of entities directly or indirectly under the control of any of the Defendants, or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant, including any and all marketing materials, websites and webpages, consumer complaints, customer records, rate decks, call detail records, telephone logs, telephone scripts, contracts, correspondence, email, corporate books and records, accounting data, financial statements, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, calendars, appointment books, and tax returns; and

10

      B.     Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

## X.     Notification of New Business Activity

**It is further ordered** that Defendants and Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any Defendant, who receive actual notice of this Order, are **hereby temporarily restrained and enjoined** from creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing FTC counsel with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, members, and employees; and (4) a detailed description of the business entity's intended activities.

## XI.     Prohibition on Release of Consumer Information

**It is further ordered** that Defendants and Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any Defendant, are **hereby temporarily restrained and enjoined** from selling, renting, leasing, transferring, using, disclosing, or otherwise benefitting from the name, address, telephone number, credit card number, bank account number, email address, or other identifying information of any Person who: (1) paid money to any Defendant; (2) was previously contacted by Defendants in connection with invention promotion services, including, but not limited to research, patenting, invention licensing, manufacturing, or marketing; or (3) was on a list to be contacted by Defendants.

*Provided, however*, that Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

XII.     **Appointment of Temporary Receiver**

**IT IS FURTHER ORDERED** that Jonathan Perlman of Genovese Joblove & Battista, P.A. is appointed temporary receiver for the Corporate Defendants, as well as for any affiliates, subsidiaries, divisions, or telephone sales or customer service operations, wherever located, with the full power of an equity receiver. The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court.

XIII.    **Receiver's Duties and Authority**

**It is further ordered** that the Receiver is authorized and directed to accomplish the following:

A.       Assume full control of the Corporate Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Corporate Defendants, including any Defendant, from control of, management of, or participation in, the affairs of the Corporate Defendants;

B.       Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, the Corporate Defendants, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all Assets and Documents of the Corporate Defendants and other persons or entities whose interests are now under the direction, possession, custody, or control of, the Corporate Defendants. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Corporate Defendants. *Provided, however*, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of the unfair or deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

C.       Take all steps necessary to secure each location from which the Corporate Defendants operate their business. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) serving this Order; (2) completing

a written inventory of all Receivership Assets; (3) obtaining pertinent information from all employees and other agents of the Corporate Defendants, including, but not limited to, the name, home address, Social Security Number, job description, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing and videotaping any or all portions of the location; (5) securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location; and (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Corporate Defendants.  Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security.  If requested by the Receiver, the United States Marshals Service will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

       D.     Suspend business operations of the Corporate Defendants if in the judgment of the Receiver such operations cannot be continued legally and profitably;

       E.     Conserve, hold, and manage all Assets of the Corporate Defendants, and perform all acts necessary or advisable to preserve the value of those Assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Corporate Defendants, including, but not limited to, obtaining an accounting of the Assets and preventing the unauthorized transfer, withdrawal, or misapplication of Assets;

       F.     Enter into contracts and purchase insurance as advisable or necessary;

       G.     Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Corporate Defendants;

H.      Prevent the destruction or erasure of any web page or website registered to and operated, in whole or in part, but the Corporate Defendants, directly or indirectly;

I.      Prevent the destruction or erasure of any of the Corporate Defendants' marketing materials, sales scripts, training materials, customer information, call logs, and any other Documents or records that reflect marketing, advertising, promotion, distribution, and offers for sale or sale of services;

J.      Prevent the destruction or erasure of any of the Corporate Defendants' corporate records, business records, financial records, and financial transactions as they relate to the practices charged in the FTC's Compliant and ensure that all such Documents are preserved;

K.      Manage and administer the business of the Corporate Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes but is not limited to retaining, hiring, or dismissing any employees, independent contractors, or agents;

L.      Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

M.      Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Corporate Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Corporate Defendants, such as rental payments;

N.      Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Corporate Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's

mandate under this Order, including, but not limited to, actions challenging fraudulent or voidable transfers;

O.     Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Corporate Defendants, as the Receiver deems necessary and advisable to preserve the Assets of the Corporate Defendants, or as the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

P.     Issue subpoenas to obtain Documents and records (including but not limited to Google, Inc.) pertaining to the Receivership, and conduct discovery in this action on behalf of the Receivership estate;

Q.     Open one or more bank accounts as designated depositories for funds of the Corporate Defendants.  The Receiver shall deposit all funds of the Corporate Defendants in such a designated account and shall make all payments and disbursements from the Receivership estate from such an account.  The Receiver shall serve copies of monthly account statements on all parties;

R.     Maintain accurate records of all receipts and expenditures incurred as Receiver;

S.     Cooperate with reasonable requests for information, Documents, materials, or assistance from any state or federal law enforcement agency;

T.     File reports with the Court on a timely basis and at regular intervals or as otherwise directed by the Court;

U.     Allow the Plaintiff's representatives, agents, and assistants, as well as Defendants' Representatives and Defendants themselves, reasonable access to the premises of the Receivership Defendants, or any other premises where the Receivership Defendants conduct business operations.  The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Receivership Defendants or its agents.  The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access; and

V.      Allow the Plaintiff's representatives, agents, and assistants, as well as Defendants' Representatives and Defendants themselves, reasonable access to Documents in the possession, custody, or control of the Receivership Defendants, or on their behalf, including, but not limited to, books, records, tapes, discs, accounting data, checks, correspondence, forms, advertisements, brochures, manuals, electronically stored data, banking records, customer lists, customer files, invoices, telephone records, ledgers and payroll records, and any other Document or record that relates to the business practices or finances of the Receivership Defendants, including electronically stored information (such as electronic mail).

**XIV.    Transfer of Receivership Property to the Receiver**

**It is further ordered** that:

A.      Immediately upon service of this Order upon them, or within a period permitted by the Receiver, Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any Defendant, who receive actual notice of this Order, and any other Person with possession, custody or control of property or of records relating to the Corporate Defendants, shall transfer or deliver possession, custody, and control of the following to the Receiver:

1)      All Assets of the Corporate Defendants;

2)      All Documents of the Corporate Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title Documents and other papers;

3)      All Assets belonging to other persons or entities whose interests are now under the direction, possession, custody, or control of the Corporate Defendants;

4)      All computers and data in whatever form used to conduct the business of the Corporate Defendants; and

     5)     All keys, codes, and passwords necessary to gain or to secure access to any Assets or Documents of the Corporate Defendants, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property.

B.     In the event any Person or entity fails to deliver or transfer any Asset or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshals Service or any sheriff or deputy sheriff of any county to seize the Asset, Document, or other item and to deliver it to the Receiver.

## XV.    Provision of Information to the Receiver

**It is further ordered** that Defendants shall provide to the Receiver, immediately upon request, the following: (1) a list of all Assets and property, including accounts, of the Corporate Defendants that are held in any name other than the name of a Corporate Defendant, or by any Person or entity other than a Corporate Defendant; and (2) a list of all agents, employees, officers, servants or those persons in active concert and participation with the Individual Defendants and Corporate Defendants who have been associated with or done business with the Corporate Defendants.

## XVI.    Cooperation with the Receiver

**It is further ordered** that Defendants and Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any Defendant, who receive actual notice of this Order, shall fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets of the Corporate Defendants. This cooperation and assistance shall include, but not be limited to: (1) providing information to the Receiver that the Receiver deems necessary in order to exercise the authority and discharge the responsibilities of the Receiver under this Order; (2) providing any password required to access

any computer, electronic file, or telephonic data in any medium; (3) advising all Persons who owe money to the Corporate Defendants that all debts should be paid directly to the Receiver; and (4) transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Corporate Defendants.

The entities obligated to cooperate with the Receiver under this provision include, but are not limited to, banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, precious metals dealers and any financial institutions and depositories of any kind, payment processors, payment gateways, insurance companies, as well as all third-party billing agents, common carriers, and other telecommunications companies.

**XVII.    Interference with the Receiver**

**It is further ordered** that Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any Defendant, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, are **hereby restrained and enjoined** from directly or indirectly:

A.     Interfering with the Receiver managing, or taking custody, control, or possession of the Assets or Documents subject to this Receivership;

B.     Transacting any of the business of the Corporate Defendants or any substantially similar name;

C.     Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Corporate Defendants, or the Receiver;

D.     Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any Documents of the Corporate Defendants, including, but not limited to, books, records, accounts, or any other papers;

E.     Excusing debts owed to the Corporate Defendants;

F.      Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court; and

G.      Harassing or interfering with the Receiver in any way.

## XVIII.    Stay of Actions Against Corporate Defendants

**It is further ordered** that except by leave of this Court, during pendency of the Receivership ordered herein, Defendants, their Representatives, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Corporate Defendants, including, but not limited to:

A.      Petitioning, or assisting in the filing of a petition, that would cause any Corporate Defendant to be placed in bankruptcy;

B.      Commencing a judicial, administrative, or other action or proceeding against the Corporate Defendants, including the issuance or employment of process against the Corporate Defendants, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

C.      Filing or enforcing any lien on any Asset of the Corporate Defendants; taking or attempting to take possession, custody, or control of any Asset of the Corporate Defendants; accelerating the due date of any obligation; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Corporate Defendants, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or

D.      Initiating any other process or proceeding that would interfere with the Receiver managing or taking custody, control, or possession of, the Assets or Documents subject to this receivership.

*Provided that,* this Order does not stay:  (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding

by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

**XIX.     Compensation of Receiver**

**It is further ordered** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by or in the possession or control of or which may be received by the Corporate Defendants.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

**XX.      Receiver's Bond**

**It is further ordered** that the Receiver shall not file with the Clerk of this Court a bond until further order of the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.  28 U.S.C. § 754.

**XXI.     Immediate Production of Business Records**

**It is further ordered** that the Corporate Defendants shall allow the FTC's employees and agents access to the Corporate Defendants' business records to inspect and copy Documents in preparation for the preliminary injunction hearing and to identify and locate assets.

The Corporate Defendants shall, within five (5) days of receiving notice of this Order (except as required for immediate turnover under XXII.F *infra*), produce to the FTC for inspection, inventory, and copying, at a location designated by FTC, the following materials: (1) all customer information, including names, phone numbers, addresses, e-mail addresses, customer complaints, and payment information for all consumers who have purchased Corporate Defendants' invention-promotion services; (2) all contracts; (3) any correspondence, including

electronic correspondence, that refers or relates to the Corporate Defendants' invention-promotion services; (4) an electronic copy of all advertisements for the Corporate Defendants' invention-promotion services; and (5) accounting information, including profit and loss statements, annual reports, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, and 1099 forms. The FTC shall return any materials produced pursuant to this Paragraph within seven (7) days of the Corporate Defendants' production.

**XXII.    Immediate Access to Business Premises and Documents**

**It is further ordered** that:

A.     In order to allow the FTC and the Receiver to preserve Assets and evidence relevant to this action and to expedite discovery, the FTC and the Receiver, and their representatives, agents, contractors, and assistants, shall have immediate access to any and all business premises, storage facilities, and all other business locations owned, controlled, or used by the Corporate Defendants, including any premises where the Corporate Defendants conduct business or store records. Such locations include, but are not limited to 2940 North Lincoln Avenue, 2nd Fl., Chicago, IL 60657. The Receiver and the FTC, and their representatives, agents, contractors, and assistants, are authorized to employ the assistance of the United States Postal Inspection Service, the United States Marshals Service, police or sheriffs, and other federal, state, or local law enforcement officers as they deem necessary to effect service and to peacefully implement the provisions of this Order.

B.     The Receiver may exclude Defendants and their employees from the business premises during the immediate access.

C.     The Receiver and the FTC may inspect and copy Documents relevant to this action. The Receiver and the FTC, and their representatives, agents, contractors, and assistants, are authorized to remove Documents from the Corporate Defendants' premises in order that they

may be inspected, inventoried, and copied. Documents so removed by the FTC shall be returned to the Receiver within five (5) days of completing inventorying and copying.

D.      The Receiver shall allow Defendants reasonable access to the premises and business records of the Corporate Defendants within his possession for the purpose of inspecting and copying materials relevant to this action. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

E.      Defendants and all agents or employees of Defendants shall provide the Receiver and the FTC with any necessary means of access to Documents, including, without limitation, the locations of Corporate Defendants' business premises and storage facilities, keys and computer access codes of all computers used to conduct Corporate Defendants' business, cloud and internet services access codes, and storage area access information.

F.      If any Documents, computers, or electronic data storage devices containing information related to the business practices or finances of a Corporate Defendant are at a location other than the location listed in Subsection A of this Section, including a non-physical location or the personal residence(s) of any Defendant, then, immediately upon notice of this Order, Defendants shall produce to the Receiver all such Documents, computers, or electronic data storage devices. This includes, without limitation, all Documents, computers, or electronic data storage devices that were previously located at 1680 Meridian Ave, Suites 600-602, Miami Beach, Florida 33139. In order to prevent the destruction of electronic data, upon service of this Order upon Corporate Defendant(s), any computers or electronic data storage devices containing such information shall be powered down (turned off) in the normal course for the operating systems.

## XXIII.   Expedited Discovery

**It is further ordered** that, notwithstanding the time periods, notice provisions, and other requirements of Rules 26(d), 26(f), and 30(a)(2)(c) of the Federal Rules of Civil Procedure, and pursuant to Federal Rules of Civil Procedure 30(a), 34, and 45, the Receiver and the FTC are granted leave, at any time after entry of this Order, to conduct limited expedited discovery as to

parties and non-parties for the purpose of discovering: (1) the nature, location, status, and extent of Defendants' Assets; (2) the nature and location of Documents reflecting Defendants' businesses, business transactions, and operations; and (3) the location of any premises where Defendants, or through any third party, conduct business operations and /or Defendants' whereabouts. The limited expedited discovery set forth in this Section shall proceed as follows:

A.    The Receiver and the FTC may take the depositions of parties and their officers, agents, servants, employees, and attorneys, who have been served with copies of this Order. Twenty-four (24) hours' notice shall be sufficient notice for such depositions. The Receiver and the FTC may also take the depositions of any other non-parties on forty-eight (48) hours' notice. Deposition transcripts that have not been signed by the witness may be used at the preliminary injunction hearing in this matter. The limitations set forth in Federal Rule of Civil Procedure 30(a)(2) and 31(a)(2) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section, and those depositions shall not count toward the deposition limit set forth in said rules;

B.    The Receiver and the FTC may serve upon parties and their officers, agents, servants, employees, and attorneys, who have been served with copies of this Order, requests for production of Documents or inspection that require production or inspection within twenty-four (24) hours of service, and may serve subpoenas upon any other non-party that direct production or inspection within five (5) calendar days of service;

C.    The Receiver and the FTC may serve deposition notices and other discovery requests upon the parties to this action by facsimile or overnight courier, and depositions may be taken by telephone, video conference, or other remote electronic means; and

D.    Any discovery taken pursuant to this Order is in addition to, and is not subject to, the presumptive limits on discovery set forth in the Federal Rules of Civil Procedure and Local Rules of this Court.

**XXIV.     Service on Financial Institutions, Entities or Persons**

**It is further ordered** that copies of this Order and the initial pleadings filed in this case may be served upon any financial institution or other entity or Person that may have possession, custody, or control of any Documents or Assets of any Defendant, or that may otherwise be subject to any provision of this Order, by FTC employees, by employees of any other law enforcement agency, by agents of the FTC or by agents of any process service retained by the FTC.  This Order and the initial pleadings filed in this matter may be served upon any financial institution or other entity or Person that may have possession, custody, or control of any Documents or Assets of any Defendant, or that may otherwise be subject to any provision of this Order, by any means, including facsimile transmission, e-mail, and overnight delivery service. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

**XXV.     Correspondence with the FTC**

**It is further ordered** that all correspondence and service of pleadings or other Documents related to this Order or the FTC's motion for a preliminary injunction shall be addressed to:

> Colleen Robbins
> James Evans
> Jody Goodman
> Federal Trade Commission
> 600 Pennsylvania Ave., NW
> Mailstop CC-8528
> Washington, DC 20580
> Fax: 202-326-3395
> Email: crobbins@ftc.gov; jevans@ftc.gov; jgoodman1@ftc.gov

**XXVI.     Defendants' Duty to Distribute Order**

**It is further ordered** that Defendants shall immediately provide a copy of this Order to each of their affiliates, subsidiaries, divisions, sales entities, successors, assigns, officers, directors, employees, independent contractors, client companies, agents, attorneys, spouses, and representatives, and shall, within three (3) days from the date of entry of this Order, provide the FTC with a sworn statement that:  (1) confirms that Defendants have provided copies of the

Order as required by this paragraph; and (2) lists the names and addresses of each entity or Person to whom Defendants provided a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other Persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXVII.   Duration of Temporary Restraining Order

**It is further ordered** that except as ordered by this Court, this Temporary Restraining Order shall expire within fourteen (14) days from the date of entry, as computed by Rule 6 of the Federal Rules of Civil Procedure, unless within such time, the Order, for good cause shown, is extended for an additional period not to exceed fourteen (14) days, or unless it is further extended pursuant to Federal Rule of Civil Procedure 65 or by stipulation.

## XXVIII.   Order to Show Cause Hearing Regarding Preliminary Injunction

**It is further ordered** that each Defendant shall appear before this Court at 400 North Miami Avenue, Courtroom 11-1, Miami, Florida, 33128, on **March 14, 2017, at 10:30 AM** to show cause, if there is any, why this Court should not enter a Preliminary Injunction enjoining the violations of law alleged in the FTC's Complaint, continuing the freeze of their Assets, continuing the receivership, and imposing such additional relief as may be appropriate pending final adjudication of the Complaint filed in this matter.

## XXIX.   Briefs and Affidavits Concerning Preliminary Injunction

**It is further ordered** that:

A.      Defendants shall file with the Court and serve on the Commission's counsel all memoranda, affidavits, declarations, and other evidence on which they intend to rely at the preliminary injunction hearing set in Section XXVIII no later than **four (4) days** before the date of the hearing. The FTC may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on Defendants no later than **one (1) day** prior to the preliminary injunction hearing.

*Provided that* service shall be performed by personal or overnight delivery, facsimile or electronic mail, and Documents shall be delivered so that they shall be received by the other parties no later than 4:00 p.m. (Eastern Time Zone) on the appropriate dates set forth in this Paragraph;

B.      The question of whether this Court should enter a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties.

C.      **Live testimony shall be heard only on further order of this Court** on motion filed with the Court and served on counsel for the other parties at least **three (3) days** prior to the preliminary injunction hearing in this matter.  Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit disclosing the substance of each proposed witness's testimony, and an explanation of why the taking of live testimony would be helpful to the Court.  Any papers opposing a timely motion to present live testimony shall be filed with this Court and served on the other parties at least **two (2) days** prior to the preliminary injunction hearing in this matter.

D.      *Provided that* service shall be performed by the Case Management/Electronic Case Files (CM/ECF) system, personal or overnight delivery, or electronic mail, and all Documents shall be delivered so that they shall be received by the other parties no later than 4:00 p.m. on the appropriate dates set forth in this Section.

**XXX.    Retention of Jurisdiction**

**It is further ordered** that this Court shall retain jurisdiction of this matter for all purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of March, 2017.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

# PLAINTIFF'S EXHIBIT 38 – 7

*FTC v. Mail Tree, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61034-CIV-COHN/SELTZER

FEDERAL TRADE COMMISSION,

      Plaintiff,

v.

MAIL TREE INC., et al.,

      Defendants.

_____/

## SEALED TEMPORARY RESTRAINING ORDER

**THIS CAUSE** is before the Court upon Plaintiff Federal Trade Commission's ("FTC") *Ex Parte* Motion for a Temporary Restraining Order with Asset Freeze, Appointment of a Receiver, Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue [DE 4].

## FINDINGS OF FACT

This Court, having considered the complaint, the TRO motion, and all attached declarations, exhibits, and the memorandum of law filed in support, finds that:

1.     This Court has jurisdiction over the subject matter of this case, there is good cause to believe it will have jurisdiction over all the parties hereto, and venue in this district is proper;

2.     There is good cause to believe that Defendants Mail Tree Inc., Michael McKay Co., Spin Mail, Inc., MCP Marketing Activities, LLC, Trans National Concepts, Inc., Romeria Global, LLC, Supreme Media, LLC, Vernier Holdings, Inc., Awards Research Consultant, LLC, Mailpro Americas Corp., Masterpiece Marketing, LLC, Matthew Pisoni, Marcus Pradel, John Leon, and Victor Ramirez have engaged and are

likely to continue to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that the FTC is therefore likely to prevail on the merits of this action;

3.    There is good cause to believe that consumers will suffer immediate and continuing harm from Defendants' ongoing violations of Section 5(a) of the FTC Act unless Defendants are restrained and enjoined by Order of this Court;

4.    There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution and/or disgorgement of ill-gotten gains will occur from the transfer, dissipation, or concealment by Defendants of their assets or business records unless Defendants are immediately restrained and enjoined by Order of this Court; and that in accordance with Fed. R. Civ. P. 65(b) and Local Rule 5.4(d), the interest of justice requires that the FTC's Motion be heard *ex parte* without prior notice to Defendants. Therefore, there is good cause for relieving the FTC of the duty to provide Defendants with prior notice of the FTC's Motion;

5.    Good cause exists for appointing a receiver over the Corporate Defendants, permitting the FTC immediate access to Defendants' business premises, and permitting the FTC to take expedited discovery;

6.    Weighing the equities and considering the FTC's likelihood of ultimate success, a temporary restraining order with an asset freeze, appointment of a receiver, immediate access to business premises, expedited discovery as to the existence and location of assets and documents, and other equitable relief is in the public interest; and

7.      No security is required of any agency of the United States for issuance of a TRO. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purposes of this TRO, the following definitions shall apply:

1.      "Asset" or "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.      "Assisting others" includes, but is not limited to: (a) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (b) formulating or providing, or arranging for the formulation or provision of, any prize promotion letter, sales script or other marketing material; (c) providing names of, or assisting in the generation of, potential customers; (d) performing or providing marketing or billing services of any kind; (e) acting as an officer or director of a business entity; (f) hosting websites; or (g) processing payments.

3.      "Corporate Defendants" or "Receivership Defendants" means Mail Tree Inc., a Florida corporation; Michael McKay Co., a Florida corporation; Spin Mail, Inc., a Florida corporation; MCP Marketing Activities, LLC, a Nevada limited liability company, also d/b/a Magellan Mail and Magellan Marketing; Trans National Concepts, Inc., a Nevada corporation; Romeria Global, LLC, a Florida limited liability company, also d/b/a

3

Lowenstein, Varick and Nagel; Supreme Media, LLC, a Florida limited liability company;

Vernier Holdings, Inc., a Florida corporation; Awards Research Consultant, LLC, a

Nevada limited liability company; Mailpro Americas Corp., a Florida corporation; and

Masterpiece Marketing, LLC, a Texas limited liability company, also d/b/a Affiliated

Opportunities Group (AOG), Corporate Accounting Authority (CAA), Dispatch

Notification Services (DNS), Information Reporting Group (IRG), National Directory

Center (NDC), and Priority Information Exchange (PIE); and their successors and

assigns, as well as any subsidiaries, affiliates, and any fictitious business entities or

business names created or used by these entities, or any of them.

4.      "Defendants" means all of the Individual Defendants and the Corporate

Defendants, individually, collectively, or in any combination.

5.      "Document" or "Documents" means any materials listed in Federal Rule of

Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs,

audio and video recordings, computer records, and other data compilations from which

information can be obtained and translated, if necessary, through detection devices into

reasonably usable form. A draft or non-identical copy is a separate document within the

meaning of the term.

