UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-24721-CV-UNGARO
MAGISTRATE JUDGE REID

FEDERAL TRADE COMMISSION,

    Plaintiff,
v.

DIGITAL INCOME SYSTEM, INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This cause has been referred to the Undersigned for a show cause hearing as to whether the Court should enter a preliminary injunction in this case pending a final ruling on the Complaint. [ECF No. 12]. The Court has already entered a temporary restraining order ("TRO") in this case. [*Id.*]. Now Plaintiff, the Federal Trade Commission ("FTC"), seeks a preliminary injunction enjoining Defendants from continuing the violations of law alleged in the Complaint, as well as a continuation of the freeze of Defendants' assets in the TRO, and a continuation of the receiver appointed by the Court in the TRO. [*Id.*].

At the show cause hearing held on December 1, 2020, Defendants Digital Income System, Inc., Derek Jones Foley, William Foley, and Jennifer Hendrick were represented by counsel and stipulated to the issuance of a preliminary injunction. Defendant Kaitlyn Scott also agreed to the issuance of an injunction but was not represented by counsel and proceeded *pro se*. Defendant Christopher Brandon Frye did not make an appearance, either personally or through counsel, though he was informed of the hearing on multiple occasions.

Upon review of the pleadings and the parties stipulations, the Undersigned respectfully **RECOMMENDS** that the Court issue a preliminary injunction enjoining all Defendants from the violations of the law alleged in the Complaint, continuing the freeze of their assets, continuing the receivership, and imposing such additional relief as may be appropriate.

## II.     Discussion

The Court's power to issue a preliminary injunction in this case is authorized by Fed. R. Civ. P. 65(a) and 15 U.S.C. § 53(b). "For the FTC to obtain injunctive relief, it must show that (1) it is likely to succeed on the merits, and (2) injunctive relief is in the public interest." *FTC v. IAB Mktg. Assocs. LP*, 746 F.3d 1228, 1232 (11th Cir. 2014) (citing *FTC v. Univ. Health, Inc.*, 938 F.2d 1206, 1217-18 (11th Cir. 1991)). "Unlike private litigants, the FTC needs not demonstrate irreparable injury in order to obtain injunctive relief." *Id.* (citing *Univ. Health*, 938 F.2d at 1218).

The FTC asserts that it is likely to succeed on the merits on its Section 5(a) claim as well as the claims regarding violation of the Business Opportunity Rule. In support, the FTC provides evidence showing systemic violations, including affidavits from impacted individuals, FTC investigators, accountants, as well as emails and documents from Defendants' social media accounts. Section 5(a) of the FTC Act prohibits engaging in "deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(1). A defendant is liable under Section 5(a) if: (1) there was a representation; (2) the representation was likely to mislead consumers acting reasonably under the circumstances; and (3) the representation was material. *See FTC v. Tashman*, 318 F.3d 1273, 1277 (11th Cir. 2003). As for the Business Opportunity Rule, 16 C.F.R. Part 437, the FTC alleges that Defendants violated in five ways, including not complying with the document disclosure requirement, the earnings claim requirement, the "general media" earnings claims requirement for social media, misrepresenting the amount of sales a prospective purchaser may

earn or that prior purchasers have earned, and misrepresented the likelihood that a seller, locator, or lead generator will find customers for the purchaser. Upon review of the record, the Undersigned finds that the FTC is likely to succeed on the merits of at least one claim against Defendants. The FTC has provided ample unrebutted evidence showing violations of Section 5(a) and the Business Opportunity Rule. Five of the Defendants do not dispute this by nature of their stipulation to the entry of a preliminary injunction, and the sixth Defendant, Christopher Brandon Frye, fails to dispute the FTC's evidence by nature of his failure to appear for the show cause hearing or file any responsive documents in the record.

Second, as to whether injunctive relief is in the public interest, the Undersigned finds that it is. The FTC asserts that the public interest is served by protecting consumers from Defendants' deceptive practices, effectively enforcing the law, and preserving Defendants' asserts for future consumer redress. "Where, as here, the FTC demonstrates a likelihood of success on the merits, the district court may 'presume … that the public interest will be served by interim relief.'" *FTC v. Mallett*, 818 F. Supp. 2d 142, 149 (D.D.C. 2011) (quoting *FTC v. Weyerhauser Co.*, 665 F.2d 1072, 1082 (D.C. Cir. 1981)). "Nonetheless, the court must 'exercise independent judgment' and 'take genuine account of the equities.'" *Id.* (quoting *Weyerhauser*, 665 F.2d at 1082). Here, upon a review of the record, the Undersigned finds that injunctive relief serves the public interest. Five of the Defendants do not dispute this, by nature of their stipulation to the preliminary injunction, and the sixth, Defendant Frye, fails to rebut the FTC's argument by nature of his failure to appear for the show cause hearing.

Finally, the Court may only issue a preliminary injunction when the adverse party has notice. *See* Fed. R. Civ. P. 65(a)(1). The Undersigned finds that all six Defendants have received proper notice. Five of the six Defendants appeared at the show cause hearing, thus demonstrating

proper notice and waiving any challenge to the issuance of the preliminary injunction. At the hearing, the FTC confirmed that the sixth, Defendant Frye, was served notice of the TRO, and the Undersigned also served notice of the hearing on Defendant Frye by email. Despite this, Defendant Frye failed to appear or file any response on the record. Accordingly, the Court may issue a preliminary injunction against all six Defendants.

### III. Recommendations

Based on the above, it is **RECOMMENDED** that that the Court issue a preliminary injunction enjoining all Defendants from the violations of the law alleged in the Complaint, continuing the freeze of their assets, continuing the receivership, and imposing such additional relief as may be appropriate pending a final ruling on the Complaint.

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 1st day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **U.S. District Judge Ursula Ungaro**;

**All Counsel of Record via CM/ECF**;

**Kaitlyn Scott**
649 Tupelo Lane

4

Longs, South Carolina 29568-8924
kaitlynscott50@yahoo.com
*PRO SE*

**Christopher Brandon Frye**
45156 W. Zion Road
Maricopa, Arizona 85139
info@brandonfrye.biz
*PRO SE*