6.      "Financial Institution" means any bank, savings and loan institution, credit

union, or any financial depository of any kind, including, but not limited to, any

brokerage house, trustee, broker-dealer, escrow agent, title company, commodity

trading company, or precious metal dealer.

7.      "Individual Defendants" means Matthew Pisoni, Marcus Pradel, John

Leon, and Victor Ramirez, and by whatever other names each may be known.

8.     "Person" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

## I.     PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of sweepstakes information, are hereby temporarily restrained and enjoined from:

A.     Misrepresenting, or assisting others in misrepresenting, directly or indirectly, expressly or by implication, any material fact, including, but not limited to, that consumers who pay Defendants a fee will receive a substantial cash prize; and

B.     Failing to disclose, clearly and prominently:

1.     That such sweepstakes information is being distributed for the purpose of soliciting a purchase, if such is the case, along with a complete description of the goods and services being sold; and

2.     That the consumer to whom the promotion is provided has not won a monetary or any other type of prize, if such is the case.

## II.    ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, except as provided herein, as stipulated by the parties, or as directed by further order of the Court, are hereby temporarily restrained and enjoined from:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, or any interest therein, wherever located, including outside the territorial United States, that are:

1.    Owned, controlled, or held by, in whole or in part, for the benefit of, or subject to access by, or belonging to, any Defendant;

2.    In the actual or constructive possession of any Defendant; or

3.    In the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, or belonging to, any other corporation, partnership, trust, or any other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Defendant, including, but not limited to, any assets held by or for any Defendant in any account at any bank or savings and loan institution, or with any credit card processing agent, automated clearing house processor, network transaction processor, bank debit processing agent, customer service agent, commercial mail

receiving agency, or mail holding or forwarding company, or any credit union, retirement fund custodian, money market or mutual fund, storage company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind, either within or outside the territorial United States;

B.     Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant, or subject to access by any Defendant or under any Defendant's control, without providing the Commission prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Section;

C.     Cashing any checks or depositing or processing any payments from customers or clients of Defendants;

D.     Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Defendant; or

E.     Incurring liens or encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant.

Notwithstanding the asset freeze provisions of Section II.A-E above, and subject to prior written agreement with the Commission, an Individual Defendant may, upon compliance with Section VI (Financial Statements) infra, pay from his individual personal funds reasonable, usual, ordinary, and necessary living expenses.

The funds, property, and assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.

### III.   DUTIES OF THIRD PARTIES HOLDING DEFENDANTS' ASSETS

**IT IS FURTHER ORDERED** that any financial institution, business entity, or person maintaining or having custody or control of any account or other asset of any Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant, which is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

A.     Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the assets, funds, documents, or other property held by, or under its control:

1.     On behalf of, or for the benefit of, any Defendant or any other party subject to Section II above;

2.     In any account maintained in the name of, or for the benefit of, or subject to withdrawal by, any Defendant or other party subject to Section II above; and

3.     That are subject to access or use by, or under the signatory power of, any Defendant or other party subject to Section II above;

B.     Deny Defendants access to any safe deposit boxes or storage facilities that are either:

1.     Titled in the name, individually or jointly, of any Defendant, or other party subject to Section II above; or

2.      Subject to access by any Defendant or other party subject to Section II above;

C.      Within five (5) days of the date of service of this Order, provide Plaintiff a sworn statement setting forth:

1.      The identification number of each account or asset titled in the name, individually or jointly, of any Defendant, or held on behalf of, or for the benefit of, any Defendant or other party subject to Section II above, including all trust accounts managed on behalf of any Defendant or subject to any Defendant's control;

2.      The balance of each such account, or a description of the nature and value of such asset;

3.      The identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access or control by any Defendant or other party subject to Section II above, whether in whole or in part; and

4.      If the account, safe deposit box, storage facility, or other asset has been closed or removed, the date closed or removed and the balance on said date;

D.      Within five (5) days of a request from Plaintiff, provide Plaintiff copies of all records or other documentation pertaining to each such account or asset, including, but not limited to, originals or copies of account applications, account statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E.      This Section shall apply to existing accounts and assets, assets deposited or accounts opened after the effective date of this Order, and any accounts or assets maintained, held or controlled three years prior to the effective date of this Order. This Section shall not prohibit transfers in accordance with any provision of this Order, any further order of the Court, or by written agreement of the parties.

## IV.      **MAINTAIN RECORDS AND REPORT NEW BUSINESS ACTIVITY**

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby temporarily restrained and enjoined from:

A.      Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipt ledgers, cash disbursement ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately, fairly and completely reflect the incomes, disbursements, transactions, dispositions, and uses of the Defendants' assets;

B.      Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents, including electronically stored materials, that relate in any way to the business practices or business or personal finances of Defendants; to the business practices or finances of entities directly or indirectly under the control of Defendants; or to the business

practices or finances of entities directly or indirectly under common control with any other Defendant; and

      C.     Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff with a written statement disclosing: (1) the name of the business entity; (2) the address, telephone number, email address, and website address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## V.    PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby temporarily restrained and enjoined from:

      A.     Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth date, telephone number, email address, Social Security number, Social Insurance number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in Plaintiff's Complaint; and

      B.     Benefiting from or using the name, address, birth date, telephone number, email address, Social Security number, Social Insurance number, credit card

number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in Plaintiff's Complaint.

*Provided, however*, that Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or court order.

## VI. **FINANCIAL STATEMENTS**

**IT IS FURTHER ORDERED** that each Defendant shall serve upon counsel for Plaintiff, no later than five (5) business days after service of this Order, a completed financial statement accurate as of the date of entry of this Order, on the forms served on Defendants with this Order for Individual Defendants (Attachment A) and for Corporate Defendants (Attachment B), as the case may be, signed under penalty of perjury.

The financial statements shall include assets held outside the territory of the United States, shall be accurate as of the date of the entry of this Order, and shall be verified under oath. Defendants shall attach to these completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements.

## VII. **TEMPORARY RECEIVER**

### A. **APPOINTMENT OF TEMPORARY RECEIVER**

**IT IS FURTHER ORDERED** that Robb Evans & Associates LLC (**see** DE 13) is appointed Temporary Equity Receiver ("Receiver") for Receivership Defendants and any of their affiliates, subsidiaries, divisions, or sales or customer service operations, wherever located, with the full power of an equity receiver. The Receiver shall be the

12

agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court. The Receiver shall comply with all Local Rules of this Court governing receivers.

## B.   RECEIVERSHIP DUTIES

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

1.      Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, employee, independent contractor, or agent of the Receivership Defendants, including any Individual Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants;

2.      Take exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants. Provided, however, that the Receiver shall not attempt to collect any amount from a consumer or to allow the Receivership Defendants to continue to debit or otherwise charge a consumer's account, if the Receiver believes the consumer was a victim of the deceptive acts or practices alleged in the Complaint in this matter;

3.    Use any means necessary to take possession of and to secure all areas of the business premises of the Receivership Defendants. Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable: (a) serving this Order; (b) completing a written inventory of all receivership assets; (c) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, Social Security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (d) videotaping all portions of the locations; (e) securing the locations by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at the locations; (f) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants; and/or (g) employ the assistance of law enforcement officers as the Receiver deems necessary to implement the provisions of this Order;

4.    Conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Receivership Defendants, including, but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets, and including the authority to liquidate or close out any open securities or commodity futures positions of the Receivership Defendants;

5.      Enter into contracts and purchase insurance as advisable or necessary;

6.      Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

7.      Manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

8.      Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

9.      Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendants, such as rental payments;

10.     Determine and implement the manner in which the Receivership Defendants will comply with, and prevent violations of, this Order and all other applicable laws;

11.     Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

12.     Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his or her role as Receiver, or against the Receivership Defendants that the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

13.     Continue and conduct the business of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; provided, however, that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the business can be lawfully operated at a profit using the assets of the receivership estate;

14.     Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

15.     Open one or more bank accounts as designated depositories for funds of the Receivership Defendants. The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such an account;

16.     Maintain accurate records of all receipts and expenditures that he or she makes as Receiver;

17.     Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency; and

18.     File reports with the Court on a timely and reasonable basis.

## C.     COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that:

1.     Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but not be limited to:

a.     Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order;

b.     Providing any password required to access any computer, electronic file, or telephonic data in any medium; or

c.     Advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver.

2.     Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting

17

directly or through any trust, corporation, subsidiary, division, or other device, are hereby restrained and enjoined from directly or indirectly:

        a.      Transacting any of the business of the Receivership Defendants;

        b.      Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendants, including, but not limited to, books, records, accounts, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations, electronically stored records, or any other records of any kind or nature;

        c.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver;

        d.      Excusing debts owed to the Receivership Defendants;

        e.      Failing to notify the Receiver of any asset, including accounts, of the Receivership Defendants held in any name other than the name of the Receivership Defendants, or by any person or entity other than the Receivership Defendants, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such assets;

        f.      Doing any act or refraining from any act whatsoever to interfere with the Receiver's taking custody, control, possession, or managing of the assets or documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this

Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court; or

g.      Filing, or causing to be filed, any petition on behalf of the Receivership Defendants for relief under the United States Bankruptcy Code, 11 U.S.C. § 101, et seq., without prior permission from this Court.

D.      **DELIVERY OF RECEIVERSHIP PROPERTY**

**IT IS FURTHER ORDERED** that:

1.      Immediately upon service of this Order upon them, or within such period as may be permitted by the Receiver, Defendants or any other person or entity shall transfer or deliver possession, custody, and control of the following to the Receiver:

a.      All assets of the Receivership Defendants, including assets subject to repatriation pursuant to Section IX, infra;

b.      All documents of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

c.      All assets belonging to members of the public now held by the Receivership Defendants; and

d.      All keys, codes, and passwords necessary to gain or to secure access to any assets or documents of the Receivership Defendants, including,

but not limited to, access to their business premises, means of communication, accounts, computer systems, mail boxes, storage units, or other property. This includes providing the necessary means to gain access to at least the following commercial mail boxes:

    (i)    P.O. Box 25220, Miami, FL 33102-5220;

    (ii)    P.O. Box 4667, New York, NY 10163-4667;

    (iii)    P.O. Box 409010, Ft. Lauderdale, FL 33340-9010;

    (iv)    P.O. Box 409011, Ft. Lauderdale, FL 33340-9011;

    (v)    6278 N. Federal Hwy, Ste. 446, Ft. Lauderdale, FL 33308;

    (vi)    2805 E. Oakland Park, #252, Ft. Lauderdale, FL 33306;

    (vii)    757 SE 17th St., Ft. Lauderdale, FL 33316;

    (viii)    21218 St. Andrews Blvd., #713, Boca Raton, FL 33433; and

    (ix)    2881 E. Oakland Park Blvd., Ste. 206, Ft. Lauderdale, FL 33306.

    2.    In the event any person or entity fails to deliver or transfer any receivership asset or document or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, document, or other thing and to deliver it to the Receiver.

### E.   TRANSFER OF FUNDS TO THE RECEIVER

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all financial institutions, finance companies, commercial lending companies, credit card processing agents or agents providing electronic funds transfer services or automated clearing house processing, brokerage houses, escrow agents, money market or mutual funds, title companies, commodity futures merchants, commodity trading companies, precious metal dealers, trustees, or other financial institutions or depositories of any kind, shall cooperate with all reasonable requests of the Receiver relating to implementation of this Order, including transferring funds at his or her direction and producing records related to the assets of the Receivership Defendants.

### F.   STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

1.     Except by leave of this Court, during pendency of the receivership ordered herein, Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants, any of their subsidiaries, affiliates, partnerships, assets, documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

a.     Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

        b.      Accelerating the due date of any obligation or claimed obligation; filing, perfecting or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise, or setoff of any debt owing to the Receivership Defendants that arose before the date of this Order against any claim against the Receivership Defendants;

        c.      Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

        d.      Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the assets or documents subject to this receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants.

        2.      This Order does not stay:

        a.      The commencement or continuation of a criminal action or proceeding;

        b.      The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

       c.     The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

       3.     Except as otherwise provided in this Order, all persons and entities in need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has not been responded to within thirty (30) days of receipt by the Receiver, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

### G.    COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, or in the possession or control of, or which may be received by the Receivership Defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

### H.    RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a bond in the sum of $10,000.00 with sureties to be approved by the Court,

conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## VIII.   ACCESS TO BUSINESS PREMISES

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, and the Receiver, shall allow Plaintiff's representatives, agents, and assistants, as well as the Receivership Defendants' representatives, and the Individual Defendants themselves, reasonable access to all of Receivership Defendants' business premises, or any other premises where the Receivership Defendants conduct business or customer service operations. Such locations include, without limitation, 3363 NE 163 Street, Suite 802, North Miami Beach, FL 33160.

The purpose of this access shall be to inspect and copy any and all books, records, documents, accounts, and other property owned by, or in the possession of, the Receivership Defendants or their agents. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access. Plaintiff may remove materials from the Receivership Defendants' business premises to inspect, inventory, and copy such materials. Plaintiff shall return materials so removed within five (5) business days of completing said inventory and copying. Plaintiff's access to Defendants' documents pursuant to this Section shall not provide grounds for any Defendant to object to any subsequent request for documents served by Plaintiff.

## IX.   REPATRIATION OF ASSETS AND DOCUMENTS

**IT IS FURTHER ORDERED** that Defendants shall:

A.      Within three (3) business days following service of this Order, take such steps as are necessary to repatriate to the territory of the United States of America all documents and assets that are located outside such territory and are held by or for Defendants or are under Defendants' direct or indirect control, jointly, severally, or individually;

B.      Within three (3) business days following service of this Order, provide Plaintiff with a full accounting of all documents and assets that are located outside of the territory of the United States of America or that have been transferred to the territory of the United States of America pursuant to Subsection A above and are held by or for any Defendant or are under any Defendant's direct or indirect control, jointly, severally, or individually, including the addresses and names of any foreign or domestic financial institution or other entity holding the documents and assets, along with the account numbers and balances;

C.      Hold and retain all such documents and assets and prevent any transfer, disposition, or dissipation whatsoever of any such documents or assets; and

D.      Within three (3) business days following service of this Order, provide Plaintiff access to Defendants' records and documents held by financial institutions or other entities outside the territory of the United States of America, by signing and delivering to Plaintiff's counsel the Consent to Release of Financial Records attached to this Order as Attachment C.

## X.   INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by the preceding Section IX of this Order, including, but not limited to:

A.      Sending any statement, letter, facsimile, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that assets have been fully repatriated pursuant to the preceding Section of this Order; and

B.      Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time as assets have been fully repatriated pursuant to the preceding Section of this Order.

## XI.   EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a), 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f), 30(a)(2)(A), and 31(a)(2)(A), the parties are granted leave, at any time after entry of this Order to:

A.      Take the deposition of any person, whether or not a party, for the purpose of discovering the nature, location, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the

location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action; and

B.     Demand the production of documents from any person, whether or not a party, relating to the nature, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action.

Three (3) days' notice shall be deemed sufficient for any such deposition, five (5) days' notice shall be deemed sufficient for the production of any such documents, and twenty-four (24) hours' notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data. The provisions of this Section shall apply both to parties to this case and to non-parties. The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward any limit on the number of depositions under the Federal Rules of Civil Procedure, including those set forth in Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A). Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made through the means described in Section XV of this Order.

## XII.   DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each of their corporations, subsidiaries, affiliates, divisions, directors, officers, agents, partners, successors, assigns, employees, attorneys, agents, representatives, sales entities, sales persons, telemarketers, independent contractors, and any other persons in active concert or participation with them. Within five (5) calendar days following service of this Order, each Defendant shall file with this Court and serve on Plaintiff, an affidavit identifying the names, titles, addresses, and telephone numbers of the persons that Defendants have served with a copy of this Order in compliance with this provision.

## XIII.   EXPIRATION DATE OF TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on June 2, 2015, at 5:00 p.m., Eastern Time, unless within such time the Order, for good cause shown, is extended, or unless, as to any Defendant, the Defendant consents that it should be extended for a longer period of time.

## XIV.   ORDER TO SHOW CAUSE

**IT IS FURTHER ORDERED** that each Defendant shall appear before this Court on June 2, 2015, at 9:00 a.m. at the United States Courthouse, United States District Court for the Southern District of Florida, Fort Lauderdale, Courtroom 203E, to show cause, if any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint, against said Defendants enjoining them from further violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); continuing the freeze of their assets;

making the temporary Receiver's appointment permanent; and imposing such additional relief as may be appropriate.

### XV.   SERVICE OF PLEADINGS, MEMORANDA, AND EVIDENCE

**IT IS FURTHER ORDERED** that Defendants shall file with the Court and serve on Plaintiff's counsel any answering affidavits, pleadings, motions, expert reports or declarations, and/or legal memoranda no later than four (4) business days prior to the hearing on Plaintiff's request for a preliminary injunction.

Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than one (1) day prior to the preliminary injunction hearing in this matter, provided that service shall be performed by personal or overnight delivery, by electronic filing, by electronic mail, or by facsimile, and documents shall be delivered so that they shall be received by the other parties no later than 4:00 p.m. (Eastern Time) on the appropriate dates listed in this Section.

### XVI.   MOTION FOR LIVE TESTIMONY; WITNESS IDENTIFICATION

**IT IS FURTHER ORDERED** that the question of whether this Court should enter a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the Defendants during the pendency of this action shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties. Live testimony shall be heard only on further order of this Court or on motion filed with the Court and served on counsel for the other parties at least four (4) business days prior to the preliminary injunction hearing in this matter. Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed

summary or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court. Any papers opposing a timely motion to present live testimony or to present live testimony in response to another party's timely motion to present live testimony shall be filed with this Court and served on the other parties at least two (2) business days prior to the preliminary injunction hearing in this matter, provided that service shall be performed by personal or overnight delivery, by electronic filing, by electronic mail, or by facsimile, and documents shall be delivered so that they shall be received by the other parties no later than 4:00 p.m. (Eastern Time) on the appropriate dates provided in this Section.

*Provided further, however*, that an evidentiary hearing on Plaintiff's request for a preliminary injunction is not necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that raises a genuine and material factual issue.

## XVII.   SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be distributed by United States First Class Mail, overnight delivery, facsimile, electronic mail, or personally, by agents or employees of Plaintiff, by agents or employees of the Receiver, by any law enforcement agency, or by private process server, upon any person, financial institution, or other entity that may have possession or control of any property, property right, document, or asset of any Defendant, or that may be subject to any provision of this Order. Service upon any branch or office of any financial institution or entity shall effect service upon the entire financial institution or entity.

## XVIII. CONSUMER REPORTING AGENCIES

**IT IS FURTHER ORDERED** that, pursuant to Section 604 of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, any consumer reporting agency may furnish a consumer or credit report concerning any Defendant to Plaintiff.

## XIX. CORRESPONDENCE WITH AND NOTICE TO PLAINTIFF

**IT IS FURTHER ORDERED** that, for purposes of this Order, all correspondence and pleadings to the Commission shall be addressed to:

>Guy G. Ward
>
>Federal Trade Commission
>
>55 West Monroe Street, Suite 1825
>
>Chicago, Illinois 60603
>
>(312) 960-5612 [phone]
>
>(312) 960-5600 [facsimile]

## XX. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of May, 2015, at 2:30 p.m.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via electronic mail

# PLAINTIFF'S EXHIBIT 38 – 8

*FTC v. InboundCall Experts*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81395-CIV-MARRA

FEDERAL TRADE COMMISSION, and

STATE OF FLORIDA,

     Plaintiffs,

     v.

Inbound Call Experts, LLC also d/b/a Advanced Tech
Support, a limited liability company,

Advanced Tech Supportco, LLC, a limited liability company,

PC Vitalware, LLC, a limited liability company,

Super PC Support, LLC, a limited liability company,

Robert D. Deignan, individually and as an officer of Inbound
Call Experts, LLC, Advanced Tech Supportco, LLC, PC
Vitalware, LLC, and Super PC Support, LLC,

Paul M. Herdsman, individually and as an officer of Inbound
Call Experts, LLC, PC Vitalware, LLC, and Super PC
Support, LLC,

Justin M. Wright, individually and as an officer of Inbound
Call Experts, LLC, PC Vitalware, LLC, and Super PC
Support, LLC,

PC Cleaner, Inc., a corporation,

Netcom3 Global, Inc., a corporation,

Netcom3, Inc. also d/b/a Netcom3 Software Inc., and

Cashier Myricks, Jr. a/k/a Cashier Myrick, individually and as
an officer of PC Cleaner, Inc., Netcom3 Global, Inc., and
Netcom3, Inc.,

     Defendants.

**Filed Under Seal**

1

## <u>TEMPORARY RESTRAINING ORDER</u>

Plaintiffs, the Federal Trade Commission ("FTC" or the "Commission") and the State of Florida, Office of the Attorney General ("State of Florida"), have filed a Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and the Florida Deceptive and Unfair Trade Practices Act Chapter 501, Part II, Florida Statues ("FDUTPA"), and have moved *ex parte* for a temporary restraining order and for an order to show cause why a preliminary injunction should not be granted pursuant to Rule 65(b) of the Federal Rules of Civil Procedure against Defendants Inbound Call Experts, LLC also d/b/a Advanced Tech Support, Advanced Tech Supportco, LLC, PC Vitalware, LLC, Super PC Support, LLC, Robert D. Deignan, Paul M. Herdsman, Justin M. Wright, PC Cleaner, Inc., Netcom3 Global, Inc., Netcom3, Inc. also d/b/a Netcom3 Software Inc. and Cashier Myricks, Jr. (collectively, "Defendants").

### FINDINGS OF FACT

The Court, having considered the Complaint, the *ex parte* motion for a temporary restraining order, declarations, exhibits, and the memorandum of points and authorities filed in support thereof, and being otherwise advised, finds that:

1.   This Court has jurisdiction over the subject matter of this case and over all parties. Venue in this district is proper;

2.   Plaintiffs have sufficiently demonstrated that the Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule" ("TSR"),

16 C.F.R. Part 310, and Section 501.204 of FDUTPA, and that the FTC and the State of Florida are therefore likely to prevail on the merits of this action;

3.  Plaintiffs have sufficiently demonstrated that immediate and irreparable harm will result from the Defendants' ongoing violations of Section 5 of the FTC Act, the TSR and Section 501.204 of FDUTPA unless Defendants are restrained and enjoined by Order of this Court;

4.  Plaintiffs have sufficiently demonstrated that immediate and irreparable damage to this Court's ability to grant effective final relief for consumers, including monetary restitution, rescission, disgorgement or refunds, will occur from the sale, transfer, destruction or other disposition or concealment by Defendants of their Assets, Documents, records or other evidence if Defendants are provided with advance notice of this Order, and that therefore, in accordance with Fed. R. Civ. P. 65(b), the interests of justice require that this Order be granted without prior notice to Defendants.  Thus, there is good cause for relieving the FTC and the State of Florida of their duties to provide Defendants with prior notice of the FTC and the State of Florida's application;

5.  Plaintiffs have sufficiently demonstrated the need for: (a) the appointment of a Temporary Receiver over the ICE Corporate Defendants (defined below); (b) the freezing of Defendants' Assets; and (c) ancillary relief ordered below;

6.  Weighing the equities and considering Plaintiffs' likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze, and other equitable relief is in the public interest; and

7.  The FTC is an independent agency of the United States of America and no security is required of any agency of the United States for issuance of a temporary restraining order.

Fed. R. Civ. P. 65(c).  Similarly, under Florida Rules of Civil Procedure and governing case law, no security is required for the State of Florida.

**DEFINITIONS**

For the purpose of this Temporary Restraining Order ("Order"), the following definitions shall apply:

**1.**  "**Asset**" means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property including chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares or stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), insurance policies, lines of credit, cash, trusts (including asset protection trusts), lists of consumer names and reserve funds or any other accounts associated with any payments processed by, or on behalf of, any Defendant, including such reserve funds held by payment processors, credit card processors, banks or other financial institutions.

**2.**  "**Corporate Defendants**" means, individually, collectively, or in any combination, Inbound Call Experts, LLC also d/b/a Advanced Tech Support, Advanced Tech Supportco, LLC, PC Vitalware, LLC, Super PC Support, LLC, PC Cleaner, Inc., Netcom3 Global, Inc. and Netcom3, Inc. also d/b/a Netcom3 Software Inc., and their subsidiaries, affiliates, successors, and assigns.

**3.**  "**Defendants**" means, individually, collectively, or in any combination, all of the Individual Defendants and the Corporate Defendants.

**4.**  "**Document**" includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

4

5.   **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

6.   **"FTC Act"** means the Federal Trade Commission Act codified at 15 U.S.C. §§ 41-58.

7.   **"ICE Corporate Defendants"** means Inbound Call Experts, LLC, Advanced Tech Supportco, LLC, PC Vitalware, LLC and Super PC Support, LLC.

8.   **"Individual Defendants"** means Robert D. Deignan, Paul M. Herdsman, Justin M. Wright and Cashier Myricks, Jr.

9.   **"PC Cleaner Corporate Defendants"** means PC Cleaner, Inc., Netcom3 Global, Inc. and Netcom3, Inc.

10.   **"Person"** means a natural person, organization, or other legal entity, including a corporation, limited liability company, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

11. **"Plaintiffs"** means the Federal Trade Commission and the State of Florida.

12. **"Receiver"** or **"Temporary Receiver"** means the temporary receiver appointed in Section XII of this Order and any deputy receivers that shall be named by the temporary receiver.

13. **"Receivership Defendants"** means the ICE Corporate Defendants.

14. **"Representative"** means Defendants' officers, agents, servants, successors, assigns, employees, and attorneys, and any other person or entity in active concert or participation with them, who receives actual notice of this Order by personal service or otherwise.

15. "**Seller**" means any person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration, whether or not such person is under the jurisdiction of the Commission.

16. "**Tech Support Product or Service**" means any plan, program or software, marketed to repair, maintain or improve a computer's performance or security, including registry cleaners, anti-virus programs and computer or software diagnostic services.

17. "**Telemarketer**" means any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor.

18. "**Telemarketing**" means any plan, program, or campaign that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

19. "**Telemarketing Sales Rule**" or "**TSR**" means the Telemarketing Sales Rule set forth in 16 C.F.R. Part 310.

## I.

## PROHIBITED MISREPRESENTATIONS

**IT IS HEREBY ORDERED** that Defendants and their Representatives, whether acting directly or indirectly, in connection with the marketing, advertising, promotion, distribution, offering for sale, or sale of any goods or services, are hereby temporarily restrained and enjoined from misrepresenting, either orally or in writing, expressly or by implication that they have identified problems on consumers' computers that will affect the performance or security of the consumers' computers.

## II.

## CONDUCT PROHIBITIONS REGARDING MARKETING

**IT IS HEREBY ORDERED** that Defendants and their Representatives, whether acting directly or indirectly, in connection with the marketing, advertising, promotion, distribution,

offering for sale, or sale of any goods or services, are hereby temporarily restrained and enjoined from:

  A. Using any false or misleading statement to induce any person to pay for goods or services; or

  B. Violating the Telemarketing Sales Rule, 16 C.F.R. Part 310, attached as Appendix A.

### III.

### PROHIBITION AGAINST CHARGING OR BILLING CONSUMERS

  **IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or indirectly, are temporarily restrained and enjoined from charging any consumer for the purchase of Defendants' Tech Support Products or Services.

### IV.

### SUSPENSION OF CORPORATE DEFENDANTS' WEB SITES

  **IT IS FURTHER ORDERED** that any party hosting any webpage or website for any Corporate Defendant and any domain registrar who has provided or is providing domain name registration services on any Corporate Defendant's behalf are hereby temporarily restrained and enjoined from failing to:

  A. Immediately take whatever steps may be necessary to ensure that any webpage or website operated, in whole or in part, in connection with the Corporate Defendants' provision of Tech Support Products or Services cannot be accessed by the public; and

  B. Prevent the destruction or erasure of any webpage or website operated, in whole or in part, on any Corporate Defendant's behalf, preserving such documents in the format in

which they are currently maintained, and prevent the destruction or erasure of all records relating to the Corporate Defendants.

## V.

## DISCONNECTION OF CORPORATE DEFENDANTS' TELEPHONE NUMBERS

**IT IS FURTHER ORDERED** that any telephone service provider for any Corporate Defendant, including but not limited to Voice Over Internet Protocol and telecommunications service providers and toll-free forwarding services, who has provided or is providing telephone services on any Corporate Defendant's behalf are hereby temporarily restrained and enjoined from failing to immediately take whatever steps may be necessary to ensure that any telephone or fax number operated, in whole or in part, in connection with the Corporate Defendants' provision of computer repair services, is disconnected from service.

## VI.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from:

**A.** Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other Assets of any Corporate Defendant, or any interest therein, wherever located, including outside the United States, that are:

1. owned, controlled or held, in whole or in part, by any Corporate Defendant;

8

2. held, in whole or in part, for the direct or indirect benefit of, any Corporate Defendant;

3. in the actual or constructive possession of any Corporate Defendant;

4. owned or controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any of the Corporate Defendants. This includes, but is not limited to, any Assets held by, for, or subject to access by, any of the Corporate Defendants at any bank or savings and loan institution, or at/with any broker-dealer, escrow agent, title company, insurance company, commodity trading company, precious metal dealer, payment processor, credit card processor, acquiring bank, merchant bank, independent sales organization, third-party processor, payment gateway or other financial institution or depository of any kind;

5. held by an agent of any Corporate Defendant as a retainer for the agent's provision of services to Defendants;

6. held in any account for which any Corporate Defendant is, or was on the date that this Order was signed, an authorized signor;

7. is in the possession, custody, or control of any individual Defendant that is owned by any Corporate Defendant or in which any Corporate Defendant has any legal or equitable interest or claim; or

8. property of any kind, including cash, that is in the in the possession, custody, or control of any individual Defendant which was transferred or received from

9

any Corporate Defendant within thirty (30) days prior to the entry of this
Temporary Restraining Order.

**B.**     Physically opening or causing to be opened any safe deposit boxes, commercial
mail boxes, or storage facilities titled in the name of any Defendant, either individually or jointly,
or subject to access by any Defendant, except as necessary to comply with Section XIV of this
Order;

**C.**     Incurring charges or cash advances on any credit or bank card issued in the name,
individually or jointly, of any Corporate Defendant or any corporation or partnership. This
includes, but is not limited to, any corporate bank card or corporate credit card account for which
any Defendant is, or was on the date that this Order was signed, an authorized signor;

**D.**     Obtaining a personal or secured loan encumbering the Assets of any Corporate
Defendant; and

**E.**     Incurring liens or other encumbrances on real property, personal property, or
other Assets in the name, individually or jointly, of any Corporate Defendant.

**VII.**

**DUTIES OF ASSET HOLDERS**

**IT IS FURTHER ORDERED** that  any financial or brokerage institution, credit card
processor, payment processor, merchant bank, acquiring bank, independent sales organization,
third-party processor, payment gateway, insurance company, business entity, or person served
with a copy of this Order that (a) holds, controls, or maintains custody of any account, safe
deposit box or Asset of any Corporate Defendant, (b) holds, controls, or maintains custody of
any Asset associated with credits, debits or charges made on behalf of any Corporate Defendant,
including reserve funds held by payment processors, credit card processors, payment merchant
banks, acquiring banks, independent sales organizations, third-party processors, payment

10

gateways, insurance companies or other entities, or (c) has held, controlled, or maintained custody of any such account, safe deposit box or Asset at any time since the date of entry of this Order shall:

**A.**    Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Assets, as well as all Documents or other property related to such Assets, except by further order of this Court;

**B.**    Deny any person, except the Receiver acting pursuant to Section XIII of this Order, access to any safe deposit box, commercial mail box, or storage facility that is:

    1.    titled in the name of any Corporate Defendant, either individually or jointly; or

    2.    otherwise subject to access by any Defendant;

**C.**    Provide the FTC's counsel, State of Florida's counsel and the Receiver, within ten (10) business days of receiving a copy of this Order, a sworn statement setting forth:

    1.    the identification number of each account or Asset:

        a) titled in the name, individually or jointly, of any of the Corporate Defendants;

        b) held on behalf of, or for the benefit of, any of the Corporate Defendants; or

        c) associated with credit or debit charges made on behalf of the Corporate Defendants;

    2.    the balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date

11

closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

3. the identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any of the Corporate Defendants, or is otherwise subject to access by any of the Defendants; and

**D.**     Upon request of the FTC, State of Florida, or the Receiver, promptly provide the FTC, State of Florida and the Receiver with copies of all records or other documentation pertaining to such account or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes and storage facilities.

## VIII.

### INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets.

## IX.

### CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency served with this Order shall promptly furnish consumer reports as requested concerning any Defendant to counsel for Plaintiffs.  Plaintiffs may also directly access any Defendant's consumer report.

## X.

### PRESERVATION OF RECORDS
### AND REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants and their Representatives, as well as any document custodians receiving actual notice of this Order, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from:

A.      Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances of any

13

Defendant, (2) the business practices or finances of entities directly or indirectly under the control of any Defendant, or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant, including:  any and all marketing materials, Internet pages, consumer complaints, call detail records, telephone logs, telephone scripts, contracts, correspondence, e-mail, corporate books and records, accounting data, financial statements, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, calendars, appointment books, and tax returns;

     **B.**     Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of the Defendants' Assets; and

     **C.**     Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing counsel for the Commission with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XI.
### PROHIBITION ON RELEASE
### OF CUSTOMER INFORMATION

     **IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from:

**A.**      Selling, renting, leasing, transferring, using, disclosing, or otherwise benefitting from the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person that Defendant obtained prior to entry of this Order in connection with any activity that pertains to the subject matter of the Complaint; and

**B.**      Benefitting from or using the name, address, birth date, telephone number, e-mail address, Social Security number, Social Insurance number, credit card number, bank account number, or other financial or identifying personal information of any Person from whom or about whom any Defendant obtained such information in connection with any activity that pertains to the subject matter of this Order;

**PROVIDED, HOWEVER**, that the Defendants may disclose such identifying information to any civil or criminal law enforcement agency or as required by any law, regulation, or court order.

## XII.

## APPOINTMENT OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Jeffrey C. Schneider is appointed temporary receiver for the Receivership Defendants and any of their affiliates, subsidiaries, divisions, or telephone sales, technical support or customer service operations, wherever located, with the full power of an equity receiver. The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court.

## XIII.

## RECEIVER'S DUTIES AND AUTHORITIES

**IT IS FURTHER ORDERED** that the Receiver is authorized and directed to

accomplish the following:

**A.** Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Receivership Defendants, including any Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants;

**B.** Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all Assets and Documents of the Receivership Defendants and other persons or entities whose interests are now under the direction, possession, custody, or control of, the Receivership Defendants. The Receiver shall assume control over the Receivership Defendants' income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Defendants. Provided, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

**C.** Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Defendants operate their businesses. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) serving this Order; (2) completing a written inventory of all Receivership Assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including the name, home address, Social Security Number, job description, company history, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing and

videotaping any or all portions of the location; (5) securing the location by changing the locks and disconnecting any internet access or other means of access to the computers, internet or records maintained at that location; and (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Defendants.  Law enforcement personnel, including police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security.  If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

**D.**     Conserve, hold, and manage all Assets of the Receivership Defendants, and perform all acts necessary or advisable to preserve the value of those Assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Receivership Defendants, including determining the available Assets and preventing the unauthorized transfer, withdrawal, or misapplication of Assets;

**E.**     Enter into and cancel contracts, and purchase insurance as advisable or necessary;

**F.**     Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

**G.**     Manage and administer the business of the Receivership until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes but is not limited to retaining, hiring, or dismissing any employees, independent contractors, or agents, provided that the Receiver shall suspend business operations of the

Receivership Defendants if, in the judgment of the Receiver, such operations cannot be continued legally or profitably;

**H.**    Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists. as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

**I.**    Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Defendants, such as rental payments;

**J.**    Suspend business operations of the Receivership Defendants if in the judgment of the Receiver, such operations cannot be continued legally and profitably;

**K.**    Prevent the destruction or erasure of any web page or website registered to and operated, in whole or in part, by Receivership Defendants;

**L.**    Take all steps necessary to ensure that any of the Receivership Defendants' web pages or websites relating to technical support cannot be accessed by the public, or are modified for consumer education and/or informational purposes;

**M.**    Take all steps necessary to ensure that any telephone numbers associated with the Receivership Defendants cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations;

**N.**    Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership

Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including actions challenging fraudulent or voidable transfers;

O.    Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Receivership Defendants, as the Receiver deems necessary and advisable to preserve the Assets of the Receivership Defendants, or as the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

P.    Issue subpoenas to obtain Documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

Q.    Open one or more bank accounts as designated depositories for funds of the Receivership Defendants.  The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the Receivership estate from such an account.  The Receiver shall serve copies of monthly account statements on all parties;

R.    Maintain accurate records of all receipts and expenditures incurred as Receiver;

S.    Allow the Plaintiffs' representatives, agents, and assistants, as well as Defendants' Representatives and Defendants themselves, reasonable access to the premises of the Receivership Defendants, or any other premises where the Receivership Defendants conduct business or telephone sales operations.  The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Receivership Defendants or its agents.  The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access;

T.    Allow the Plaintiffs' representatives, agents, and assistants, as well as Defendants' Representatives and Defendants themselves, reasonable access to Documents in the

possession, custody, or control of the Receivership Defendants, or on their behalf, including, but not limited to, books, records, tapes, discs, accounting data, checks, correspondence, forms, advertisements, brochures, manuals, electronically stored data, banking records, customer lists, customer files, invoices, telephone records, ledgers and payroll records, and any other Document or record that relates to the business practices or finances of the Receivership Defendants, including electronically stored information (such as electronic mail);

     **U.**     Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency; and

     **V.**     File timely reports with the Court at reasonable intervals, or as otherwise directed by the Court.

**XIV.**

**<u>TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER</u>**

     **IT IS FURTHER ORDERED** that the Defendants, their Representatives, and any other Person with possession, custody or control of property of, or records relating to, the Receivership Defendants shall, upon notice of this Order by personal service or otherwise, immediately notify the Receiver of, and, upon receiving a request from the Receiver, immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

     **A.**     All Assets of the Receivership Defendants;

     **B.**     All Documents of the Receivership Defendants, including books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title Documents and other papers;

     **C.**     All computers, electronic devices, mobile devices and machines and data in whatever form used to conduct the business of the Receivership Defendants;

20

**D.**      All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Defendants; and

**E.**      All keys, codes, user names and passwords necessary to gain or to secure access to any Assets or Documents of the Receivership Defendants, including access to their business premises, means of communication, accounts, computer systems, or other property.

In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance.

**XV.**

**PROVISION OF INFORMATION TO RECEIVER**

**IT IS FURTHER ORDERED** that the Receivership Defendants shall provide to the Receiver, immediately upon request, the following:

**A.**      A list of all Assets and property, including accounts, of the Receivership Defendants that are held in any name other than the name of a Receivership Defendant, or by any person or entity other than a Receivership Defendant; and

**B.**      A list of all agents, employees, officers, servants and those persons in active concert and participation with the Receivership Defendants, who have been associated or done business with the Receivership Defendants.  Such list should include every entity that provides leads to the Receivership Defendants.

**XVII.**

**COOPERATION WITH THE RECEIVER**

**IT IS FURTHER ORDERED** that Defendants, their Representatives, and any other person served with a copy of this Order shall fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the

21

Receivership Defendants.  This cooperation and assistance shall include, but not be limited to: providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any password required to access any computer, mobile device, electronic file, or telephonic data in any medium; advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver; transferring funds at the Receiver's direction; and producing records related to the Assets and sales of the Receivership Defendants.  The entities obligated to cooperate with the Receiver under this provision include, but are not limited to, banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, precious metals dealers, credit card processors, payment processors, merchant banks, acquiring banks, independent sales organizations, third-party processors, payment gateways, insurance companies and other financial institutions and depositories of any kind, as well as all common carriers, telecommunications companies and third-party billing agents.

## XVII.

## NO INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, except as provided herein, as stipulated by the parties, or as directed by further order of the Court, are hereby restrained and enjoined from:

   **A.**   Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to this Receivership;

   **B.**   Transacting any of the business of the Receivership Defendants;

**C.**     Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants or the Receiver; and

**D.**     Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XVIII.

## RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a bond in the sum of $25,000.00 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.  28 U.S.C. § 754.

## XIX.

## COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver, and all persons or entities retained or hired by the Receiver as authorized under this Order, including counsel to the Receiver and accountants, shall be entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Defendants.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XX.

23

## ACCESS TO RECEIVERSHIP DEFENDANTS'
## BUSINESS PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that, in order to allow the FTC, the State of Florida, and

the Receiver to preserve Assets and evidence relevant to this action, and to expedite discovery,

Plaintiffs and the Receiver, and their agents and assistants, shall have immediate access to all

business premises and storage facilities, owned, controlled, or used by the Receivership

Defendants, including but not limited to the offices of the Receivership Defendants. Such

locations include, but are not limited to: 700 Banyan Trail, Suite 200, Boca Raton, Florida 33431

and 4800 T Rex Ave St. 350, Boca Raton, Florida 33431. The FTC, the State of Florida, and the

Receiver are authorized to obtain the assistance of the U.S. Marshal's office and other federal,

state and local law enforcement officers as they deem necessary to effect service and to

implement peacefully the provisions of this Order. The FTC, the State of Florida, and the

Receiver, and their representatives, agents, and assistants, are authorized to remove Documents

from the Receivership Defendants' premises in order that they may be inspected, inventoried,

and copied for the purpose of preserving discoverable material in connection with this action.

Plaintiffs shall return such material within seven (7) business days of completing inspection,

inventory and copying. Plaintiffs' access to the Receivership Defendants' documents pursuant to

this Section shall not provide grounds for the Receivership Defendants to object to any

subsequent request for documents served by any Plaintiff.

The Defendant, and all employees or agents of the Corporate Defendants shall provide

the FTC, the State of Florida, and the Receiver with any necessary means of access to the

Corporate Defendants' Documents and records, including, without limitation, the locations of the

Corporate Defendants' business premises, keys and combinations to locks, computer access

codes, and storage area access information;

24

If any computers or other electronic data storage devices containing information related to the business practices or finances of the Corporate Defendants are at a location other than those listed herein, including the personal residences of the Individual Defendants, then immediately upon service of this Order upon them the Individual Defendants shall produce to the Receiver all such computers and other electronic data storage devices. In order to prevent the destruction of electronic data, upon service of this Order upon the Defendants, any computers or other electronic data storage devices containing such information shall be powered down (turned off) in the normal course for the operating systems used on such devices and shall not be used until produced for copying and inspection, along with any codes needed for access.

Furthermore, the Receiver shall allow the Defendants reasonable access to the premises and business records of the Receivership Defendants within his possession for the purpose of inspecting and copying materials relevant to this action. Subject to the Court's authority to supersede the Receiver's actions, the Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## XXI.

### IMMEDIATE PRODUCTION OF
### BUSINESS RECORDS BY PC CLEANER DEFENDANTS

**IT IS FURTHER ORDERED** that the PC Cleaner Defendants shall allow the Plaintiffs' employees and agents access to the PC Cleaner Defendants' business records to inspect and copy Documents in preparation for the preliminary injunction hearing and to identify and locate assets.

PC Cleaner Defendants shall, within ten (10) days of receiving notice of this Order, produce to Plaintiffs for inspection, inventory, and/or copying, at a location designated by Plaintiffs, the following materials: (1) all customer information, including names, phone numbers, addresses, e-mail addresses, customer complaints, and payment information for all

25

consumers who have purchased PC Cleaner Defendants' Tech Support Products or Services; (2) all contracts; (3) any correspondence, including electronic correspondence, that refer or relate to the PC Cleaner Defendants' Tech Support Products or Services; (4) an electronic copy of all advertisements for the PC Cleaner Defendants' computer security or technical support services; and (5) accounting information, including profit and loss statements, annual reports, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, and 1099 forms.  The Plaintiffs shall return produced materials pursuant to this Paragraph within twelve (12) days of the PC Cleaner Defendants' production.

## XXII.

## **EXPEDITED DISCOVERY**

**IT IS FURTHER ORDERED** that, notwithstanding the time periods, notice provisions, and other requirements of Rules 26(d), 26(f), and 30(a)(2)(c) of the Federal Rules of Civil Procedure, and pursuant to Federal Rules of Civil Procedure 30(a), 34, and 45, the FTC and the State of Florida are granted leave, at any time after entry of this Order, to conduct limited expedited discovery as to parties and non-parties for the purpose of discovering:  (1) the nature, location, status, and extent of Defendants' Assets; (2) the nature and location of Documents reflecting Defendants' businesses, business transactions, and operations; or (3) compliance with this Order.  Procedures for conducting such discovery shall be determined at the hearing scheduled for the entry of a preliminary injunction.

## XXIII.

### DURATION OF TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire fourteen (14) days from the date of entry noted below unless, within such time, the Order is extended for an additional period not to exceed fourteen (14) days for good cause shown, or unless, as to any Defendant, such Defendant consents to an extension for a longer period.

## XXIV.

### PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 65(b), that each Defendant shall appear before this Court on the 24th day of November, 2014, at 9:00 o'clock a.m., 701 Clematis Street, West Palm Beach, Fl 33401, Courtroom 4,to show cause, if there is any, why this Court should not enter a Preliminary Injunction enjoining the violations of law alleged in the Complaint, continuing the freeze of their Assets, and imposing such additional relief as may be appropriate.

## XXV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

all purposes.


**DONE AND ORDERED** in chambers in West Palm Beach, Palm Beach County,

Florida, this 12th day of November, 2014, at 1:50 p.m.

KENNETH A. MARRA
United States District Judge

28

# PLAINTIFF'S EXHIBIT 38 – 9

*FTC v. Boost Software, Inc.*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81397-CIV-MARRA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and STATE OF FLORIDA | |
| Plaintiffs, | **Filed Under Seal** |
| v. | |
| Boost Software, Inc., a Massachusetts Corporation, | |
| Vast Tech Support, LLC, a Florida limited liability company, also does business as OMG Tech Help, OMG Total Protection, OMG Back Up, Downloadsoftware.com, and Softwaretechsupport.com, | |
| OMG Tech Help, LLC, a Florida limited liability company, | |
| Success Capital, LLC, a Florida limited liability company, | |
| Jon Paul Holdings, LLC, a Florida limited liability company, | |
| Amit Mehta, individually and as an officer of Boost Software, Inc., | |
| Elliot Loewenstern, individually and as a Member of Vast Tech Support, LLC, OMG Tech Help, LLC, and Success Capital, LLC, | |
| Jon-Paul Vasta, individually and as a member/officer of Vast Tech Support, LLC, and OMG Tech Help, LLC, | |
| Mark Donohue, individually and as an officer of Mark Alexander Group, | |
| Defendants. | |

**TEMPORARY RESTRAINING ORDER**

Plaintiffs, the Federal Trade Commission ("FTC" or the "Commission") and the State of

Florida have filed a Complaint for Permanent Injunction and Other Equitable Relief pursuant to

Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b)

and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing

Act"), 15 U.S.C. §§ 6101-6108, and the Florida Deceptive and Unfair Trade Practices Act

("FDUTPA"), Fla. Stat. 501.201 *et seq*., and have moved, pursuant to Federal Rule of Civil

Procedure 65(b), for a Temporary Restraining Order, Asset Freeze, Other Equitable Relief, and

for an Order to Show Cause Why a Preliminary Injunction Should Not Issue against Defendants

Boost Software, Inc., Vast Tech Support, LLC, OMG Tech Help, LLC, Success Capital, LLC,

Jon Paul Holdings, LLC, Amit Mehta, Elliot Loewenstern, Jon-Paul Vasta, and Mark Donohue.

## FINDINGS OF FACT

The Court, having considered the Complaint, the *ex parte* motion for a temporary

restraining order, declarations, exhibits, and the memorandum of points and authorities filed in

support thereof, and being otherwise advised, finds that:

1.      This Court has jurisdiction over the subject matter of this case and over all parties.

Venue in this district is proper;

2.      Plaintiffs have sufficiently demonstrated that the Defendants Boost Software, Inc.,

Vast Tech Support, LLC, OMG Tech Help, LLC, Success Capital, LLC, Jon Paul Holdings,

LLC, Amit Mehta, Elliot Loewenstern, Jon-Paul Vasta, and Mark Donohue have engaged in and

are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. §

45(a), the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule" ("TSR"), 16 C.F.R.

Part 310, and Section 501.204 of FDUTPA, and that the FTC and the State of Florida are

therefore likely to prevail on the merits of this action;

2

3.      Plaintiffs have sufficiently demonstrated that immediate and irreparable harm will result from the Defendants' ongoing violations of Section 5 of the FTC Act, the TSR and Section 501.204 of FDUTPA unless Defendants are restrained and enjoined by Order of this Court;

4.      Plaintiffs have sufficiently demonstrated that immediate and irreparable damage to this Court's ability to grant effective final relief for consumers, including monetary restitution, rescission, disgorgement or refunds, will occur from the sale, transfer, or other disposition or concealment by Defendants of their Assets or records if Defendants are provided with advance notice of this Order, and that therefore in accordance with Fed. R. Civ. P. 65(b), the interests of justice require that this Order be granted without prior notice to Defendants.  Thus, there is good cause for relieving the FTC and the State of Florida of the duty to provide Defendants with prior notice of the FTC and the State of Florida's application;

5.      Plaintiffs have sufficiently demonstrated the need for (a) the appointment of a Temporary Receiver over the Defendants Vast Tech Support, LLC, OMG Tech Help, LLC, Success Capital, LLC, (b) freezing the Assets of Defendants Vast Tech Support, LLC, OMG Tech Help, LLC, Success Capital, LLC, Elliot Loewenstern, Jon-Paul Vasta, and Mark Donohue and (c) the ancillary relief ordered below;

6.      Weighing the equities and considering Plaintiffs' likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze, and other equitable relief, is in the public interest; and

7.      The FTC is an independent agency of the United States of America and no security is required of any agency of the United States for the issuance of a temporary restraining order.  Fed. R. Civ. P. 65(c).  Similarly, under Florida Rules of Civil Procedure and governing case law, no security is required for the State of Florida.

3

## DEFINITIONS

For the purpose of this Temporary Restraining Order ("Order"), the following definitions shall apply:

1.  "**Asset**" " means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property including chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares or stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), insurance policies, lines of credit, cash, trusts (including asset protection trusts), lists of consumer names and reserve funds or any other accounts associated with any payments processed by, or on behalf of, any Defendant, including such reserve funds held by payment processors, credit card processors, banks or other financial institutions.

2.  **"Boost Corporate Defendant"** means Boost Software, Inc. and their subsidiaries, affiliates, successors and assigns.

3.  **"Boost Defendants"** means individually, collectively, or in any combination Boost Software, Inc., and Amit Mehta.

4.  "**Commission**" or "**FTC**" means the Federal Trade Commission.

5.  "**Corporate Defendants**" means, individually, collectively, or in any combination, Boost Software, Inc., Vast Tech Support, LLC, OMG Tech Help, LLC, Success Capital, LLC, Jon Paul Holdings, LLC and their subsidiaries, affiliates,  successors and assigns.

6.     "**Defendants**" means individually, collectively, or in any combination, each Corporate Defendant and Individual Defendant.

7.     "**Document**" includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

8.     "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information.

9.     "**Financial Institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

10.    "**FTC Act**" means the Federal Trade Commission Act codified at 15 U.S.C. §§ 41-58.

11.    "**Individual Defendants**" means Amit Mehta, Elliot Loewenstern, Jon-Paul Vasta, and Mark Donohue.

12.     "**PC HealthBoost Product**" means any registry cleaner software by or on behalf of the Boost Corporate Defendant.

13.    "**Person**" means a natural person, organization, or other legal entity, including a corporation, limited liability company, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

14.    "**Plaintiffs**" means the Federal Trade Commission and the State of Florida.

15.    "**Receiver**" or "**Temporary Receiver**" means the temporary receiver appointed in Section XI of this Order and any deputy receivers that shall be named by the temporary receiver.

16.    "**Receivership Defendants**" means the Vast Corporate Defendants.

17.    "**Representative**" means Defendants' successors, assigns, officers, agents, servants, employees, and attorneys, and any person or entity in active concert or participation with them who receives actual notice of this Order by personal service or otherwise.

18.    "**Tech Support Product or Service**" means any plan, program or software, marketed to repair, maintain or improve a computer's performance or security, including registry cleaners, anti-virus programs, fire wall programs, and computer or software diagnostic services.

19.    "**Telemarketing**" means any plan, program, or campaign that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

20.    "**Telemarketing Sales Rule**" or "**TSR**" means the Telemarketing Sales Rule set forth in 16 C.F.R. Part 310.

21.    "**Vast Corporate Defendants**" means Vast Tech Support, LLC, OMG Tech Help, LLC, Success Capital, LLC, Jon Paul Holdings, LLC, and by whatever other names each may be known, and any subsidiaries, divisions, affiliates, any fictitious business entities or business names created or used by these entities, or

6

any of them, and their successors and assigns, individually, collectively, or in any combination.

22.   **"Vast Defendants"** means individually, collectively, or in any combination, each Vast Corporate Defendant and Vast Individual Defendant.

23.   **"Vast Individual Defendants"** means Elliot Loewenstern, Jon-Paul Vasta, and Mark Donohue.

## I.

## PROHIBITED MISREPRESENTATIONS

**IT IS HEREBY ORDERED** that Defendants and their Representatives, whether acting directly or indirectly, in connection with the marketing, advertising, promotion, distribution, offering for sale, or sale of any goods or services, are hereby temporarily restrained and enjoined from misrepresenting, directly or indirectly, expressly or by implication, any material fact, including that they have identified problems on consumers' computers that will affect the performance or security of the consumers' computers.

## II.

## CONDUCT PROHIBITIONS REGARDING MARKETING

**IT IS HEREBY ORDERED** that Defendants and their Representatives, whether acting directly or indirectly, in connection with the marketing, advertising, promotion, distribution, offering for sale, or sale of any goods or services, are hereby temporarily restrained and enjoined from:

A.     Using any false or misleading statement to induce any person to pay for goods or services; or

B.     Violating the Telemarketing Sales Rule, 16 C.F.R. Part 310, attached as Appendix A.

## III.

## SUSPENSION OF CORPORATE DEFENDANTS' WEB SITES

**IT IS FURTHER ORDERED** that any party hosting **pchealthboost.com** or any webpage or website for any  Vast Corporate Defendant and any domain registrar who has provided or is providing domain name registration services to **pchealthboost.com** or on any Vast Corporate Defendant's behalf are hereby temporarily restrained and enjoined from failing to:

A.     Immediately take whatever steps may be necessary to ensure that **pchealthboost.com**  and any webpage or website operated, in whole or in part, in connection with the Vast Corporate Defendants' provision of Tech Support Products or Services cannot be accessed by the public; and

B.     Prevent the destruction or erasure of **pchealthboost.com** and any webpage or website operated, in whole or in part, on any Vast Corporate Defendant's behalf, preserving such documents in the format in which they are currently maintained, and prevent the destruction or erasure of all records relating to **pchealthboost.com** and the Vast Corporate Defendants.

## IV.

## PROHIBITION AGAINST CHARGING OR BILLING CONSUMERS

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or indirectly, are temporarily restrained and enjoined from charging any consumer for the purchase of Defendants' Tech Support Products or Services or PC HealthBoost Product.

V.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that Vast Tech Support, LLC, OMG Tech Help, LLC, Success Capital, LLC, Elliot Loewenstern, Jon-Paul Vasta, and Mark Donohue, *i.e.*, the Vast Defendants, and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from:

A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other Assets of any Corporate Defendant, or any interest therein, wherever located, including outside the United States, that are:

1.  owned, controlled or held, in whole or in part, by any Vast Corporate Defendant;

2.  held, in whole or in part, for the direct or indirect benefit of, any Vast Corporate Defendant;

3.  in the actual or constructive possession of any Vast Corporate Defendant;

4.  owned or controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any of the Vast Corporate Defendants.  This includes, but is not limited to, any Assets held by, for, or subject to access by, any of the Vast Corporate

9

Defendants at any bank or savings and loan institution, or at/with any broker-dealer, escrow agent, title company, insurance company, commodity trading company, precious metal dealer, payment processor, credit card processor, acquiring bank, merchant bank, independent sales organization, third party processor, payment gateway or other financial institution or depository of any kind;

5.  held by an agent of any Vast Corporate Defendant as a retainer for the agent's provision of services to Vast Defendants;

6.  held in any account for which any Vast Corporate Defendant is, or was on the date that this Order was signed, an authorized signor, except as necessary to comply with Section XIII of this Order;

7.  in the possession, custody, or control of any Vast Individual Defendant that is owned by a Vast Corporate Defendant or in which any Vast Corporate Defendant has any legal or equitable interest or claim;

8.  property of any kind, including cash, that is in the possession, custody, or control of any Vast Individual Defendant which was transferred or received from any Vast Corporate Defendant within thirty (30) days prior to the entry of this Temporary Restraining Order.

B.  Physically opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Vast Defendant, either individually or jointly, or subject to access by any Vast Defendants, except as necessary to comply with Section XIII of this Order;

10

C.      Incurring charges or cash advances on any credit or bank card issued in the name, individually or jointly, of any of the Vast Corporate Defendants, or any corporation or partnership.  This includes, but is not limited to, any corporate bank card or corporate credit card account for which any Vast Defendant is, or was on the date that this Order was signed, an authorized signor;

D.      Obtaining a personal or secured loan encumbering the Assets of any Vast Corporate Defendant; and

E.      Incurring liens or other encumbrances on real property, personal property or other Assets in the name, individually or jointly, of any Vast Corporate Defendants.

**VI.**

**DUTIES OF ASSET HOLDERS**

**IT IS FURTHER ORDERED** that  any financial or brokerage institution, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person served with a copy of this Order that (a) holds, controls, or maintains custody of any account, safe deposit box or Asset of any corporate Vast Defendant, (b) holds, controls, or maintains custody of any Asset associated with credits, debits or charges made on behalf of any corporate Vast Defendant, including reserve funds held by payment processors, credit card processors, payment merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies or other entities, or (c) has held, controlled, or maintained custody of any such account, safe deposit box or Asset at any time since the date of entry of this Order shall:

A       Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment,

11

conversion, sale, or other disposal of any such Asset, as well as all Documents or other property related to such Assets, except by further order of this Court;

      B.      Deny any person, except the Receiver acting pursuant to Section XII of this Order, access to any safe deposit box, commercial mailbox, or storage facility that is:

            1.      Titled in the name of any corporate Vast Defendant, either individually or jointly; or

            2.      Otherwise subject to access by any Vast Defendant;

      C.      Provide the FTC's counsel and the Receiver, within ten (10) business days of receiving a copy of this Order, a sworn statement setting forth:

            1.      The identification number of each account or Asset:

                a)  titled in the name, individually or jointly, of any of the corporate Vast Defendants;

                b)  held on behalf of, or for the benefit of, any of the corporate Vast Defendants; or

                c)  associated with credit or debit charges made on behalf of corporate Vast Defendants;

            2.      The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

3.      The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any of the corporate Defendants, or is otherwise subject to access by any of the Defendants; and

D.      Upon request of the Plaintiffs or the Receiver, promptly provide the Plaintiffs or Receiver with copies of all records or other documentation pertaining to such account or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes and storage facilities.

## VII.

## INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Vast Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets.

## VIII.

## CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency served with this Order shall promptly furnish consumer reports as requested concerning any Defendant to counsel for Plaintiffs.  Plaintiffs may also directly access any Defendant's consumer report.

13

## IX.

## PRESERVATION OF RECORDS
## AND REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants and their Representatives, as well as any document custodians receiving actual notice of this Order, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from:

A.      Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances of any Defendant, (2) the business practices or finances of entities directly or indirectly under the control of any Defendant, or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant, including: any and all marketing materials, Internet pages, consumer complaints, call detail records, telephone logs, telephone scripts, contracts, correspondence, e-mail, corporate books and records, accounting data, financial statements, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, calendars, appointment books, and tax returns;

B.      Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of the Defendants' Assets; and

C.      Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing counsel for the Plaintiffs

14

with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## X.

## PROHIBITION ON RELEASE
## OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from:

A.      Selling, renting, leasing, transferring, using, disclosing, or otherwise benefitting from the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person that Defendant obtained prior to entry of this Order in connection with any activity that pertains to the subject matter of this Order; and

B.      Benefitting from or using the name, address, birth date, telephone number, e-mail address, Social Security number, Social Insurance number, credit card number, bank account number, or other financial or identifying personal information of any Person from whom or about whom any Defendant obtained such information in connection with any activity that pertains to the subject matter of this Order.

**PROVIDED, HOWEVER**, that the Defendants may disclose such identifying information to any civil or criminal law enforcement agency or as required by any law, regulation, or court order.

15

## XI.

### APPOINTMENT OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that David S. Mandel is appointed temporary receiver for the Vast Corporate Defendants and any of their telephone sales, technical support, or customer service operations, wherever located, with the full power of an equity receiver. The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court.

## XII.

### RECEIVER'S DUTIES AND AUTHORITIES

**IT IS FURTHER ORDERED** that the Receiver is authorized and directed to accomplish the following:

A.      Assume full control of the Vast Corporate Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Vast Corporate Defendants, including any Defendant, from control of, management of, or participation in, the affairs of the Vast Corporate Defendants;

B.      Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, the Vast Corporate Defendants, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all Assets and Documents of the Vast Corporate Defendants and other persons or entities whose interests are now under the direction, possession, custody, or control of, the Vast Corporate Defendants. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Vast Corporate Defendants. *Provided, however*, that the Receiver shall not attempt to collect any

16

amount from a consumer if the Receiver believes the consumer was a victim of the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

        C.     Take all steps necessary to secure and take exclusive custody of each location from which the Vast Corporate Defendants operate their businesses.  Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable:  (1) serving this Order; (2) completing a written inventory of all Receivership Defendants' Assets; (3) obtaining pertinent information from all employees and other agents of the Vast Corporate Defendants, including, but not limited to, the name, home address, Social Security Number, job description, company history, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing and videotaping any or all portions of the location; (5) securing the location by changing the locks and disconnecting any internet access or other means of access to the computers, internet or other records maintained at that location; and (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Vast Corporate Defendants.  Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security.  If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

D.      Conserve, hold, and manage all Assets of the Vast Corporate Defendants, and perform all acts necessary or advisable to preserve the value of those Assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Vast Corporate Defendants, including, determining the available Assets and preventing the unauthorized transfer, withdrawal, or misapplication of Assets;

E.      Enter into and cancel contracts and purchase insurance as advisable or necessary;

F.      Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Vast Corporate Defendants;

G.      Manage and administer the business of the Vast Corporate Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents, provided that the Receiver shall suspend business operations of the Vast Corporate Defendants if, in the judgment of the Receiver, such operations cannot be continued legally or profitably;

H.      Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

I.      Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Vast Corporate Defendants prior to the date of entry of this Order, except

payments that the Receiver deems necessary or advisable to secure Assets of the Vast Corporate Defendants, such as rental payments;

J.      Suspend business operations of the Vast Corporate Defendants if in the judgment of the Receiver such operations cannot be continued legally and profitably;

K.      Prevent the destruction or erasure of any web page or website registered to and operated, in whole or in part, by Receivership Defendants;

L.      Take all steps necessary to ensure that any of the Receivership Defendants' web pages or websites relating to technical support cannot be accessed by the public, or are modified for consumer education and/or informational purposes;

M.      Take all steps necessary to ensure that any telephone numbers associated with the Receivership Defendants cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations.

N.      Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Vast Corporate Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

O.      Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Vast Corporate Defendants, as the Receiver deems necessary and advisable to preserve the Assets of the Vast Corporate Defendants, or as the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

P.      Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate;

Q.      Open one or more bank accounts as designated depositories for funds of the Vast Corporate Defendants.  The Receiver shall deposit all funds of the Vast Corporate Defendants in such a designated account and shall make all payments and disbursements from the Receivership estate from such an account.  The Receiver shall serve copies of monthly account statements on all parties;

R.      Maintain accurate records of all receipts and expenditures incurred as Receiver;

S.      Allow the Plaintiffs' representatives, agents, and assistants, as well as Defendants' representatives and Defendants themselves, reasonable access to the premises of the Vast Corporate Defendants , or any other premises where the Vast Corporate Defendants conduct business or telephone sales operations.  The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Vast Corporate Defendants or its agents.  The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access;

T.      Allow the Plaintiffs' representatives, agents, and assistants, as well as Vast Defendants' representatives and Vast Defendants themselves, reasonable access to Documents in the possession, custody, or control of the Vast Corporate Defendants, or on their behalf, including, but not limited to, books, records, tapes, discs, accounting data, checks, correspondence, forms, advertisements, brochures, manuals, electronically stored data, banking records, customer lists, customer files, invoices, telephone records, ledgers and payroll records, and any other Document or record that relates to the business practices or finances of the Vast Corporate Defendants, including electronically stored information (such as electronic mail); and

U.     Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency; and

V.     File timely reports with the Court at reasonable intervals, or as otherwise directed by the Court.

## XIII.

### TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that the Defendants, their Representatives, and any other Person, with possession, custody or control of property of, or records relating to, the Receivership Defendants shall, upon notice of this Order by personal service or otherwise, immediately notify the Receiver of, and, upon receiving a request from the Receiver, immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A.     All Assets of the Receivership Defendants;

B.     All Documents of the Receivership Defendants, including books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title Documents and other papers;

C.     All computers, electronic devices, mobile devices and machines and data in whatever form used to conduct the business of the Receivership Defendants;

D.     All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Defendants; and

E.      All keys, codes, user names and passwords necessary to gain or to secure access to any Assets or Documents of the Receivership Defendants, including access to their business premises, means of communication, accounts, computer systems, or other property.

In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance.

## XIV.

## PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants shall provide to the Receiver, immediately upon request, the following:

A.      A list of all Assets and property, including accounts, of the Receivership Defendants that are held in any name other than the name of a Receivership Defendant, or by any person or entity other than a Receivership Defendant; and

B.      A list of all agents, employees, officers, servants and those persons in active concert and participation with the Vast Individual Defendants and Receivership Defendants, who have been associated or done business with the Receivership Defendants.  Such list should include every entity that provides leads to the Receivership Defendants.

## XV.

## COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants, their Representatives, and any other person served with a copy of this Order shall fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Defendants.  This cooperation and assistance shall include, but not be limited to:

22

providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any password required to access any computer, mobile device, electronic file, or telephonic data in any medium; advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver; transferring funds at the Receiver's direction; and producing records related to the Assets and sales of the Receivership Defendants.  The entities obligated to cooperate with the Receiver under this provision include, but are not limited to, banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, precious metals dealers, credit card processors, payment processors, merchant banks, acquiring banks, independent sales organizations, third-party processors, payment gateways, insurance companies and other financial institutions and depositories of any kind, as well as all common carriers, telecommunications companies and third-party billing agents.

## XVI.

## NO INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, except as provided herein, as stipulated by the parties, or as directed by further order of the Court, are hereby restrained and enjoined from:

A.       Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to this Receivership;

B.       Transacting any of the business of the Receivership Defendants;

23

C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver; and

D.      Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XVII.

### **RECEIVER'S BOND**

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a bond in the sum of $25,000.00 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.  28 U.S.C. § 754.

## XVIII.

### **COMPENSATION OF THE RECEIVER**

**IT IS FURTHER ORDERED** that the Receiver, and all persons or entities retained or hired by the Receiver as authorized under this Order, including counsel to the Receiver and accountants, shall be entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Defendants.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

24

## XIX.

## ACCESS TO VAST CORPORATE DEFENDANTS'
## BUSINESS PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that, in order to allow the FTC, the State of Florida, and the Receiver to preserve Assets and evidence relevant to this action, and to expedite discovery, Plaintiffs and the Receiver, and their agents and assistants, shall have immediate access to all business premises and storage facilities, owned, controlled, or used by the Vast Corporate Defendants, including but not limited to the offices of the Vast Corporate Defendants. Such locations include, but are not limited to: **2855 S. Congress Avenue, Suite AB, Delray Beach, Florida, 33445**. The FTC, the State of Florida, and the Receiver are authorized to obtain the assistance of the U.S. Marshal's office and other federal, state and local law enforcement officers, as they deem necessary to effect service and to implement peacefully the provisions of this Order. The FTC, the State of Florida, and the Receiver, and their representatives, agents, and assistants, are authorized to remove Documents from the Vast Corporate Defendants' premises in order that they may be inspected, inventoried, and copied for the purpose of preserving discoverable material in connection with this action. Plaintiffs shall return such material within seven (7) business days of completing inspection, inventory and copying. Plaintiff's access to the Vast Corporate Defendants' documents pursuant to this Section shall not provide grounds for the Vast Corporate Defendants to object to any subsequent request for documents served by any Plaintiff.

The Vast Defendants and all employees or agents of the Vast Corporate Defendants shall provide the FTC, the State of Florida, and the Receiver with any necessary means of access to the Vast Corporate Defendants' Documents and records, including, without limitation, the

locations of the Vast Corporate Defendants' business premises, keys and combinations to locks, computer access codes, and storage area access information;

If any computers or other electronic data storage devices containing information related to the business practices or finances of the Vast Corporate Defendants are at a location other than those listed herein, including the personal residences of the Vast Individual Defendants, then immediately upon service of this Order upon them the Vast Individual Defendants shall produce to the Receiver all such computers and other electronic data storage devices.  In order to prevent the destruction of electronic data, upon service of this Order upon the Vast Defendants, any computers or other electronic data storage devices containing such information shall be powered down (turned off) in the normal course for the operating systems used on such devices and shall not be used until produced for copying and inspection, along with any codes needed for access.

Furthermore, the Receiver shall allow the Vast Defendants reasonable access to the premises and business records of the Vast Corporate Defendants within his possession for the purpose of inspecting and copying any Documents relevant to this action.  Subject to the Court's authority to supersede the Receiver's actions, the Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## XX.

### IMMEDIATE PRODUCTION OF BUSINESS RECORDS BY
### THE BOOST DEFENDANTS

**IT IS FURTHER ORDERED** that Boost Defendants shall, within ten (10) days of the entry of this Order, produce to Plaintiffs for inspection, inventory, and/or copying, at a location designated by Plaintiffs, the following materials:

A.      All PC HealthBoost Product sales or marketing materials, including, but not limited to all iterations of the PC HealthBoost Product's free scan;

B.      All customer information, including names, phone numbers, addresses, e-mail addresses, customer lists, and payment and refund information for all consumers who have purchased PC HealthBoost, or any other goods or services, directly from the Boost Defendants or through a third-party on behalf of the Boost Defendants;

C.      All Documents related to the Boost Defendants' association with the Vast Defendants;

D.      All complaints, including all refund requests, from customers, whether sent directly to the Boost Defendants or received through any law enforcement agency or third-party organizations such as the Better Business Bureau, and any responses from the Boost Defendants;

E.      All accounting information, including sales data, profit and loss statements, annual reports, receipt books, ledgers, reports generated by accounting software, and names and contact information for all accounting professionals retained or utilized by or on behalf of the Defendants;

F.      Recordings of any sales calls or customer service calls;

G.      Any agreements and correspondence (including e-mail, short message service (SMS), instant messaging, or any other electronic communication) between any Boost Defendant and any payment processing company, independent sales organization, or financial institution; and

H.      All computers and electronic data, in whatever form, used by the Boost Corporate Defendant, as well as all access codes, passwords, log-in information, and equipment needed to access such material.  Within one (1) business day of the entry of this Order, the Boost

27

Defendants shall (i) notify counsel for the Plaintiffs of the name and location of any person or entity that is hosting, storing, or otherwise maintaining electronic data ("Electronic Data Host") related the Boost Defendants' operations; and (2) serve this Order on any such person or entity. The Boost Defendants shall provide such Electronic Data Host with their consent for the Plaintiffs and their agents to receive access to Boost Corporate Defendant's data for forensic imaging and the Boost Defendants shall execute any documents and otherwise cooperate as necessary to facilitate such access.

The Plaintiffs shall return any material produced pursuant to this Section within twelve (12) days of the Boost Defendants' production.

## XXI.

## <u>EXPEDITED DISCOVERY</u>

**IT IS FURTHER ORDERED** that, notwithstanding the time periods, notice provisions, and other requirements of Rules 26(d), 26(f), and 30(a)(2)(c) of the Federal Rules of Civil Procedure, and pursuant to Federal Rules of Civil Procedure 30(a), 34, and 45, the FTC is granted leave, at any time after entry of this Order, to conduct limited expedited discovery as to parties and non-parties for the purpose of discovering:  (1) the nature, location, status, and extent of Defendants' Assets; (2) the nature and location of Documents reflecting Defendants' businesses, business transactions, and operations; or (3) compliance with this Order.  Procedures for conducting such discovery shall be determined at the hearing scheduled for the entry of a preliminary injunction.

## XXIII.

### <u>DURATION OF TEMPORARY RESTRAINING ORDER</u>

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire fourteen (14) days from the date of entry noted below unless, within such time, the Order is extended for an additional period not to exceed fourteen (14) days for good cause shown, or unless, as to any Defendant, such Defendant consents to an extension for a longer period.

## XXIV.

### <u>PRELIMINARY INJUNCTION HEARING</u>

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 65(b), that each Defendant shall appear before this Court on the 24th day of November, 2014, at 1:00 o'clock p.m., 701 Clematis Street, West Palm Beach, FL 33401, Courtroom 4, to show cause, if there is any, why this Court should not enter a Preliminary Injunction enjoining the violations of law alleged in the Complaint, continuing the freeze of their Assets, and imposing such additional relief as may be appropriate.

## XXV.

### **RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.


**DONE AND ORDERED** in chambers in West Palm Beach, Palm Beach County, Florida, this 12th day of November, 2014 at 2:16 p.m.


KENNETH A. MARRA
United States District Judge

# PLAINTIFF'S EXHIBIT 38 – 10

*FTC v. Centro Natural Corp.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 14-23879-CIV-ALTONAGA/O'Sullivan

**FEDERAL TRADE COMMISSION**,

      Plaintiff,

vs.

**CENTRO NATURAL CORP.**, *et al.*,

      Defendants, and

**BIONORE INC.**,

      Relief Defendant.

_____/

## SEALED TEMPORARY RESTRAINING ORDER

Plaintiff, the Federal Trade Commission ("FTC"), has filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108 [ECF No. 1], and has moved, pursuant to Federal Rule of Civil Procedure 65(b), for a Temporary Restraining Order, and for an Order to Show Cause Why a Preliminary Injunction Should Not Issue against Defendants Centro Natural Corp; Sumore, L.L.C.; Carolina Orellana; Damian Biondi; Javier Sumbre; Jessica Anzola; and proposed Relief Defendant Bionore Inc. (the "Motion") [ECF No. 4].

Case No. 14-23879-CIV-ALTONAGA/O'Sullivan

## I. FINDINGS OF FACT

The Court, having considered the Complaint, the *ex parte* Motion for a Temporary Restraining Order, declarations, exhibits, and the memorandum of points and authorities filed in support thereof, and being otherwise advised, finds that:

1.     This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

2.     There is good cause to believe Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. §§ 1692–1692p, and the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule" ("TSR"), 16 C.F.R. Part 310, and that the FTC is therefore likely to prevail on the merits of this action.  As demonstrated by the consumer declarations, transcripts of calls with and from the Defendants, consumer complaints, and the additional documentation filed by the FTC, the FTC has established a likelihood of success in showing that the Defendants have made serious misrepresentations leading consumers to believe that they are facing legal action and other consequences if they fail to pay an alleged debt.  Through the documentation filed by the FTC, the FTC has also established a likelihood of success in showing that the Defendants have violated the TSR by engaging in deceptive and abusive call tactics and disregarding the TSR requirements regarding the Do Not Call Registry.

3.     There is good cause to believe that immediate and irreparable harm will result from the Defendants' ongoing violations of Section 5(a) of the FTC Act, the FDCPA, and the TSR unless Defendants are restrained and enjoined by Order of this Court.

4.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers (including monetary restitution, rescission, disgorgement or refunds) will occur from the sale, transfer, destruction or other disposition or concealment by Defendants of their Assets, Documents, records or other evidence if Defendants are provided with advance notice of this Order, and that therefore, in accordance with Fed. R. Civ. P. 65(b), the interests of justice require that this order be granted without prior notice to Defendants.  Thus, there is good cause for relieving the FTC of the duty to provide Defendants with prior notice of the FTC's Motion for a Temporary Restraining Order.

5.      Good cause also exists for: (a) the appointment of a Temporary Receiver over Corporate Defendants; (b) the freezing of Defendants' and Relief Defendant's Assets; and (c) ancillary relief ordered below.

6.      Weighing the equities and considering the FTC's likelihood of ultimate success on the merits, it is in the public interest that the Court enter a Temporary Restraining Order that: (1) enjoins and restrains Defendants from engaging in further unlawful conduct; (2) imposes a temporary freeze on the Assets of Defendants and Relief Defendant; (3) appoints a Temporary Receiver over the Corporate Defendants to marshal and preserve their Assets, manage their business affairs, and ascertain whether they engage in any lawful, profitable activity; (4) grants permission to the FTC and the Temporary Receiver to immediately access the premises and records of the Corporate Defendants, and the records of the Relief Defendant; (5) requires that Defendants and Relief Defendant fully disclose all their Assets; (6) allows for limited expedited discovery; and (7) imposes limited temporary travel restrictions over the Individual Defendants.

7.    The FTC is an independent agency of the United States of America and no security is required of any agency of the United States for issuance of a temporary restraining order. Fed. R. Civ. P. 65(c).

## II. DEFINITIONS

For the purpose of this Temporary Restraining Order ("Order"), the following definitions shall apply:

1.    **"Asset"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property including chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares or stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), insurance policies, lines of credit, cash, trusts (including asset protection trusts), lists of consumer names and reserve funds or any other accounts associated with any payments processed by, or on behalf of, any Defendant, including such reserve funds held by payment processors, credit card processors, banks or other financial institutions.

2.    **"Assisting Others"** means providing substantial assistance or support, including any of the following goods or services, to another entity: (1) performing customer service functions, including charging consumers for products or services, or receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (3) providing names of, or assisting in the generation of, potential customers; (4) performing or providing marketing or billing services of any kind; (5) processing credit and debit card payments; or (6) acting as an officer or director of a business, corporation or other entity.

3.      **"Corporate Defendants"** means, individually, collectively, or in any combination, Centro Natural Corp and Sumore, L.L.C. and their subsidiaries, affiliates, successors, and assigns.

4.      **"Debt Collection"** means any attempt to collect, directly or indirectly, debts owed or asserted to be owed, or due.

5.      **"Defendants"** means the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

6.      **"Document" or "Documents"** includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, Web pages, Web sites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements (including advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and any other electronically stored information, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.   A draft or non-identical copy is a separate document within the meaning of the term.

7.      **"Individual Defendants"** means Carolina Orellana, Damian Biondi, Javier Sumbre, and Jessica Anzola, individually, collectively, or in any combination.

8.      **"Person"** means a natural person, organization, or other legal entity, including a corporation, limited liability company, partnership, proprietorship, association,

Case No. 14-23879-CIV-ALTONAGA/O'Sullivan

cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

9.      **"Plaintiff**" or "**Commission**" or "**FTC**" means the Federal Trade Commission.

10.      **"Receiver**" or **"Temporary Receiver"** means the temporary receiver appointed in Section XIV of this Order and any deputy receivers that shall be named by the temporary receiver.

11.      **"Receivership Defendants"** means the Corporate Defendants.

12.      "**Relief Defendant**" means Bionore Inc. and its subsidiaries, affiliates, successors, and assigns.

13.      **"Telemarketer"** means any Person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor.

14.      "**Telemarketing**" means any plan, program, or campaign that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

### III. BAN REGARDING DEBT COLLECTION

**IT IS HEREBY ORDERED** that Defendants are restrained and enjoined from engaging in Debt Collection or Assisting others engaged in Debt Collection, whether directly or through an intermediary.

### IV. BAN ON TELEMARKETING

**IT IS FURTHER ORDERED** that Defendants are restrained and enjoined from engaging in Telemarketing or Assisting others engaged in Telemarketing, whether directly or through an intermediary.

Case No. 14-23879-CIV-ALTONAGA/O'Sullivan

## V. PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any good or service, are hereby temporarily restrained and enjoined from:

A.     Selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, email address, or other identifying information of any Person who paid money to a Defendant or who were contacted or are on a list to be contacted by any Defendant; and

B.     Selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, email address, or other identifying information of any Person who paid money to a Defendant or who were contacted or are on a list to be contacted by any Defendant; and

C.     Benefitting from or using the name, address, birth date, telephone number, email address, Social Security number, Social Insurance number, credit card number, bank account number, or other financial or identifying personal information of any Person from whom or about whom any Defendant obtained such information in connection with any activity that pertains to the subject matter of this Order.

PROVIDED, however, that the Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## VI. ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and Relief Defendant, and their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or

participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.  Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other Assets, or any interest therein, wherever located, including outside the United States, that are:

      1.  owned, controlled or held, in whole or in part, by any Defendant or Relief Defendant;

      2.  held, in whole or in part, for the direct or indirect benefit of, any Defendant or Relief Defendant;

      3.  in the actual or constructive possession of any Defendant or Relief Defendant;

      4.  held by an agent of any Defendant or Relief Defendant as a retainer for the agent's provision of services to Defendants or Relief Defendant;

      5.  owned or controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any of the Defendants or Relief Defendant, or of which any Defendant or Relief Defendant is an officer, director, member, or manager. This includes any Assets held by, for, or subject to access by, any of the Defendants or Relief Defendant at any bank or savings and loan institution, or at/with any broker-dealer, escrow agent, title company, insurance company, commodity

trading company, precious metal dealer, payment processor, credit card processor, acquiring bank, merchant bank, independent sales organization, third party processor, payment gateway or other financial institution or depository of any kind; or

6. held in any account for which any Defendant or Relief Defendant is, or was on the date that this Order was signed, an authorized signor.

B.  Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant or Relief Defendant, either individually or jointly, or subject to access by any Defendant or Relief Defendant, except as necessary to comply with Section XV of this Order;

C.  Obtaining a personal or secured loan encumbering the Assets of any Defendant or Relief Defendant, or subject to access by any Defendant or Relief Defendant;

D.  Incurring liens or other encumbrances on real property, personal property, or other Assets in the name, individually or jointly, of any Defendant or Relief Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or Relief Defendant; or

E.  Incurring charges or cash advances on any credit or bank card issued in the name, individually or jointly, of any Corporate Defendant or Relief Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or Relief Defendant or of which any Defendant or Relief Defendant is an Officer, Director, Member, or Manager.  This includes any corporate bank card or corporate credit card account for which any Defendant or Relief Defendant is, or was on the date that this Order was signed, an authorized signor.

9

Case No. 14-23879-CIV-ALTONAGA/O'Sullivan

**PROVIDED** that the Assets affected by this Section shall include: (a) all Assets of the Corporate Defendants and Relief Defendant; and (b) all Assets of the Individual Defendants existing as of the date this Order was entered, or acquired by any Individual Defendant following entry of this Order, if such Assets are derived from any activity that is the subject of the Commission's Complaint or that is prohibited by this Order.

## VII. DUTIES OF HOLDERS OF DEFENDANTS' ASSETS

**IT IS FURTHER ORDERED** that any financial or brokerage institution, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or Person served with a copy of this Order that (a) holds, controls, or maintains custody of any account or Asset of any Defendant or Relief Defendant, (b) holds, controls, or maintains custody of any Asset associated with credits, debits or charges made on behalf of any Defendant or Relief Defendant, including reserve funds held by payment processors, credit card processors, payment merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies or other entities, or (c) has held, controlled, or maintained custody of any such account or Asset at any time since the date of entry of this Order shall:

A.     Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Assets, as well as all Documents or other property related to such Assets, except by further order of this Court;

B.     Deny any Person, except the Receiver acting pursuant to Section XV of this Order, access to any safe deposit box, commercial mail box, or storage facility that is:

10

    1.  titled in the name of any Defendant or Relief Defendant, either individually or jointly; or

    2.  otherwise subject to access by any Defendant or Relief Defendant;

C.    Provide the FTC's counsel and the Receiver, within five (5) days of receiving a copy of this Order, a sworn statement setting forth:

    1.  the identification number of each account or Asset:

        a)  titled in the name, individually or jointly, of any of the Defendants or Relief Defendant;

        b)  held on behalf of, or for the benefit of, any of the Defendants or Relief Defendant; or

        c)  associated with credit or debit charges made on behalf of Defendants or Relief Defendant;

    2.  the balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the Person or entity to whom such account or other Asset was remitted; and

    3.  the identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any of the Defendants or Relief Defendant, or is otherwise subject to access by any of the Defendants or Relief Defendant; and

Case No. 14-23879-CIV-ALTONAGA/O'Sullivan

D.      Upon the request of the FTC or the Receiver, promptly provide the FTC and the Receiver with copies of all records or other Documentation pertaining to such account or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to such safe deposit boxes, commercial mail boxes and storage facilities.

## VIII. FINANCIAL REPORTS

**IT IS FURTHER ORDERED** that each Defendant and Relief Defendant, within five (5) days of service of this Order upon them, shall prepare and deliver to Counsel for the Commission and the Receiver:

A.      Completed financial statements on the forms attached to the Motion as **Attachment A** (Financial Statement of Individual Defendant) for themselves individually, and **Attachment B** (Financial Statement of Corporate Defendant) for each business entity under which they conduct business or of which they are an officer, and for each trust for which any Defendant or Relief Defendant is a trustee.  The financial statements shall be accurate as of the date of entry of this Order and signed under penalty of perjury.  Each Defendant and Relief Defendant shall include in the financial statements all information requested in the statements, including a full description of all funds and Assets, whether located inside or outside of the United States, that are: (a) titled in the name of such Defendant or Relief Defendant, jointly, severally, or individually; (b) held by any Person or entity for the benefit of such Defendant or Relief Defendant; or (c) under the direct or indirect control of such Defendant or Relief Defendant.   Defendants and Relief

Case No. 14-23879-CIV-ALTONAGA/O'Sullivan

Defendant shall attach to these completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements;

B.    A completed statement, signed under penalty of perjury, of all payments, transfers, or assignments of Assets worth $1,000 or more since 2011.  Such statement shall include: (1) the amount transferred or assigned; (2) the name of each transferee or assignee; (3) the date of transfer or assignment; and (4) the type and amount of consideration paid to Defendant or Relief Defendant.  Each statement shall specify the name and address of each financial institution and brokerage firm at which Defendant or Relief Defendant has accounts or safe deposit boxes.  These statements shall include Assets held in foreign and domestic accounts; and

C.    A completed IRS Form 4506, appended to the Motion as **Attachment C**, requesting tax returns for the past three years (2011-2014) be sent to counsel for the FTC at the following address:

> Janice L. Kopec
> Federal Trade Commission
> 600 Pennsylvania Avenue NW
> Mail Stop CC-8528
> Washington, DC 20580
> (202) 326-2550

## IX. FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within five (5) days following the service of this Order, each Defendant and Relief Defendant shall:

A.    Provide the Commission and the Receiver with a full description, verified under oath and accurate as of the date of this Order, of all funds, Documents, and Assets outside of the United States which are: (1) titled in the name, individually or jointly, of any

Defendant or Relief Defendant; or (2) held by any Person or entity for the benefit of any Defendant or Relief Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant or Relief Defendant; and

B.    Provide the Commission and Receiver access to all records of accounts or Assets of any Defendant held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records appended to the Motion as **Attachment D**.

C.    Transfer to the territory of the United States and deliver to the Receiver all funds, Documents, and Assets located in foreign countries which are: (1) titled in the name individually or jointly of any Defendant or Relief Defendant; or (2) held by any Person or entity, for the benefit of any Defendant or Relief Defendant; or (3) under the direct or indirect control of any Defendant or Relief Defendant, whether jointly or singly; and

D.    The same business day as any repatriation, (1) notify counsel for the Commission of the name and location of the financial institution or other entity that is the recipient of such funds, Documents, or Assets; and (2) serve this Order on any such financial institution or other entity.

## X. INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants and Relief Defendant, and their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by Section IX of this Order, including, but not limited to:

14

A.   Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' and Relief Defendant's Assets have been fully repatriated pursuant to Section IX of this Order; or

B.   Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Defendants' and Relief Defendant's Assets have been fully repatriated pursuant to Section IX of this Order.

## XI. TEMPORARY PASSPORT SURRENDER AND TRAVEL RESTRICTION PENDING ACCOUNT IDENTIFICATION AND REPATRIATION

**IT IS FURTHER ORDERED** that:

A.   Individual Defendants shall immediately surrender to the Clerk of the Court all passports that he or she holds.  Each Individual Defendant's passport(s) will be retained by the Court pending (1) each Individual Defendant's repatriation of foreign Assets and provision to the FTC of a sworn financial accounting as set forth in Sections VIII and IX *supra*, and (2) resolution of the Order to Show Cause, *see infra*, Section XXVIII, after which Individual Defendants may apply for return of his or her passport(s);

B.   Individual Defendants are prohibited from traveling outside of the United States pending Individual Defendant's repatriation of foreign Assets and provision to the FTC of a sworn financial accounting as set forth in Sections VIII and IX *supra*, and (2) resolution of the Order to Show Cause, *see infra*, section XXVIII, after which Individual Defendants may apply to lift this restriction; and

C.    Any Individual Defendants not currently located within the United States upon service of the Order, shall comply with Sections XI-A and XI-B above immediately upon entry into the United States.

## XII. CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency served with this Order shall promptly furnish consumer reports as requested concerning any Defendant or Relief Defendant to counsel for the Commission.

## XIII. PRESERVATION OF RECORDS AND REPORT OF
## NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants and Relief Defendant, and their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.    Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or Personal finances of any Defendant or Relief Defendant, (2) the business practices or finances of entities directly or indirectly under the control of any Defendant or Relief Defendant, or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant or Relief Defendant, including: any and all marketing materials, Internet pages, consumer complaints, call detail records, telephone logs, telephone scripts, contracts, correspondence, email, corporate books and records, accounting data, financial

statements, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, calendars, appointment books, and tax returns;

B.     Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants and Relief Defendant's incomes, disbursements, transactions, and use of the Defendants and Relief Defendant's Assets; and

C.     Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing counsel for the Commission with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XIV. APPOINTMENT OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Scott M. Dimond is appointed Temporary Receiver for the Receivership Defendants and any of their affiliates, subsidiaries, divisions, or telephone sales or customer service operations, wherever located, with the full power of an equity receiver. The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court.

## XV. RECEIVER'S DUTIES AND AUTHORITIES

**IT IS FURTHER ORDERED** that the Receiver is authorized and directed to accomplish the following:

A.     Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent

of any of the Receivership Defendants, including any Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants;

B.    Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all Assets and Documents of the Receivership Defendants and other Persons or entities whose interests are now under the direction, possession, custody, or control of, the Receivership Defendants. The Receiver shall assume control over the Receivership Defendants' income and profits and all sums of money now or hereafter due or owing to the Receivership Defendants. PROVIDED, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

C.    Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Defendants operate their businesses. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) serving this Order; (2) completing a written inventory of all Receivership Assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including the name, home address, Social Security Number, job description, company history, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing and videotaping any or all portions of the location; (5) securing the location by changing the locks and disconnecting any internet access or other means

Case No. 14-23879-CIV-ALTONAGA/O'Sullivan

of access to the computers, internet or records maintained at that location; and (6) requiring any Persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such Persons are not removing from the premises Documents or Assets of the Receivership Defendants.

D.      Law enforcement personnel, including police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security. If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

E.      Conserve, hold, and manage all Assets of the Receivership Defendants, and perform all acts necessary or advisable to preserve the value of those Assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Receivership Defendants, including determining the available Assets and preventing the unauthorized transfer, withdrawal, or misapplication of Assets;

F.      Enter into and cancel contracts, and purchase insurance as advisable or necessary;

G.      Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

H.      Manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents, provided that the Receiver shall suspend business operations of the

19

Receivership Defendants if, in the judgment of the Receiver, such operations cannot be continued legally or profitably;

I.     Prevent the destruction or erasure of any web page or website registered to and operated, in whole or in part, by Receivership Defendants;

J.     Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

K.     Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Defendants, such as rental payments;

L.     Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including actions challenging fraudulent or voidable transfers;

M.    Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Receivership Defendants, as the Receiver deems necessary and advisable to

preserve the Assets of the Receivership Defendants, or as the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

N.      Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the Receivership estate;

O.      Open one or more bank accounts as designated depositories for funds of the Receivership Defendants.  The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the Receivership estate from such an account.  The Receiver shall serve copies of monthly account statements on all parties;

P.      Maintain accurate records of all receipts and expenditures incurred as Receiver;

Q.      Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency; and

R.      File timely reports with the Court at reasonable intervals, or as otherwise directed by the Court.

## XVI. TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that the Defendants and Relief Defendant, their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, and any other Person with possession, custody or control of property or of records relating to the Receivership Defendants shall upon notice of this Order by personal service or otherwise immediately notify the Receiver of, and, upon receiving a request from the Receiver, immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A.      All Assets of the Receivership Defendants;

Case No. 14-23879-CIV-ALTONAGA/O'Sullivan

B.    All Documents of the Receivership Defendants, including books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title Documents and other papers;

C.    All computers, electronic devices and machines and data in whatever form used to conduct the business of the Receivership Defendants;

D.    All Assets and Documents belonging to other Persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Defendants; and

E.    All keys, codes, user names and passwords necessary to gain or to secure access to any Assets or Documents of the Receivership Defendants, including access to their business premises, means of communication, accounts, computer systems, or other property.

In the event that any Person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure.  Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver.  The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the Asset, Document, or other item covered by this Section and to deliver it to the Receiver.

## XVII. PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants and Relief Defendant shall provide to the Receiver, immediately upon request, the following:

22

A.     A list of all Assets and property, including accounts, of the Receivership Defendants that are held in any name other than the name of a Receivership Defendant, or by any Person or entity other than a Receivership Defendant; and

B.     A list of all agents, employees, officers, servants or those Persons in active concert and participation with the Defendants, who have been associated or done business with the Receivership Defendants.

**XVIII. COOPERATION WITH THE RECEIVER**

**IT IS FURTHER ORDERED** that Defendants and Relief Defendant, their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, and any other Person served with a copy of this Order shall fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets of the Receivership Defendants. This cooperation and assistance shall include, but not be limited to: providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any password required to access any computer, electronic file, or telephonic data in any medium; advising all Persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Defendants. The entities obligated to cooperate with the Receiver under this provision include, but are not limited to, banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, precious metals dealers, credit card processors, payment processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies and other

23

financial institutions and depositories of any kind, as well as all common carriers, telecommunications companies and third-party billing agents.

## XIX. PROHIBITION ON INTERFERENCE WITH THE RECEIVER'S WORK

**IT IS FURTHER ORDERED** that Defendants and Relief Defendant, their officers, agents, servants, employees, attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, are hereby restrained and enjoined from:

A.      Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to this Receivership;

B.      Transacting any of the business of the Receivership Defendants;

C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants or the Receiver; and

D.      Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XX. STAY OF ACTIONS AGAINST RECEIVERSHIP DEFENDANTS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the Receivership ordered herein, Defendants, Relief Defendant, their officers, agents, servants, employees, attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other Persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants or Relief

Defendant, and all others acting for or on behalf of such Persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Defendants, including:

A.    Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 et seq., or of any similar insolvency proceeding.

B.    Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Defendants, including the issuance or employment of process against the Receivership Defendants, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

C.    Filing or enforcing any lien on any asset of the Receivership Defendants, taking or attempting to take possession, custody, or control of any asset of the Receivership Defendants; or attempting to foreclose, forfeit, alter, or terminate any interest in any asset of the Receivership Defendants, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or

D.    Initiating any other process or proceeding that would interfere with the Receiver managing or taking custody, control, or possession of, the Assets or Documents subject to this receivership.

*Provided that*, this Order does not stay: (i) the commencement or continuation of a criminal action or proceeding; (ii) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (iii) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

Case No. 14-23879-CIV-ALTONAGA/O'Sullivan

## XXI. COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XXII. RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a bond in the sum of $1,000,000 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs. 28 U.S.C. § 754.

## XXIII. ACCESS TO BUSINESS OFFICES AND RECORDS

**IT IS FURTHER ORDERED** that, in order to allow the Commission and the Receiver to preserve Assets and evidence relevant to this action, and to expedite discovery, Commission counsel and the Receiver, and their agents, and assistants, shall have immediate access to the business premises and storage facilities, owned, controlled, or used by the Receivership Defendants. Such locations include, but are not limited to: 1001 N Federal Hwy, Suite 319, Hallandale Beach, FL 33009 and any offsite commercial mail boxes used by any Receivership Defendant. The Commission and the Receiver, and their representatives, agents, and assistants,

are authorized to obtain the assistance of the U.S. Marshal's office and other federal, state and local law enforcement officers as they deem necessary to effect service and to implement peacefully the provisions of this Order.

Furthermore, in order to allow the Commission and the Receiver to preserve Assets and evidence relevant to this action, and to expedite discovery, Commission counsel and the Receiver, and their agents, and assistants, shall have immediate access to the records of the Receivership Defendants and the records of the Relief Defendant. The Commission and the Receiver, and their representatives, agents, and assistants, are authorized to remove Documents from the Receivership Defendants' and Relief Defendant's premises in order that they may be inspected, inventoried, and copied for the purpose of preserving discoverable material in connection with this action.

Furthermore, the Receiver shall allow the Defendants and Relief Defendant reasonable access to the premises and records of the Receivership Defendants and the records of the Relief Defendant within his possession for the purpose of inspecting and copying materials relevant to this action. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## XXIV. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that the Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, servant, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, and provide the Commission and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the

names, physical addresses, phone number, and email addresses of each such Person or entity who received a copy of the Order.  Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other Persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXV. EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of the Federal Rules of Civil Procedure 26(d) and (f) and 30(a)(2)(c), and pursuant to Federal Rules of Civil Procedure 30(a), 34, and 45, the Commission is granted leave, at any time after service of this Order, to conduct limited expedited discovery as set forth in this Section.  For the purpose of discovering the (1) nature, location, status, and extent of Defendants' and Relief Defendant's Assets, (2) nature and location of Documents reflecting the Defendants' businesses, business transactions and operations, (3) the telecommunications providers that Defendants utilize to conduct the practices alleged in the FTC's complaint; or (4) compliance with this Order:

A.      Take the deposition of any Person on 48 hours notice.  The limitations and conditions set forth in Rules 30(a)(2)(B) and 31(a)(2)(B) of the Federal Rules of Civil Procedure regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section.  Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means;

B.      Demand the production of Documents, on five (5) days of notice, from any Person, whether or not a party, provided that three (3) days of notice shall be deemed sufficient

Case No. 14-23879-CIV-ALTONAGA/O'Sullivan

for the production of any such Documents that are maintained or stored only in an electronic format;

C.     Service of discovery upon a party to this lawsuit, taken pursuant to this Section, shall be sufficient if made by facsimile, email or by overnight delivery.  Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and Local Rules of this Court;

D.     If a Defendant or Relief Defendant fails to appear for a properly noticed deposition or fails to comply with a request for production or inspection, that Defendant or Relief Defendant may be prohibited from introducing evidence at the hearing on the Commission's request for a preliminary injunction;

E.     The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Rules 26(d) & (f) of the Federal Rules of Civil Procedure; and

F.     The Parties are exempted from making initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(B) until further order of this Court.

## XXVI. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order as well as the Motion for Temporary Restraining Order and all other pleadings, Documents, and exhibits filed contemporaneously with that Motion (other than the complaint and summons), may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, or by U.S. Mail and/or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server, upon any Defendant or any Person (including any financial institution) that may have possession, custody or control of

Case No. 14-23879-CIV-ALTONAGA/O'Sullivan

any property, property right, Document, or Asset of any Defendant or Relief Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure. For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity. This Order shall bind Persons (including entities) that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure upon such Person's receipt of actual notice, by personal service or otherwise, of this Order. *See* Fed. R. Civ. P. 65(d)(2).

### XXVII. CORRESPONDENCE AND SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on the Commission shall be addressed to:

> Janice Kopec
> Dotan Weinman
> Federal Trade Commission
> 600 Pennsylvania Avenue NW
> Mail Stop CC-8528
> Washington, DC 20580
> (202) 326-2550 (Kopec phone)
> (202) 326-3049 (Weinman phone)
> (202) 326-3395 (fax)
> jkopec@ftc.gov
> dweinman@ftc.gov

### XXVIII. PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 65(b), Defendants and Relief Defendant shall appear before this Court on **Friday, October 31, 2014**, at **10:00 a.m.**, to show cause, if there is any, why the Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendants and Relief Defendant, enjoining the violations of the law alleged in the Commission's Complaint, continuing the freeze of their Assets, continuing the Receivership, and imposing such additional relief as may be appropriate.

### XXIX. BRIEFS & AFFIDAVITS CONCERNING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that the Defendants and Relief Defendant shall file with the Court and serve on the Commission's counsel any answering pleadings, affidavits, motions, expert reports or declarations, and/or legal memoranda no later than seven (7) days prior to the hearing on the Commission's request for a preliminary injunction. The Commission may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for the Defendants and Relief Defendant no later than one (1) day prior to the preliminary injunction hearing in this matter. Provided, however, such affidavits, pleadings, motions, expert reports, declarations, legal memoranda and/or oppositions must be served by personal or overnight delivery, facsimile or email, and be *received* by the other party or parties no later than 5:00 p.m. (Eastern Daylight Time) on the appropriate dates set forth in this Section.

An evidentiary hearing on the Commission's request for a preliminary injunction is not necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that raises a genuine and material factual issue. *See, e.g., McDonald's Corp. v. Robertson*, 147 F .3d 1301, 1312-13 (11th Cir. 1998). The question of whether the Court should enter a preliminary injunction shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties. Live testimony shall be heard only on further order of this Court. Any motion to permit such testimony shall be filed with the Court and served on counsel for the other parties at least five (5) days prior to the preliminary injunction hearing in this matter. Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation of why the taking of live testimony would be helpful to

this Court. Any papers opposing a timely motion to present live testimony or to present live testimony in response to another party's timely motion to present live testimony shall be filed with this Court and served on the other parties at least three (3) days prior to the preliminary injunction hearing in this matter, provided that service shall be performed by personal or overnight delivery, facsimile or email, and Documents shall be delivered so that they shall be received by the other parties no later than 5:00 p.m. (Eastern Daylight Time) on the appropriate dates provided in this Section.

## XXX. DURATION OF THE ORDER

**IT IS FURTHER ORDERED** that this Order shall expire fourteen (14) days from the date of entry noted below, unless within such time, the Order is extended for an additional period pursuant to Federal Rule of Civil Procedure 65(b)(2).

## XXXI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**DONE AND ORDERED** in Miami, Florida, this 20th day of October, 2014.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

# PLAINTIFF'S EXHIBIT 38 – 11

*FTC v. Partners in Healthcare Assoc., Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. **14-23109** |
| | ) **CIV-SCOLA** |
| v. | ) Sealed |
| | ) **TEMPORARY RESTRAINING** |
| PARTNERS IN HEALTH CARE | ) **ORDER** |
| ASSOCIATION, INC. *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

*Sealed until 8/28/14 or upon service of Defendants*

Plaintiff, the Federal Trade Commission ("FTC"), has filed its Complaint for

Permanent Injunction and Other Equitable Relief pursuant to Sections 13(b) and 19 of

the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the

Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing

Act"), 15 U.S.C. §§ 6101-6108 (Docket No. __), and has moved, pursuant to Federal

Rule of Civil Procedure 65(b), for a Temporary Restraining Order, and for an Order to

Show Cause Why a Preliminary Injunction Should Not Issue against Partners In

Health Care Association, Inc. (also d/b/a/ Partners In Health Care, Inc.) ("PIHC"),

Gary L. Kieper, United Solutions Group Inc. (also d/b/a Debt Relief Experts, Inc.),

Walter S. Vargas, and Constanza Gomez Vargas (Docket No. __.)

### I. FINDINGS OF FACT

The Court, having considered the Complaint, the *ex parte* motion for a temporary

restraining order, declarations, exhibits, and the memorandum of points and authorities

filed in support thereof, and being otherwise advised, finds that:

1.  This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper;

2.  There is good cause to believe that the Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule" ("TSR"), 16 C.F.R. Part 310, and that the FTC is therefore likely to prevail on the merits of this action;

3.  There is good cause to believe that immediate and irreparable harm will result from the Defendants' ongoing violations of Section 5 of the FTC Act and the TSR unless Defendants are restrained and enjoined by Order of this Court;

4.  There is good cause to believe that immediate and irreparable damage to this Court's ability to grant effective final relief for consumers (including monetary restitution, rescission, disgorgement or refunds) will occur from the sale, transfer, destruction or other disposition or concealment by Defendants of their Assets, Documents, records or other evidence if Defendants are provided with advance notice of this Order, and that therefore, in accordance with Fed. R. Civ. P. 65(b), the interests of justice require that this order be granted without prior notice to Defendants.  Thus, there is good cause for relieving the FTC of the duty to provide Defendants with prior notice of the FTC's application;

5.  Good cause also exists for: (a) the appointment of a Temporary Receiver over Corporate Defendants; (b) the freezing of Defendants' Assets; and (c) ancillary relief ordered below;

2

6.     Weighing the equities and considering the FTC's likelihood of ultimate success
       on the merits, it is in the public interest that the Court enter a Temporary
       Restraining Order that:  (1) enjoins Defendants from making misrepresentations
       or failing to disclose material information, or violating the TSR; (2) appoints a
       Temporary Receiver over the Corporate Defendants; (3) freezes Defendants'
       Assets; (4) requires Defendants to show cause why a preliminary injunction
       should not issue; and (5) provides other equitable relief; and

7.     The FTC is an independent agency of the United States of America and no
       security is required of any agency of the United States for issuance of a
       temporary restraining order.  Fed. R. Civ. P. 65(c).

## II.  DEFINITIONS

For the purpose of this Temporary Restraining Order ("Order"), the following definitions shall apply:

1.  **"Asset"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property including chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares or stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), insurance policies, lines of credit, cash, trusts (including asset protection trusts), lists of consumer names and reserve funds or any other accounts associated with any payments processed by, or on behalf of, any Defendant, including such reserve funds held by payment processors, credit card processors, banks or other financial institutions.

2.  **"Assisting Others"** includes providing any of the following goods or services to another entity: (1) performing customer service functions, including charging

3

consumers for products or services, or receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (3) providing names of, or assisting in the generation of, potential customers; (4) performing or providing marketing or billing services of any kind; (5) processing credit and debit card payments; or (6) acting as an officer or director of a business, corporation or other entity; or (6) providing any other substantial help or assistance.

3. **"Clear and Conspicuous"** or **"Clearly and Conspicuously"** mean:

a. In print communications, a message that is presented in a manner that stands out from the accompanying text, so that it is sufficiently prominent, because of its type size, contrast to the background against which it appears, location, or other characteristics, for an ordinary consumer to notice, read, and comprehend it in relation to any claim it may be modifying;

b. In communications made through an electronic medium (e.g., television, Internet, telephone, etc.), a message that is presented simultaneously in both the audio and visual portions of the communication. In any communication presented solely through visual or audio means, the message shall be made through the same means in which the communication is presented. In any communication disseminated by means of an interactive electronic medium (e.g., Internet), a disclosure must be unavoidable and presented prior to the consumer incurring any financial obligation. Any audio message shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it in relation to any claim it may be modifying. Any visual message shall be presented in a manner that stands out in the context in which it is presented, so that it is sufficiently prominent, because of its size and shade, contrast to

4

the background against which it appears, length of time it appears on the screen, and its location, for an ordinary consumer to notice, read, and comprehend it in relation to any claim it may be modifying; and

      c.   Regardless of the medium used to disseminate it, a message that uses only understandable language and syntax.  Nothing contrary to, inconsistent with, or in mitigation of the message shall be used in any communication.

    **4.**   **"Corporate Defendants"** means, individually, collectively, or in any combination, PIHC and United Solutions Group Inc. and their subsidiaries, affiliates, successors, and assigns.

    **5.**   **"Defendants"** means, individually, collectively, or in any combination, all of the Individual Defendants and the Corporate Defendants.

    **6.**   **"Document" or "Documents"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

    **7.**   **"FTC Act"** means the Federal Trade Commission Act codified at 15 U.S.C. §§ 41-58.

    **8.**   **"Individual Defendants"** means Gary L. Kieper, Constanza Gomez Vargas, and Walter Vargas.

    **9.**   **"Person"** means a natural person, organization, or other legal entity, including a corporation, limited liability company, partnership, proprietorship, association,

cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

**10. "Plaintiff"** or **"Commission"** or **"FTC"** means the Federal Trade Commission.

**11. "Receiver"** or **"Temporary Receiver"** means the temporary receiver appointed in Section XIV of this Order and any deputy receivers that shall be named by the temporary receiver.

**12. "Receivership Defendants"** means the Corporate Defendants.

**13. "Representative"** or **"Representatives"** means Defendants' officers, agents, servants, employees, and attorneys, and any other person or entity in active concert or participation with them, who receives actual notice of this Order by personal service or otherwise.

**14. "Telemarketer"** means any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor. 16 C.F.R. § 310.2(bb).

**15. "Telemarketing"** means any plan, program, or campaign that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

**16. "Telemarketing Sales Rule"** or **"TSR"** means the Telemarketing Sales Rule set forth in 16 C.F.R. Part 310.

### III. PROHIBITED MISREPRESENTATIONS

**IT IS HEREBY ORDERED** that Defendants and their Representatives, whether acting directly or indirectly through any entity, corporation, subsidiary, division, director, officer, manager, member, affiliate, agent, independent contractor, accountant, financial advisor, or other device, in connection with the marketing, advertising,

promotion, distribution, offer for sale, or sale of Medical Discount Cards, are hereby temporarily restrained and enjoined from misrepresenting, directly or indirectly, expressly or by implication, any material fact including the following:

**A.** That Defendants are selling health insurance or the equivalent of such insurance;

**B.** That the good  or service that Defendants are selling or marketing is health insurance or the equivalent of such insurance;

**C.** That the good or service that Defendants are selling or marketing is commensurate to, superior to, or a replacement for health insurance;

**D.** That the good or service that Defendants are selling or marketing is related to, associated with, affiliated with, endorsed by or in any way connected to a state or government affiliated health insurance program, including programs created under the Patient Protection and Affordable Care Act of 2010, 42 U.S.C. § 18001 *et seq.*;

**E.** Any Material terms regarding the total cost to purchase, receive, or use, and the quantity of, any goods or services that are subject to Defendants' sales offer; and

**F.** Any Material restrictions, limitations, or conditions to purchase, receive, or use Defendants' products or services; and

**G.** Any other fact material to a consumer's decision to purchase any good or service from Defendants.

### IV.  REQUIRED DISCLOSURES

**IT IS HEREBY ORDERED** that Defendants and their Representatives, whether acting directly or indirectly through any entity, corporation, subsidiary, division,

director, officer, manager, member, affiliate, agent, independent contractor, accountant, financial advisor, or other device, in connection with the marketing, advertising, promotion, distribution, offer for sale, or sale of Medical Discount Cards, are hereby temporarily restrained and enjoined from failing to disclose to consumers before purchase, in a Clear and Conspicuous manner, any material fact including the following:

**A.** Any policy related to obtaining a refund; and

**B.** That a Medical Discount Card is not health insurance or the equivalent of such insurance. Defendants must include the following disclaimer, in a Clear and Conspicuous manner, in all written or oral communications with consumers: "The product that we offer is NOT Health Insurance. It cannot replace Health Insurance."

### V. CONDUCT PROHIBITIONS REGARDING TELEMARKETING

**IT IS FURTHER ORDERED** that PIHC and Gary L. Kieper and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, officer, director, manager, member, affiliate, agent, independent contractor, accountant, financial advisor, or other device, in connection with the Telemarketing, advertising, marketing, promotion, offering for sale, or sale of any product or service, including Medical Discount Cards, are hereby restrained and enjoined from:

**A.** Using any false or misleading statement to induce any person to pay for goods or services;

**B.** Misrepresenting any material aspect of the performance, efficacy, nature, or central characteristics of goods or services that are the subject of the sales offer;

**C.**     Providing substantial assistance or support to any seller or telemarketer when PIHC or Gary L. Kieper knows or consciously avoids knowing that their sellers or telemarketers are engaged in any of the conduct set forth in this Section; and

**D.**     Violating the Telemarketing Sales Rule, 16 C.F.R. Part 310, attached as Appendix A.

## VI.  ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby restrained and enjoined from:

**A.**     Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other Assets, or any interest therein, wherever located, including outside the United States, that are:

1.   owned, controlled or held, in whole or in part, by any Defendant;

2.   held, in whole or in part, for the direct or indirect benefit of, any Defendant;

3.   in the actual or constructive possession of any Defendant;

4.   held by an agent of any Defendant as a retainer for the agent's provision of services to Defendants;

5.   owned or controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset

protection trust, or other entity that is directly or indirectly owned, managed or controlled by any of the Defendants, or of which any Defendant is an officer, director, member, or manager. This includes, but is not limited to, any Assets held by, for, or subject to access by, any of the Defendants at any bank or savings and loan institution, or at/with any broker-dealer, escrow agent, title company, insurance company, commodity trading company, precious metal dealer, payment processor, credit card processor, acquiring bank, merchant bank, independent sales organization, third party processor, payment gateway or other financial institution or depository of any kind; or

6. held in any account for which any Defendant is, or was on the date that this Order was signed, an authorized signor.

**B.**     Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant, either individually or jointly, or subject to access by any Defendant, except as necessary to comply with Section XV of this Order;

**C.**     Obtaining a personal or secured loan encumbering the Assets of any Defendant, or subject to access by any Defendant;

**D.**     Incurring liens or other encumbrances on real property, personal property, or other Assets in the name, individually or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant; or

**E.**     Incurring charges or cash advances on any credit or bank card issued in the name, individually or jointly, of any Corporate Defendant or any corporation,

partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an Officer, Director, Member, or Manager. This includes, but is not limited to, any corporate bank card or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor.

**PROVIDED** that the Assets affected by this Section shall include: (a) all Assets of the Corporate Defendants; and (b) all Assets of the Individual Defendants existing as of the date this Order was entered, or acquired by any Individual Defendant following entry of this Order, if such Assets are derived from any activity that is the subject of the Commission's Complaint or that is prohibited by this Order.

## VII.   DUTIES OF HOLDERS OF DEFENDANTS' ASSETS

**IT IS FURTHER ORDERED** that any financial or brokerage institution, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person served with a copy of this Order that (a) holds, controls, or maintains custody of any account or Asset of any Defendant, (b) holds, controls, or maintains custody of any Asset associated with credits, debits or charges made on behalf of any Defendant, including reserve funds held by payment processors, credit card processors, payment merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies or other entities, or (c) has held, controlled, or maintained custody of any such account or Asset at any time since the date of entry of this Order shall:

**A.**      Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment,

conversion, sale, or other disposal of any such Assets, as well as all Documents or other property related to such Assets, except by further order of this Court;

**B.**   Deny any person, except the Receiver acting pursuant to Section XV of this Order, access to any safe deposit box, commercial mail box, or storage facility that is:

1.   titled in the name of any Defendant, either individually or jointly; or

2.   otherwise subject to access by any Defendant;

**C.**   Provide the FTC's counsel and the Receiver, within five (5) days of receiving a copy of this Order, a sworn statement setting forth:

1.   the identification number of each account or Asset:

a) titled in the name, individually or jointly, of any of the Defendants;

b) held on behalf of, or for the benefit of, any of the Defendants; or

c) associated with credit or debit charges made on behalf of Defendants;

2.   the balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

3.   the identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly,

of any of the Defendants, or is otherwise subject to access by any of the Defendants; and

**D.** Upon the request of the FTC or the Receiver, promptly provide the FTC and the Receiver with copies of all records or other Documentation pertaining to such account or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to such safe deposit boxes, commercial mail boxes and storage facilities.

## VIII.  FINANCIAL REPORTS

**IT IS FURTHER ORDERED** that each Defendant, within five (5) days of service of this Order upon them, shall prepare and deliver to Counsel for the Commission and the Receiver:

A.  Completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for themselves individually, and **Attachment B** (Financial Statement of Corporate Defendant) for each business entity under which they conduct business or of which they are an officer, and for each trust for which any Defendant is a trustee.  The financial statements shall be accurate as of the date of entry of this Order and signed under penalty of perjury.  Each Defendant shall include in the financial statements all information requested in the statements, including a full description of all funds and Assets, whether located inside or outside of the United States, that are: (a) titled in the name of such Defendant, jointly, severally, or individually; (b) held by any person or entity for the benefit of such

Defendant; or (c) under the direct or indirect control of such Defendant. Defendants shall attach to these completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements;

B.      A completed statement, signed under penalty of perjury, of all payments, transfers, or assignments of Assets worth $1,000 or more since 2011. Such statement shall include: (1) the amount transferred or assigned; (2) the name of each transferee or assignee; (3) the date of transfer or assignment; and (4) the type and amount of consideration paid to Defendant or Relief Defendant. Each statement shall specify the name and address of each financial institution and brokerage firm at which Defendant or Relief Defendant has accounts or safe deposit boxes. These statements shall include Assets held in foreign and domestic accounts; and

C.      A completed IRS Form 4506, appended to this Order as **Attachment D**, requesting tax returns for the past three years be sent to counsel for the FTC at the following address:

Gary Ivens
Federal Trade Commission
600 Pennsylvania Avenue NW
Mail Stop CC-8528
Washington, DC 20580
(202) 326-2330

### IX.  FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within five (5) days following the service of this Order, each Defendant shall:

A.      Provide the Commission and the Receiver with a full description, verified under oath and accurate as of the date of this Order, of all funds, Documents, and

14

Assets outside of the United States which are:  (1) titled in the name, individually or jointly, of any Defendant; or (2) held by any person or entity for the benefit of any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant; and

B.      Provide the Commission and Receiver access to all records of accounts or Assets of any Defendant held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records appended to this Order as **Attachment C**.

C.      Transfer to the territory of the United States and deliver to the Receiver all funds, Documents, and Assets located in foreign countries which are: (1) titled in the name individually or jointly of any Defendant; or (2) held by any person or entity, for the benefit of any Defendant; or (3) under the direct or indirect control of any Defendant, whether jointly or singly.

D.      The same business day as any repatriation, (1) notify counsel for the Commission of the name and location of the financial institution or other entity that is the recipient of such funds, documents, or assets; and (2) serve this Order on any such financial institution or other entity; and

E.      Provide the Commission access to all records of accounts or assets of any Defendant or Relief Defendant held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records appended to this Order as Attachment C.

## X.  INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or

other device, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by Section IX of this Order, including, but not limited to:

**A.**      Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' Assets have been fully repatriated pursuant to Section IX of this Order; or

**B.**      Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Defendants' Assets have been fully repatriated pursuant to Section IX of this Order.

## XI.  CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency served with this Order shall promptly furnish consumer reports as requested concerning any Defendant to counsel for the Commission.

## XII.  PRESERVATION OF RECORDS AND REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants and their Representatives, as well as any document custodians receiving actual notice of this Order, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from:

    **A.**    Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances of any Defendant, (2) the business practices or finances of entities directly or indirectly under the control of any Defendant, or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant, including: any and all marketing materials, Internet pages, consumer complaints, call detail records, telephone logs, telephone scripts, contracts, correspondence, email, corporate books and records, accounting data, financial statements, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, calendars, appointment books, and tax returns;

    **B.**    Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of the Defendants' Assets; and

    **C.**    Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing counsel for the Commission with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XIII.   PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

    **IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director,

manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from:

    **A.** Selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, email address, or other identifying information of any person who paid money to a Defendant for a Medical Discount Card or who were contacted or are on a list to be contacted by any Defendant; and

    **B.** Benefitting from or using the name, address, birth date, telephone number, email address, Social Security number, Social Insurance number, credit card number, bank account number, or other financial or identifying personal information of any Person from whom or about whom any Defendant obtained such information in connection with any activity that pertains to the subject matter of this Order.

    Provided, however, that the Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## XIV. APPOINTMENT OF TEMPORARY RECEIVER

    IT IS FURTHER ORDERED that _Peter Russin, Esq._ is appointed temporary receiver for the Receivership Defendants and any of their affiliates, subsidiaries, divisions, or telephone sales or customer service operations, wherever located, with the full power of an equity receiver. The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court.

## XV.  RECEIVER'S DUTIES AND AUTHORITIES

**IT IS FURTHER ORDERED** that the Receiver is authorized and directed to accomplish the following:

A.      Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Receivership Defendants, including any Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants;

B.      Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated.  The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all Assets and Documents of the Receivership Defendants and other persons or entities whose interests are now under the direction, possession, custody, or control of, the Receivership Defendants. The Receiver shall assume control over the Receivership Defendants' income and profits and all sums of money now or hereafter due or owing to the Receivership Defendants.  Provided, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

C.      Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Defendants operate their businesses.  Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) serving this Order; (2) completing a written inventory of all

Receivership Assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including the name, home address, Social Security Number, job description, company history, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing and videotaping any or all portions of the location; (5) securing the location by changing the locks and disconnecting any internet access or other means of access to the computers, internet or records maintained at that location; and (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Defendants.

D.      Law enforcement personnel, including police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security.  If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

E.      Conserve, hold, and manage all Assets of the Receivership Defendants, and perform all acts necessary or advisable to preserve the value of those Assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Receivership Defendants, including determining the available Assets and preventing the unauthorized transfer, withdrawal, or misapplication of Assets;

F.      Enter into and cancel contracts, and purchase insurance as advisable or necessary;

**G.** Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

**H.** Manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes but is not limited to retaining, hiring, or dismissing any employees, independent contractors, or agents, provided that the Receiver shall suspend business operations of the Receivership Defendants if, in the judgment of the Receiver, such operations cannot be continued legally or profitably;

**I.** Prevent the destruction or erasure of any web page or website registered to and operated, in whole or in part, by Receivership Defendants;

**J.** Take all steps necessary to ensure that any of the Receivership Defendants' web pages or websites relating to Medical Discount Cards cannot be accessed by the public, or are modified for consumer education and/or informational purposes;

**K.** Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

**L.** Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the

date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Defendants, such as rental payments;

    **M.**    Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including actions challenging fraudulent or voidable transfers;

    **N.**    Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Receivership Defendants, as the Receiver deems necessary and advisable to preserve the Assets of the Receivership Defendants, or as the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

    **O.**    Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the Receivership estate;

    **P.**    Open one or more bank accounts as designated depositories for funds of the Receivership Defendants. The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the Receivership estate from such an account. The Receiver shall serve copies of monthly account statements on all parties;

    **Q.**    Maintain accurate records of all receipts and expenditures incurred as Receiver;

    **R.**    Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency; and

**S.**     File timely reports with the Court at reasonable intervals, or as otherwise directed by the Court.

### XVI.  TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that the Defendants, their Representatives, and any other person, with possession, custody or control of property of or records relating to the Receivership Defendants shall, upon notice of this Order by personal service or otherwise, immediately notify the Receiver of, and, upon receiving a request from the Receiver, immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

**A.**     All Assets of the Receivership Defendants;

**B.**     All Documents of the Receivership Defendants, including books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title Documents and other papers;

**C.**     All computers, electronic devices and machines and data in whatever form used to conduct the business of the Receivership Defendants;

**D.**     All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Defendants; and

**E.**     All keys, codes, user names and passwords necessary to gain or to secure access to any Assets or Documents of the Receivership Defendants, including access to their business premises, means of communication, accounts, computer systems, or other property.

In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the Asset, Document, or other item covered by this Section and to deliver it to the Receiver.

### XVII. PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants shall provide to the Receiver, immediately upon request, the following:

**A.**     A list of all Assets and property, including accounts, of the Receivership Defendants that are held in any name other than the name of a Receivership Defendant, or by any person or entity other than a Receivership Defendant; and

**B.**     A list of all agents, employees, officers, servants or those persons in active concert and participation with the Defendants, who have been associated or done business with the Receivership Defendants.

### XVIII. COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants, their Representatives, and any other person served with a copy of this Order shall fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Defendants. This cooperation and assistance shall include, but not be limited to: providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the

24

Receiver under this Order; providing any password required to access any computer, electronic file, or telephonic data in any medium; advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Defendants.  The entities obligated to cooperate with the Receiver under this provision include, but are not limited to, banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, precious metals dealers, credit card processors, payment processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies and other financial institutions and depositories of any kind, as well as all common carriers, telecommunications companies and third-party billing agents.

## XIX.  INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, except as provided herein, as stipulated by the parties, or as directed by further order of the Court, are hereby restrained and enjoined from:

    **A.**    Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to this Receivership;

    **B.**    Transacting any of the business of the Receivership Defendants;

    **C.**    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the

possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants or the Receiver; and

**D.**     Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

### XX. STAY OF ACTIONS AGAINST RECEIVERSHIP DEFENDANTS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during pendency of the Receivership ordered herein, Defendants, their Representatives, corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Defendants, including, but not limited to:

**A.**     Petitioning, or assisting in the filing of a petition, that would cause any Receivership Defendant to be placed in bankruptcy;

**B.**     Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Defendants, including the issuance or employment of process against the Receivership Defendants, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

**C.**     Filing or enforcing any lien on any Asset of the Receivership Defendants, taking or attempting to take possession, custody, or control of any Asset of the Receivership Defendants, or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership Defendants, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

**D.**     Initiating any other process or proceeding that would interfere with the Receiver's efforts to manage or take custody, control, or possession of, the Assets or Documents subject to this receivership.

*Provided that*, this Order does not stay: (i) the commencement or continuation of a criminal action or proceeding; (ii) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (iii) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XXI.  COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Defendants.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XXII.  RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a bond in the sum of $ *10,000.00* with sureties to be approved by the

Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs. 28 U.S.C. § 754.

### XXIII. ACCESS TO BUSINESS OFFICES AND RECORDS

**IT IS FURTHER ORDERED** that, in order to allow the Commission and the Receiver to preserve Assets and evidence relevant to this action, and to expedite discovery, Plaintiff and Receiver, and their agents, and assistants, shall have immediate access to the business premises of the Receivership Defendants. Such locations include, but are not limited to: 520 South Westland Drive, Appleton, Wisconsin; and 28 West Flagler Street, Miami, Florida. The Commission and the Receiver, and their representatives, agents, and assistants, are authorized to obtain the assistance of the U.S. Marshal's office and other federal, state and local law enforcement officers as they deem necessary to effect service and to implement peacefully the provisions of this Order. The Commission and the Receiver, and their representatives, agents, and assistants, are authorized to remove Documents from the Receivership Defendants' premises in order that they may be inspected, inventoried, and copied for the purpose of preserving discoverable material in connection with this action.

Furthermore, the Receiver shall allow the Defendants reasonable access to the premises and business records of the Receivership Defendants within his possession for the purpose of inspecting and copying materials relevant to this action. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

### XXIV. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that the Defendants shall immediately provide a copy of this Order to each Representative, affiliate, telemarketer, marketer, sales entity,

subsidiary, customer service agent, successor, assign, officer, director, member, manager, employee, independent contractor, client company, agent, spouse, and attorney of the Defendants, and shall, within ten (5) days from the date of entry of this Order, and provide the Commission and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

### XXV.  EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of the Federal Rules of Civil Procedure 26(d) and (f) and 30(a)(2)(c), and pursuant to Federal Rules of Civil Procedure 30(a), 34, and 45, the Commission is granted leave, at any time after service of this Order, to conduct limited expedited discovery as set forth in this Section. For the purpose of discovering the (1) nature, location, status, and extent of Defendants' Assets, (2) nature and location of Documents reflecting the Defendants' businesses, business transactions and operations, (3) the telecommunications providers that Defendants utilize to conduct the practices alleged in the FTC's complaint; or (4) compliance with this Order:

A. Take the deposition of any Person on 48 hours notice. The limitations and conditions set forth in Rules 30(a)(2)(B) and 31(a)(2)(B) of the Federal Rules of Civil Procedure regarding subsequent depositions of an individual shall not apply to

depositions taken pursuant to this Section. Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means;

**B.** Demand the production of Documents, on five (5) days of notice, from any Person, whether or not a party, provided that three (3) days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format;

**C.** Service of discovery upon a party to this lawsuit, taken pursuant to this Section, shall be sufficient if made by facsimile, email or by overnight delivery. Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and Local Rules of this Court;

**D.** If a Defendant fails to appear for a properly noticed deposition or fails to comply with a request for production or inspection, that Defendant may be prohibited from introducing evidence at the hearing on the Commission's request for a preliminary injunction;

**E.** The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Rules 26(d) & (f) of the Federal Rules of Civil Procedure; and

**F.** The Parties are exempted from making initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(B) until further order of this Court.

## XXVI.   SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that this Order may be served on any Person (including any financial institution) that may have possession, custody or control of any property, property right, Document, or Asset of any Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, by any means, including U.S. First Class Mail, overnight delivery, facsimile, email, text message, social network, electronic messaging service, or personal service, by agents or employees of Plaintiff, by agents or employees of the Receiver, by any law enforcement agency, by private process server, or by any person or entity permitted by the Federal Rules of Civil Procedure to effect service.  For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.  This Order shall bind Persons (including entities) that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure upon such Person's receipt of actual notice, by personal service or otherwise, of this Order.  *See* FED. R. CIV. P. 65(d)(2).

## XXVII.   CORRESPONDENCE AND SERVICE ON COMMISSION

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

> Gary Ivens
> Christopher Brown
> Federal Trade Commission
> 600 Pennsylvania Avenue NW
> Mail Stop CC-8528
> Washington, DC 20580
> (202) 326-2330 (Ivens phone)
> (202) 326-2825 (Brown phone)
> (202) 326-3395 (fax)
> givens@ftc.gov
> cbrown3@ftc.gov

## XXVIII.  PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 65(b), Defendants

shall appear before this Court on the ____4th____ day of ____September____, 2014, at

____9:00 AM____, to show cause, if there is any, why this Court should not enter a

preliminary injunction, pending final ruling on the Complaint against Defendants,

enjoining the violations of the law alleged in the Commission's Complaint, continuing

the freeze of their Assets, continuing the Receivership, and imposing such additional

relief as may be appropriate.

## XXIX.  BRIEFS & AFFIDAVITS CONCERNING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that the Defendants shall file with the Court and

serve on the Commission's counsel any answering pleadings, affidavits, motions, expert

reports or declarations, and/or legal memoranda no later than seven (7) days prior to

the hearing on the Commission's request for a preliminary injunction.  The Commission

may file responsive or supplemental pleadings, materials, affidavits, or memoranda

with the Court and serve the same on counsel for the Defendant no later than one (1)

day prior to the preliminary injunction hearing in this matter.  Provided, however, such

affidavits, pleadings, motions, expert reports, declarations, legal memoranda and/or

oppositions must be served by personal or overnight delivery, facsimile or email, and

be *received* by the other party or parties no later than 5:00 p.m. (Eastern Daylight Time)

on the appropriate dates set forth in this Section.

An evidentiary hearing on the Commission's request for a preliminary injunction

is not necessary unless Defendants demonstrate that they have, and intend to introduce,

evidence that raises a genuine and material factual issue.  *See, e.g., McDonald's Corp. v.

Robertson*, 147 F .3d 1301, 1312-13 (11th Cir. 1998).  The question of whether this Court

* in Courtroom 12-3, 400 N Miami Ave, Miami, FL.

should enter a preliminary injunction shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties. Live testimony shall be heard only on further order of this Court. Any motion to permit such testimony shall be filed with the Court and served on counsel for the other parties at least five (5) days prior to the preliminary injunction hearing in this matter. Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court. Any papers opposing a timely motion to present live testimony or to present live testimony in response to another party's timely motion to present live testimony shall be filed with this Court and served on the other parties at least three (3) days prior to the preliminary injunction hearing in this matter, provided that service shall be performed by personal or overnight delivery, facsimile or email, and documents shall be delivered so that they shall be received by the other parties no later than 5:00 p.m. (Eastern Daylight Time) on the appropriate dates provided in this Section.

### XXX. DURATION OF TRO

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall expire fourteen (14) days from the date of entry noted below, unless within such time, the Order is extended for an additional period pursuant to Federal Rule of Civil Procedure 65(b)(2).

## XXXI.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this

matter for all purposes.

**SO ORDERED**, this _25_ day of _August_, 2014, at _12ᵒ⁶_ **p.m.**

_____

UNITED STATES DISTRICT JUDGE

**ROBERT N. SCOLA, JR.**

# PLAINTIFF'S EXHIBIT 38 – 12

*FTC v. FMC Counseling Servs., Inc.*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61545-CIV-ZLOCH

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ***EX PARTE* TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, APPOINTMENT OF A RECEIVER, OTHER EQUITABLE RELIEF AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

FEDERAL TRADE COMMISSION,

        Plaintiff,

    vs.

FMC Counseling Services, Inc., a Florida corporation;

FDC Assoc Group, Inc., a Florida corporation;

FDC Business, Inc., a Florida corporation;

FMC Review Corporation, a Florida corporation;

NDR Group, Inc., a Florida corporation;

FMC Consultants Group, Inc., a Florida corporation;

JONATHAN L. HERBERT, individually and d/b/a Federal Debt Commission, Inc., FDC Financial, Inc., and FDC Consultants, Inc.;

        Defendants.

THIS MATTER is before the Court upon Plaintiff Federal Trade Commission's Ex Parte Motion For A Temporary Restraining Order With Asset Freeze, Appointment Of A Receiver, Other Equitable Relief, And Order To Show Cause Why A Preliminary Injunction Should Not Issue (DE 4) and Motion For Nomination Of Receiver (DE 11). The Court has carefully reviewed said Motions, the entire court file and is otherwise fully advised in the premises.

Plaintiff, Federal Trade Commission ("Commission" or "FTC"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the 2009 Omnibus Appropriations Act, Public Law 111-8, Section 626, 123 Stat. 524, 678 (Mar. 11, 2009) ("Omnibus Act"), as clarified by the Credit Card Accountability Responsibility and Disclosure Act of 2009, Public Law 111-24, Section 511, 123 Stat. 1734, 1763-64 (May 22, 2009), and amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act, Public Law 111-203, Section 1097, 124 Stat. 1376, 2102-03 (July 21, 2010), 12 U.S.C. § 5538, has filed a Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Mortgage Assistance Relief Services Rule ("MARS Rule"), 16 C.F.R. Part 322, recodified as Mortgage Assistance Relief Services ("Regulation O"), 12 C.F.R. Part 1015, in connection with the marketing and sale of mortgage assistance relief services, and applied for an *ex parte* temporary restraining order ("TRO" or "Order") pursuant to Rule 65 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 65.

This Court, having considered the Complaint, *ex parte* application, declarations, exhibits, and memorandum of law filed in support thereof, finds that:

1.      This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over the parties;

2.      Venue properly lies with this Court;

3.      There is good cause to believe that Defendants FMC Counseling Services, Inc., FDC Assoc Group, Inc., FDC Business, Inc., FMC Review Corporation, NDR Group,

Inc., FMC Consultants Group, Inc. and Jonathan Herbert (collectively, "Defendants") have engaged in, and are likely to engage in the future in, acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and various provisions of the MARS Rule, 16 C.F.R. Part 322, recodified as Regulation O, 12 C.F.R. Part 1015, and that the Commission is therefore likely to prevail on the merits of this action;

4.      There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of Section 5(a) of the FTC Act, 15 U.S.C. §45(a), and the MARS Rule, 16 C.F.R. Part 322, recodified as Regulation O, 12 C.F.R. Part 1015, unless Defendants are restrained and enjoined by Order of this Court;

5.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, assignment, or other disposition or concealment by Defendants of their assets or records unless Defendants are immediately restrained and enjoined by Order of this Court. Therefore, there is good cause for an asset freeze, the appointment of a temporary receiver over the corporate defendants FMC Counseling Services, Inc., FDC Assoc Group, Inc., FDC Business, Inc., FMC Review Corporation, NDR Group, Inc., and FMC Consultants Group, Inc., and for relieving Plaintiff of the duty to provide Defendants with prior notice of Plaintiff's motion;

6.      There is good cause for issuing this Order pursuant to Federal Rule of Civil Procedure 65(b), Fed. R. Civ. P. 65(b);

3

7.      Weighing the equities and considering Plaintiff's likelihood of ultimate success, a temporary restraining order with asset freeze, other equitable relief, and order to show cause why a preliminary injunction should not issue is in the public interest; and

8.      No security is required of any agency of the United States for issuance of a temporary restraining order.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.      **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.      **"Assisting Others"** includes, but is not limited to:  (1) providing administrative services, including, but not limited to, filing business registrations with federal, state, or local government entities, establishing bank or merchant accounts, and/or handling banking transactions; (2) acting as an officer, director, or registered agent of a business entity; (3) establishing mail accounts or mail receiving boxes, and/or providing mailing or printing services; (4) performing customer service functions, including, but not limited to, forwarding mail received from consumers and/or receiving or responding to consumer complaints; (5) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (6) providing names of, or assisting

4

in the generation of, potential customers; and (7) performing or providing marketing or billing services of any kind, including, but not limited to, performing or providing telemarketing services.

3. **"Individual Defendant"** means Jonathan Herbert, and by whatever other names or aliases he may be known.

4. **"Corporate Defendants"** or **"Receivership Defendants"** means FMC Counseling Services, Inc., FDC Assoc Group, Inc., FDC Business, Inc., FMC Review Corporation, NDR Group, Inc., and FMC Consultants Group, Inc., and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

5. **"Defendants"** means the Individual Defendant and all of the Corporate Defendants, individually, collectively, or in any combination.

6. **"Document"** or **"Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

7. **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

8. **"Mortgage assistance relief product or service"** means any product, service, plan, or program, offered or provided to the consumer in exchange for consideration, that is represented, expressly or by implication, to assist or attempt to assist the consumer with any of the following:

    A.      Stopping, preventing, or postponing any mortgage or deed of trust foreclosure sale for the consumer's dwelling, any repossession of the consumer's dwelling, or otherwise saving the consumer's dwelling from foreclosure or repossession;

    B.      Negotiating, obtaining, or arranging a modification of any term of a dwelling loan, including a reduction in the amount of interest, principal balance, monthly payments, or fees;

    C.      Obtaining any forbearance or modification in the timing of payments from any dwelling loan holder or servicer on any dwelling loan;

    D.      Negotiating, obtaining, or arranging any extension of the period of time within which the consumer may (i) cure his or her default on a dwelling loan, (ii) reinstate his or her dwelling loan, (iii) redeem a dwelling, or (iv) exercise any right to reinstate a dwelling loan or redeem a dwelling.

    E.      Obtaining any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling; or

    F.      Negotiating, obtaining, or arranging (i) a short sale of a dwelling, (ii) a deed-in-lieu of foreclosure, (iii) or any other disposition of a dwelling loan other than a sale to a third party that is not the dwelling loan holder.

The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a consumer's mortgage or home loan application and offering to provide or providing legal services.

9. **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

10. **"Plaintiff"** means the Federal Trade Commission ("FTC" or "Commission").

## I.

## PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Plaintiff Federal Trade Commission's Ex Parte Motion For A Temporary Restraining Order With Asset Freeze, Appointment Of A Receiver, Other Equitable Relief, And Order To Show Cause Why A Preliminary Injunction Should Not Issue (DE 4) and Motion For Nomination Of Receiver (DE 11) be and the same are hereby **GRANTED** as follows:

Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, sale, or provision of any product or service, including, but not limited to, any mortgage assistance relief product or service, are hereby temporarily restrained and enjoined from:

7

A. Misrepresenting, or assisting others in misrepresenting, directly or indirectly, expressly or by implication, any material fact, including, but not limited to:

1. That consumers qualify for a federal mortgage loan modification program that will make their payments substantially more affordable or will help them avoid foreclosure;

2. That Defendants are affiliated with, endorsed or approved by, or otherwise associated with the United States government, any governmental homeowner assistance plan, or any Federal, State, or local government agency, unit, or department;

3. That consumers are not obligated to, or should not, make scheduled periodic payments or any other payments pursuant to the terms of consumers' dwelling loans;

4. That as a result of various loan audits, research, and reviews provided by Defendants, including a forensic loan audit, they will obtain mortgage loan modifications for consumers that will make their payments substantially more affordable or will help them avoid foreclosure;

5. Defendants' likelihood of obtaining mortgage loan modifications for consumers that will make their payments substantially more affordable;

6. Defendants' likelihood of obtaining mortgage loan modifications for consumers that will make their payments substantially more affordable as a result of a loan audit provided by Defendants; or

7. The consumer's obligation to make scheduled periodic payments or any other payments pursuant to the terms of the consumer's dwelling loan.

8

B.     Representing, expressly or by implication, that a consumer cannot or should not contact or communicate with his or her lender or servicer;

C.     Asking for or receiving payment before consumers have executed a written agreement between the consumer and the loan holder or servicer that incorporates the offer obtained by Defendants.

## II.

## DISCLOSURES REQUIRED BY MARS RULE

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, in connection with the telemarketing, advertising, marketing, promoting, offering for sale, sale, or provision of any mortgage assistance relief product or service, are hereby temporarily restrained and enjoined from engaging in, or assisting others in engaging in, the following conduct:

A.     Failing to make the following disclosures in all general commercial communications:

1.     "[Name of Company] is not associated with the government, and our service is not approved by the government or your lender," in violation of the MARS Rule, 16 C.F.R. § 322.4(a)(1), and Regulation O, 12 C.F.R. § 1015.4(b)(2); and

9

2.    "Even if you accept this offer and use our service, your lender may not agree to change your loan," in violation of the MARS Rule, 16 C.F.R. § 322.4(a)(2), and Regulation O, 12 C.F.R. § 1015.4(b)(3).

B.    Failing to make the following disclosures in all consumer-specific commercial communications:

1.    "You may stop doing business with us at any time.  You may accept or reject the offer of mortgage assistance we obtain from your lender [or servicer].  If you reject the offer, you do not have to pay us.  If you accept the offer, you will have to pay us [insert amount or method for calculating the amount] for our services," in violation of the MARS Rule, 16 C.F.R. § 322.4(b)(1), and Regulation O, 12 C.F.R. § 1015.4(b)(1).  For the purposes of this section, the amount "you will have to pay" shall consist of the total amount the consumer must pay to purchase, receive, and use all of the mortgage assistance relief services that are the subject of the sales offer, including but not limited to, all fees and charges;

2.    "[Name of company] is not associated with the government, and our service is not approved by the government or your lender," in violation of the MARS Rule, 16 C.F.R. § 322.4(b)(2), and Regulation O, 12 C.F.R. § 1015.4(b)(2);

3.    "Even if you accept this offer and use our service, your lender may not agree to change your loan," in violation of the MARS Rule, 16 C.F.R. § 322.4(b)(3), and Regulation O, 12 C.F.R. § 1015.4(b)(3); and

4.    "If you stop paying your mortgage, you could lose your home and damage your credit," in violation of the MARS Rule, 16 C.F.R. § 322.4(c), and Regulation O, 12 C.F.R. § 1015.4(c).

10

## III.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, except as provided herein, as stipulated by the parties, or as directed by further order of the Court, are hereby temporarily restrained and enjoined from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, or any interest therein, wherever located, including outside the territorial United States, that are:

1. Owned, controlled, or held by, in whole or in part, for the benefit of, or subject to access by, or belonging to, any Defendant;

2. In the actual or constructive possession of any Defendant; or

3. In the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, or belonging to, any other corporation, partnership, trust, or any other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Defendant, including, but not limited to, any assets held by or for any Defendant in any account at any bank or savings and loan institution, or with any credit card processing agent, automated clearing house processor, network transaction processor, bank

11

debit processing agent, customer service agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit union, retirement fund custodian, money market or mutual fund, storage company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind, either within or outside the territorial United States;

   B.   Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant, or subject to access by any Defendant or under any Defendant's control, without providing Plaintiff prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Section;

   C.   Cashing any checks or depositing or processing any payments from customers of Defendants;

   D.   Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Defendant; or

   E.   Incurring liens or encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant.

   Notwithstanding the asset freeze provisions of Section III.A through E above, and subject to prior written agreement with the Commission, Individual Defendant may, upon compliance with Section V (Financial Statements) *infra*, pay from his individual personal funds reasonable, usual, ordinary, and necessary living expenses.

   The funds, property, and assets affected by this Section shall include both existing

assets and assets acquired after the effective date of this Order.

## IV.

## DUTIES OF THIRD PARTIES HOLDING DEFENDANTS' ASSETS

**IT IS FURTHER ORDERED** that any financial institution, business entity, or person maintaining or having custody or control of any account or other asset of any Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant, which is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

     A.     Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the assets, funds, documents, or other property held by, or under its control:

     1.     On behalf of, or for the benefit of, any Defendant or any other party subject to Section II above;

     2.     In any account maintained in the name of, or for the benefit of, or subject to withdrawal by, any Defendant or other party subject to Section II above; and

     3.     That are subject to access or use by, or under the signatory power of, any Defendant or other party subject to Section II above;

     B.     Deny Defendants access to any safe deposit boxes or storage facilities that are either:

13

      1.      Titled in the name, individually or jointly, of any Defendant, or other party subject to Section II above; or

      2.      Subject to access by any Defendant or other party subject to Section II above;

    C.      Provide Plaintiff, within five (5) days of the date of service of this Order, a sworn statement setting forth:

      1.      The identification number of each account or asset titled in the name, individually or jointly, of any Defendant, or held on behalf of, or for the benefit of, any Defendant or other party subject to Section II above, including all trust accounts managed on behalf of any Defendant or subject to any Defendant's control;

      2.      The balance of each such account, or a description of the nature and value of such asset;

      3.      The identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access or control by any Defendant or other party subject to Section II above, whether in whole or in part; and

      4.      If the account, safe deposit box, storage facility, or other asset has been closed or removed, the date closed or removed and the balance on said date;

    D.      Within five (5) days of a request from the FTC, provide Plaintiff with copies of all records or other documents pertaining to each such account or asset, including, but not limited to, originals or copies of account applications, account statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts,

14

all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

      E.      This Section shall apply to existing accounts and assets, assets deposited or accounts opened after the effective date of this Order, and any accounts or assets maintained, held or controlled three years prior to the effective date of this Order. This Section shall not prohibit transfers in accordance with any provision of this Order, any further order of the Court, or by written agreement of the parties.

## V.

## FINANCIAL STATEMENTS

**IT IS FURTHER ORDERED** that each Defendant shall serve upon counsel for Plaintiff, no later than five (5) business days after service of this Order, a completed financial statement accurate as of the date of entry of this Order, on the forms served on Defendants with this Order for Individual Defendant (Attachment A) and for Corporate Defendants (Attachment B), as the case may be, signed under penalty of perjury.

The financial statements shall include assets held outside the territory of the United States, shall be accurate as of the date of the entry of this Order, and shall be verified under oath. Defendants shall attach to these completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements.

## VI.

## MAINTAIN RECORDS AND REPORT OF NEW BUSINESS ACTIVITY

15

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby temporarily restrained and enjoined from:

A.      Failing to make and keep books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursements ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately and fairly reflect the incomes, disbursements, transactions, dispositions, and uses of Defendants' assets;

B.      Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents, including electronically stored materials, that relate in any way to the business practices or business or personal finances of Defendants; to the business practices or finances of entities directly or indirectly under the control of Defendants; or to the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

C.      Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing Plaintiff with a written statement disclosing:  (1) the name of the business entity; (2) the address, telephone number, e-mail address, and website address of the business entity; (3) the names of the

business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## VII.

## PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby temporarily restrained and enjoined from:

    A.    Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth date, telephone number, e-mail address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in Plaintiff's Complaint; and

    B.    Benefitting from or using the name, address, birth date, telephone number, e-mail address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in Plaintiff's Complaint;

*Provided, however,* that Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or court order.

17

Case 0:14-cv-61545-WJZ Document 13 Entered on FLSB Docket 07/07/2014 Page 18 of 39

## VIII.

## __TEMPORARY RECEIVER__

### A.  APPOINTMENT OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Walter Matthews, Esq., is appointed Temporary

Equity Receiver ("Receiver") for Receivership Defendants and any of their affiliates,

subsidiaries, divisions, or sales or customer service operations, wherever located, with the

full power of an equity receiver.  The Receiver shall be the agent of this Court, and solely the

agent of this Court, in acting as Receiver under this Order.  The Receiver shall be

accountable directly to this Court.  The Receiver shall comply with all Local Rules of this

Court governing receivers.

### B.  RECEIVERSHIP DUTIES

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to

accomplish the following:

 1. Assume full control of the Receivership Defendants by removing, as

the Receiver deems necessary or advisable, any director, officer, employee, independent

contractor, or agent of the Receivership Defendants, including any Individual Defendant,

from control of, management of, or participation in, the affairs of the Receivership

Defendants;

 2. Take exclusive custody, control, and possession of all assets and

documents of, or in the possession, custody, or under the control of, the Receivership

Defendants, wherever situated.  The Receiver shall have full power to divert mail and to sue

for, collect, receive, take in possession, hold, and manage all assets and documents of the

Receivership Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants. Provided, however, that the Receiver shall not attempt to collect any amount from a consumer or to allow the Receivership Defendants to continue to debit or otherwise charge a consumer's account, if the Receiver believes the consumer was a victim of the unfair or deceptive acts or practices alleged in the Complaint in this matter;

        3.      Use any means necessary to take possession of and to secure all areas of the business premises of the Receivership Defendants. Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable: (a) serving this Order; (b) completing a written inventory of all receivership assets; (c) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, Social Security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (d) videotaping all portions of the locations; (e) securing the locations by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at the locations; (f) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants; and/or (g) employ the assistance of law enforcement officers as the Receiver deems necessary to implement the provisions of this Order;

19

Case 0:14-cv-61545-WJZ  Document 15  Entered on FLSD Docket 07/07/2014  Page 20 of 39

4.     Conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Receivership Defendants, including, but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets, and including the authority to liquidate or close out any open securities or commodity futures positions of the Receivership Defendants;

5.     Enter into contracts and purchase insurance as advisable or necessary;

6.     Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

7.     Manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

8.     Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

9.     Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.  The Receiver shall apply to the Court for prior approval of any

payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendants, such as rental payments;

10.     Determine and implement the manner in which the Receivership Defendants will comply with, and prevent violations of, this Order and all other applicable laws;

11.     Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

12.     Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his or her role as Receiver, or against the Receivership Defendants that the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

13.     Continue and conduct the business of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; provided, however, that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the business can be lawfully operated at a profit using the assets of the receivership estate;

14. Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

15. Open one or more bank accounts as designated depositories for funds of the Receivership Defendants. The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such an account;

16. Maintain accurate records of all receipts and expenditures that he or she makes as Receiver;

17. Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency, including Plaintiff; and

18. File reports with the Court on a timely and reasonable basis.

## C. COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that:

1. Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but not be limited to:

a. Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order;

22

b.     Providing any password required to access any computer, electronic file, or telephonic data in any medium; or

c.     Advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver.

2.     Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby restrained and enjoined from directly or indirectly:

a.     Transacting any of the business of the Receivership Defendants;

b.     Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendants, including, but not limited to, books, records, accounts, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations, electronically-stored records, or any other records of any kind or nature;

c.     Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver;

d.     Excusing debts owed to the Receivership Defendants;

23

e.       Failing to notify the Receiver of any asset, including accounts, of the Receivership Defendants held in any name other than the name of the Receivership Defendants, or by any person or entity other than the Receivership Defendants, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such assets;

f.       Doing any act or refraining from any act whatsoever to interfere with the Receiver's taking custody, control, possession, or managing of the assets or documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court; or

g.       Filing, or causing to be filed, any petition on behalf of the Receivership Defendants for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., without prior permission from this Court.

### D. DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that:

1.       Immediately upon service of this Order upon them, or within such period as may be permitted by the Receiver, Defendants or any other person or entity shall transfer or deliver possession, custody, and control of the following to the Receiver:

a.       All assets of the Receivership Defendants, including assets subject to repatriation pursuant to Section X, *infra*;

24

b. All documents of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

c. All assets belonging to members of the public now held by the Receivership Defendants; and

d. All keys, codes, and passwords necessary to gain or to secure access to any assets or documents of the Receivership Defendants, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, mailboxes, or other property. This includes providing the necessary means to gain access to at least the following commercial mailboxes:

(i) 1220 L Street N.W. 100-170, Washington, D.C. 20006;

(ii) 2020 Pennsylvania Avenue N.W. #677, Washington, D.C. 20006;

(iii) 4737 N. Ocean Drive #230, Ft. Lauderdale, Florida 33309;

(iv) 49 N. Federal Highway #244, Pompano Beach, Florida 33062;

(v) 265 S. Federal Highway #287 and #313, Deerfield Beach, Florida 33441; and

(vi) 1007 N. Federal Highway #130, Ft. Lauderdale, Florida 33304.

25

2.      In the event any person or entity fails to deliver or transfer any receivership asset or document or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, document, or other thing and to deliver it to the Receiver.

### E.  TRANSFER OF FUNDS TO THE RECEIVER

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all financial institutions, finance companies, commercial lending companies, credit card processing agents or agents providing electronic funds transfer services or automated clearing house processing, brokerage houses, escrow agents, money market or mutual funds, title companies, commodity futures merchants, commodity trading companies, precious metal dealers, trustees, or other financial institutions or depositories of any kind, shall cooperate with all reasonable requests of the Receiver relating to implementation of this Order, including transferring funds at his or her direction and producing records related to the assets of the Receivership Defendants.

### F.  STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

1.      Except by leave of this Court, during pendency of the receivership ordered herein, Defendants and all other persons and entities be and hereby are stayed from

26

taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants, any of its subsidiaries, affiliates, partnerships, assets, documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

     a.    Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

     b.    Accelerating the due date of any obligation or claimed obligation; filing, perfecting or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise, or setoff of any debt owing to the Receivership Defendants that arose before the date of this Order against any claim against the Receivership Defendants;

     c.    Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

     d.    Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the assets or documents subject to this receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants.

2.    This Order does not stay:

    a.    The commencement or continuation of a criminal action or proceeding;

    b.    The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

    c.    The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

3.    Except as otherwise provided in this Order, all persons and entities in need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has not been responded to within thirty (30) days of receipt by the Receiver, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

### G. COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, or in the possession or control of, or which may be received by the Receivership Defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60)

days after the date of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

### H. RECEIVER'S BOND

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 65, the Receiver is not required to post a bond with the Clerk of this Court.

### IX.

### ACCESS TO BUSINESS PREMISES

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, and the Receiver, shall allow Plaintiff's representatives, agents, and assistants, as well as the Receivership Defendants' representatives, and the Individual Defendant himself, reasonable access to all of Receivership Defendants' business premises, or any other premises where the Receivership Defendants conduct business or customer service operations. Such locations include, but are not limited to, 3038 N. Federal Highway E2, Ft. Lauderdale, Florida 33306.

The purpose of this access shall be to inspect and copy any and all books, records, documents, accounts, and other property owned by, or in the possession of, the Receivership Defendants or their agents. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access. Plaintiff may remove materials from the Receivership Defendants' business premises to inspect, inventory, and copy such materials. Plaintiff shall return materials so removed within five (5) business days of completing said

29

inventory and copying. Plaintiff's access to Defendants' documents pursuant to this Section shall not provide grounds for any Defendant to object to any subsequent request for documents served by any Plaintiff.

## X.

## REPATRIATION OF ASSETS AND DOCUMENTS

**IT IS FURTHER ORDERED** that Defendants shall:

A.      Within three (3) business days following service of this Order, take such steps as are necessary to repatriate to the territory of the United States of America all documents and assets that are located outside such territory and are held by or for Defendants or are under Defendants' direct or indirect control, jointly, severally, or individually;

B.      Within three (3) business days following service of this Order, provide Plaintiff with a full accounting of all documents and assets that are located outside of the territory of the United States of America or that have been transferred to the territory of the United States of America pursuant to Subsection A above and are held by or for any Defendant or are under any Defendant's direct or indirect control, jointly, severally, or individually, including the addresses and names of any foreign or domestic financial institution or other entity holding the documents and assets, along with the account numbers and balances;

C.      Hold and retain all such documents and assets and prevent any transfer, disposition, or dissipation whatsoever of any such documents or assets; and

D.      Within three (3) business days following service of this Order, provide Plaintiff access to Defendants' records and documents held by financial institutions or other

entities outside the territory of the United States of America, by signing and delivering to

Plaintiff's counsel the Consent to Release of Financial Records attached to this Order as

Attachment C.

## XI.

## INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and

enjoined from taking any action, directly or indirectly, which may result in the encumbrance

or dissipation of foreign assets, or in the hindrance of the repatriation required by the

preceding Section X of this Order, including, but not limited to:

A.      Sending any statement, letter, facsimile, e-mail or wire transmission, or

telephoning or engaging in any other act, directly or indirectly, that results in a determination

by a foreign trustee or other entity that a "duress" event has occurred under the terms of a

foreign trust agreement, until such time that assets have been fully repatriated pursuant to the

preceding Section of this Order; and

B.      Notifying any trustee, protector or other agent of any foreign trust or other

related entities of either the existence of this Order, or of the fact that repatriation is required

pursuant to a Court Order, until such time as assets have been fully repatriated pursuant to

the preceding Section of this Order.

## XII.

## EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure

30(a), 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil

31

Procedure 26(d) and (f), 30(a)(2)(A), and 31(a)(2)(A), the parties are granted leave, at any time after entry of this Order to:

      A.     Take the deposition of any person, whether or not a party, for the purpose of discovering the nature, location, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action; and

      B.     Demand the production of documents from any person, whether or not a party, relating to the nature, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action.

      Three (3) days notice shall be deemed sufficient for any such deposition, five (5) days notice shall be deemed sufficient for the production of any such documents, and twenty-four (24) hours notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data. The provisions of this Section shall apply both to parties to this case and to non-parties. The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent

depositions of an individual shall not apply to depositions taken pursuant to this Section.
Any such depositions taken pursuant to this Section shall not be counted toward any limit on
the number of depositions under the Federal Rules of Civil Procedure, including those set
forth in Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A). Service of discovery
upon a party, taken pursuant to this Section, shall be sufficient if made through the means
described in Section XVI of this Order.

## XIII.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of
this Order to each of their corporations, subsidiaries, affiliates, partners, divisions, sales
entities, successors, assigns, members, officers, directors, employees, independent
contractors, agents, servants, attorneys, spouses, representatives, and any other persons in
active concert or participation with them. Within five (5) calendar days following service of
this Order, Defendants shall file with this Court and serve on Plaintiff an affidavit identifying
the name, title, addresses, telephone numbers, date of service, and manner of service of the
persons and entities Defendants have served with a copy of this Order in compliance with
this provision.

## XIV.

## EXPIRATION DATE OF TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein
shall expire on Monday, July 21, 2014, at 5:00 p.m., or at the time of the conclusion of the
Preliminary Injunction Hearing set herein, whichever is sooner, unless within such time, the

33

Order, for good cause shown, is extended, or unless, as to any Defendant, the Defendant consents that it should be extended for a longer period of time.

## XV.

## ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 65, that each Defendant shall appear before this Court on the Thursday, July 17, 2014, at 10:30 a.m., at the United States Courthouse, United States District Court for the Southern District of Florida, Ft. Lauderdale, Florida, Courtroom 202B, to show cause, if there is any, why this Court should not enter a Preliminary Injunction, pending final ruling on the Complaint against Defendants, enjoining them from further violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the MARS Rule, 16 C.F.R. Part 322 , recodified as Regulation O, 12 C.F.R. Part 1015, continuing the freeze of their assets, making the temporary Receiver's appointment permanent and imposing such additional relief as may be appropriate.

## XVI.

## SERVICE OF PLEADINGS, MEMORANDA, AND OTHER EVIDENCE

**IT IS FURTHER ORDERED** that Defendants shall file with the Court and serve on Plaintiff's counsel any answering affidavits, pleadings, motions, expert reports or declarations, and/or legal memoranda no later than noon on Monday July 14, 2014.  Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than noon on Tuesday, July 15, 2014.

34

## XVII.

## MOTION FOR LIVE TESTIMONY; WITNESS IDENTIFICATION

**IT IS FURTHER ORDERED** that the question of whether this Court should enter a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the Defendants during the pendency of this action shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties. Live testimony shall be heard only on further order of this Court or on motion filed with the Court and served on counsel for the other parties at least four (4) business days prior to the preliminary injunction hearing in this matter. Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court. Any papers opposing a timely motion to present live testimony or to present live testimony in response to another party's timely motion to present live testimony shall be filed with this Court and served on the other parties at least two (2) business days prior to the preliminary injunction hearing in this matter, provided that service shall be performed by personal or overnight delivery, by electronic filing, by electronic mail, or by facsimile, and documents shall be delivered so that they shall be received by the other parties no later than 4:00 p.m. on the appropriate dates provided in this Section. Provided further, however, that an evidentiary hearing on Plaintiff's request for a preliminary injunction is not necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that raises a genuine and material factual issue.

# XVIII.

## SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be distributed by United

States First Class Mail, overnight delivery, facsimile, electronic mail, or personally, by

agents or employees of Plaintiff, by agents or employees of the Receiver, by any law

enforcement agency, or by private process server, upon any person, financial institution, or

other entity that may have possession or control of any property, property right, document, or

asset of any Defendant, or that may be subject to any provision of this Order.  Service upon

any branch or office of any financial institution or entity shall effect service upon the entire

financial institution or entity.

# XIX.

## CONSUMER REPORTING AGENCIES

**IT IS FURTHER ORDERED** that, pursuant to Section 604 of the Fair Credit

Reporting Act, 15 U.S.C. § 1681b, any consumer reporting agency may furnish a consumer

or credit report concerning any Defendant to Plaintiff.

# XX.

## CORRESPONDENCE WITH AND NOTICE TO PLAINTIFF

**IT IS FURTHER ORDERED** that, for purposes of this Order, all correspondence

and pleadings to the Commission shall be addressed to:

> James Davis or Elizabeth Scott
> Federal Trade Commission
> 55 West Monroe Street, Suite 1825
> Chicago, Illinois 60603
> (312) 960-5634 [Telephone]
> (312) 960-5600 [Facsimile]

## XXI.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter

for all purposes.


**SO ORDERED**, this _2th_ day of July, 2014, at _4:05PM_ .m.

William J. Zloch
United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61545-CIV-ZLOCH

FEDERAL TRADE COMMISSION,

        Plaintiff,

v.

FMC COUNSELING SERVICES, INC., a Florida
corporation, *et al.,*

        Defendants.

## CONSENT TO RELEASE OF FINANCIAL INFORMATION

I, _____, of _____

(city or province and country), do hereby direct any person, bank, savings and loan

association, credit union, depository institution, finance company, commercial lending

company, payment processor, payment processing entity, electronic data host, common

carrier, customs broker, commercial mail receiving agency, mail holding and/or forwarding

company, brokerage house, escrow agent, money market or mutual fund, title company,

commodity trading company, or trustee, that holds, controls or maintains custody of assets,

wherever located, that are owned or controlled by me, or any of the above Defendants, in

whole or in part, or at which I, or any of the above Defendants, have an account of any kind

upon which I am authorized to draw, and its officers, employees and agents, to disclose all

information and deliver copies of all documents of every nature in its possession or control

i

*Attachment C*

Case 0:14-cv-61545-WJZ Document 15 Entered on FLSD Docket 07/07/2014 Page 39 of 39

which relate to the said accounts to any attorney of the Federal Trade Commission, and to give evidence relevant thereto, in the above captioned matter, *FTC v. FMC Counseling Services, Inc., et al.*, now pending in the United States District Court for the Southern District of Florida, and this shall be irrevocable authority for so doing. This direction is intended to apply to the laws of countries other than the United States of America which restrict or prohibit the disclosure of bank or other financial information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the accounts for which I may be the relevant principal.

Dated: _____, 2014          _____

                                                             [Signature]

                                                         _____

                                                   [Print Name]

ii                                                      *Attachment C*